# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| THE BEAUTIES AND THE BRANDS, LLC, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | |
| ) | Case No: 8:23-cv-821 |
| AICHA YODER; ) | |
| ) | |
| AND ) | |
| ) | |
| THE BLUSH BAR TAMPA, LLC. ) | |
| ) | |
| DEFENDANT. | |

## COMPLAINT
## DECLARATORY RELIEF REQUESTED
## PERMANENT INJUNCTIVE RELIEF REQUESTED

Plaintiff The Beauties and the Brands, LLC. ("Beauties and the Brands") brings this complaint against Aicha Yoder and The Blush Bar Tampa, LLC for (i) federal trademark infringement and false designation of origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, et seq.; (ii) trademark infringement and unfair competition under Florida common law; and (iii) a violation of the Florida Deceptive and Unfair Trade Practices Act, and Beauty and the Brands alleges as follows:

1

## PARTIES

1.     Beauties and the Brands is a Florida Limited Liability Corporation with its principal place of business at 13546 Wild Ginger St, Riverview, Florida, 33579.

2.     Beauties and the Brands is engaged in providing business advice, opportunities, and seminars to growing businesses in the community through organization and connection.

3.     The Beauties and the Brands, LLC was formed in January 2021.

4.     Terika Haynes is listed as the owner, manager, and authorized member of the company, as filed in January 2021.

5.     Beauties and the Brands does business using social media platforms under the handle <thebeautiesandthebrands>. An exemplary screen-capture of this social media handle is attached to this Complaint as Exhibit A.

## JURISDICTION AND VENUE

6.     This is an action for monetary, injunctive, and declaratory relief arising under the trademark laws of the United States, including the Lanham Act, 15 U.S.C.  § 1051 et seq. and Florida common law.

7.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121(a) because this action arises under the laws of the United States, and under Chapter 22 of 15 U.S.C. The Court can exercise supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367(a).

8.     The Court has personal jurisdiction over Defendant at least because Defendant is a Florida Limited Liability Company and has a principal place of business in this State.

9.     Defendant provides services in this District.

10.     Defendant targets advertising in this District.

11.     Defendant targets consumers in this District.

12.     Under 28 U.S.C. § 1391(d), Defendant has sufficient contacts in this District.

13.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this District under 28 U.S.C. § 1391(d), and a substantial part of the events or omissions alleged in this complaint occurred in this District.

14.     Venue is proper in this Division under Local Rule 1.04(a) and (b) because the county with which this action is most directly connected is Hillsborough County.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

15.     BEAUTIES AND THE BRANDS is a successful brand.

16.     For over four years, BEAUTIES AND THE BRANDS have successfully put on several community workshops for entrepreneurs.

17.     BEAUTIES AND THE BRANDS have engaged in longstanding marketing efforts which have been conducted primarily under the BEAUTIES AND THE BRANDS Mark.

18.     BEAUTIES AND THE BRANDS have routinely featured notable speakers at their workshops.

19.     BEAUTIES AND THE BRANDS also conducts seminars, workshops, and other educational programs geared towards teaching others to successfully start and operate businesses

20.     Through careful cultivation of its various products and services, BEAUTIES AND THE BRANDS has developed an outstanding reputation as an innovator in the field of business start- ups and strategy and has established an extremely loyal customer following.

## BEAUTIES AND THE BRANDS AND ITS INTELLECTUAL PROPERTY RIGHTS

21.     Beauties and the Brands provides services to business to aid in their growth - providing seminars, workshops, networking opportunities, and business advice.

22.     Beauties and the Brands owns the trademark and service mark used by itself.

23.     Beauties and the Brands promotes and sells its services under the trademark "BEAUTIES AND THE BRANDS" service trademark.

24.     Beauties and the Brands is the owner of the trademark rights in and to the Mark.

25.     Beauties and the Brands has used the trademark for providing business support and services continuously, since at least as early as January 2019.

26.     Since adopting the Mark, Beauties and the Brands has spent significant sums to advertise and promote their goods and services using the Mark.

27.     Beauties and the Brands marketing and promotion efforts include social media and magazines.

28.     The Mark is widely recognized by consumers as being associated with the high-quality business support services and events offered by Beauties and the Brands.

29.     Beauties and the Brands has achieved significant commercial success in connection with their use of the Mark.

30.     Through Beauties and the Brands' efforts, the Mark has become recognized as designators as the source of services (including without limitation business support and networking services) provided by BEAUTIES AND THE BRANDS.

31.     Through longstanding use of the Mark, BEAUTIES AND THE BRANDS has acquired valuable common law trademark rights in the Mark for a variety of services.

32.     In recognition of BEAUTIES AND THE BRANDS' exclusive rights to use the Mark in commerce in the United States, the United States Patent and Trademark Office has issued a federal trademark registration that comprise or include "The Beauties and the Brands."

33.     The federal trademark registrations owned by The Beauties and the Brands, LLC include:

| Mark | Reg. No. | Registration Date | Good/Services | Date of First Use |
|---|---|---|---|---|
| The Beauties and the Brands | 6618721 | 1/18/2022 | IC 41: Arranging and conducting of educational conferences in the field of building a brand; Conducting workshops and seminars in personal awareness; Conducting workshops and seminars in self awareness; Conducting educational exhibitions in the nature of workshops, webinars, and seminars in the field of building a brand; Educational services, namely, conducting seminars, lectures, teleseminars, teleclasses, and workshops in personal awareness; Special event planning for social entertainment purposes | 1/1/2019 |

A copy of the registration certificate for Registrations 6618721, are attached to this complaint as Exhibit B.

34.    The declaration required by 15 U.S.C. § 1065(3) for Registration No.  6618721 was filed with the United States Patent and Trademark Office on January 27, 2021, and accepted on January 27, 2022. Copies of the

notices of acceptance and acknowledgement are attached to this complaint as Exhibit C.

35.     The Mark is inherently distinctive as designators of the source of educational workshops, seminars, and conferences provided by Beauties and the Brands.

## INFRINGEMENT BY DEFENDANT

36.     The Blush Bar Tampa, LLC ("The Blush Bar") has been providing and promoting educational workshops, seminars, and conferences in Florida.

37.     On information and belief, The Blush Bar has been doing business as "BEAUTY AND THE BRAND."

38.     On social media, The Blush Bar uses "BEAUTY AND THE BRAND" to promote its services and events on flyers and social media captions.  See e.g., Exhibits  C–H.

39.     On its website, The Blush Bar promotes itself as "BEAUTY AND THE BRAND" See Exhibit I-J.

40.     The Blush Bar's promotional material is false and deceptive, at least because it belongs to Beauties and the Brands and is currently being used by BEAUTY AND THE BRANDS in advertisements. See Exhibit J.

41.     On information and belief, The Blush Bar has been providing and promoting business support services in the  same geographic location of, or in close geographic proximity to, the BEAUTIES AND THE BRANDS community.

42.     The Blush Bar has a logo on its social media promotions that further emphasizes the BEAUTIES AND THE BRANDS by presenting "BEAUTY AND THE BRAND" in large type in stylized form, further infringing Beauties and the Brands' federal, state, and common law rights in and to the Mark.

43.     The Blush Bar offers similar educational workshop and seminar services to the residents of BEAUTIES AND THE BRANDS community.

44.     On information and belief, prospective customers and fellow entrepreneurs have been misled by The Blush Bar's social media promotions with the belief that The Blush Bar's event is a BEAUTIES AND THE BRANDS event or affiliated with it.

45.     The Blush Bar is not affiliated with, sponsored by, or endorsed by BEAUTIES AND THE BRANDS.

46.     The Blush Bar does not have a license or other consent to use the Mark.

47. On information and belief, Defendant is aware of BEAUTIES AND THE BRANDS community.

48. On information and belief, Defendant was aware of BEAUTIES AND THE BRANDS' community prior to the use of the Mark.

49. At least because the only difference between "BEAUTIES AND THE BRANDS" and "BEAUTY AND THE BRAND" is a mere removal of the pluralization of an internal term. The services offered by Defendant in their "Beauty and the Brand" events are identical or closely related and in direct competition with the services provided by Plaintiff; the overlap of the customer base and channels of trade is substantial, if not complete; The Defendant uses the Mark in its advertising; and there is a likelihood of confusion between "BEAUTIES AND THE BRANDS" and "BEAUTY AND THE BRAND" in connection with workshops, seminars, and conferences.

50. Because of the similarities between "BEAUTY AND THE BRAND" and the Mark, the services offered by the Beauties and the Brands and The Blush Bar, and the customers and channels of trade of each, and The Blush Bar's use of a Mark on its social media and advertisement belonging to and currently used by Beauties and the Brands, consumers are

likely to be confused regarding the source of the goods and services offered by Beauties and the Brands.

51.     Defendant's actions, as BEAUTY AND THE BRAND, is likely to cause confusion, mistake, or deception as to the source of the BEAUTIES AND THE BRANDS' goods and services, and are likely to falsely suggest a sponsorship, connection, license, or association between The Blush Bar and the Beauties and the Brands, and/or will direct or have directed windfall profits to Defendant, as The Blush Bar, due to the confusion caused by its use of trademark similar to the Mark.

## BAD FAITH USE OF A CONFUSINGLY SIMILAR NAME

52.     The Blush Bar uses "BEAUTY AND THE BRAND" to promote its educational workshops, seminars, and individual coaching services.

53.     "BEAUTY AND THE BRAND" merely replaces "-ies" with "y" to "Beauty." The change is not significant enough to give new meaning or association to the term "Beauties."

54.     "BEAUTY AND THE BRAND" is confusingly similar to the Mark.

## DEFENDANT ACTED WILLFULLY AND INTENTIONALLY

55.     On information and belief, Defendant's owner(s) were aware of The Beauties and the Brands community and the Mark prior to selecting the name for promotion purposes.

56.     Prior to filing this complaint, Beauties and the Brands demanded that Aicha Yoder, as the owner of The Blush Bar, cease infringement of the Mark. Aicha Yoder agreed in 2021 to cease use of the Mark.

57.     At least because Ms. Yoder serves as CEO of The Blush Bar Tampa, LLC., Plaintiff provided notice of Plaintiff's ownership of the Mark and of Plaintiff's concerns regarding Defendant's use of "BEAUTY AND THE BRAND."

58.     Despite Plaintiff's demand, Defendant continued to use the Mark.

59.     Defendant's selection and use of "BEAUTY AND THE BRAND," on its social media platforms, were, and continue to be intentional and willful.

60.     At least because Defendant, as The Blush Bar, continued to use infringing marks and trade names, despite the Beauties and the Brands'

objections, and intentionally marketed to residents of the Beauties and the Brands community using infringing mark and trade names, Defendant's acts make this an exceptional case.

## DAMAGES CAUSED BY DEFENDANT

61.     Defendant's conduct, as The Blush Bar, has caused and, unless permanently enjoined, will continue to cause, irreparable injury to BEAUTIES AND THE BRANDS in the form of lost goodwill, diminished reputation, and loss of economic opportunity.

62.     The threatened continued injury to BEAUTIES AND THE BRANDS outweighs whatever damage the proposed injunction may cause Defendant, because Defendant has no legitimate interest in the continued use of trade name and mark confusingly similar to Beauties and the Brands' mark.

63.     The public interest will be furthered by the granting of a permanent injunction because trademark laws were designed to prevent consumer confusion.

64.     Beauties and the Brands has retained the law firm of The Stokes Law Group to enforce its rights in this matter, and it has agreed to pay said firm a reasonable attorneys' fee for their services herein.

## COUNT I

## TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114(1)

65.     Beauties and the Brands repeats and realleges the allegations set forth in Paragraphs 1 through 64 above as if fully set forth herein.

66.     Beauties and the Brands is the senior user of the BEAUTIES AND THE BRANDS Mark as it began use of the mark in interstate commerce prior to Defendant's first use of the confusingly similar BEAUTY AND THE BRAND mark.

67.     On information and belief, Defendant, as The Blush Bar, has reproduced, copied, or imitated the Beauties and the Brands' federally registered trademark the BEAUTIES AND THE BRANDS by selling, offering for sale, and advertising its goods services under "BEAUTY AND THE BRAND," adopting and using the trade name BEAUTY AND THE BRAND on its social media platforms.

68.     Defendant do not have authorization, license, or permission from the BEAUTIES AND THE BRANDS to market and sell their products and services under the BEAUTY AND THE BRAND mark, which is

confusingly similar to the BEAUTIES AND THE BRANDS Mark, and which is used by Defendant with products and services that are identical and/or closely related to the particular products and services associated with the BEAUTIES AND THE BRANDS Mark.

69.     Defendant was aware of the BEAUTIES AND THE BRANDS Mark, as Defendant was on constructive notice based on Beauties and the Brands federal registration, as well as on actual notice based on BEAUTIES AND THE BRANDS numerous communications with Defendant about this matter. Yet, Defendant continued to use their BEAUTY AND THE BRAND mark. Thus, Defendant's unauthorized use of the confusingly similar BEAUTY AND THE BRAND mark was and is knowing, intentional, and willful.

70.     On information and belief, Defendant's use of BEAUTY AND THE BRAND in connection with the sale and promotion of educational conferences, workshops, and BEAUTIES AND THE BRANDS services is likely to cause confusion, mistake, or deception of the public as to the origin, sponsorship, or approval of these services.

71.     On information and belief, as The Blush Bar, Defendant's intentional and deliberate actions, constitute willful infringement of

BEAUTIES AND THE BRANDS' federally registered trademark, particularly considering that Defendant as The Blush Bar, is aware of the likelihood of confusion and has refused to cease infringement upon demand.

72.     On information and belief, as The Blush Bar, Defendant's intentional and deliberate actions, including continuing use of its mark despite its knowledge of BEAUTIES AND THE BRANDS' mark and its efforts to market directly to residents of Beauties and the Brands community using its infringing mark after being made aware of its infringements make this an exceptional case.

73.     On information and belief, by reason of Defendant's conduct as The Blush Bar, BEAUTIES AND THE BRANDS has been damaged.

74.     Defendant's actions therefore constitute trademark infringement.

75.     Unless an injunction is issued enjoining any continuing or future use of the confusingly similar BEAUTY AND THE BRAND mark by Defendant, such continuing or future use is likely to continue to cause confusion, mistake, or deception as to source, origin, affiliation, or

sponsorship, and will thereby irreparably harm THE BEAUTIES AND THE BRANDS.

76.     Defendant's activities have caused and will continue to cause irreparable harm to THE BEAUTIES AND THE BRANDS, for which it has no adequate remedy at law, because: (i) the BEAUTIES AND THE BRANDS Mark comprise unique and valuable property rights that have no readily determinable market value; (ii) Defendant's infringement constitutes interference with THE BEAUTIES AND THE BRANDS' goodwill and customer relationships and is harming and will continue to substantially harm THE BEAUTIES AND THE BRANDS's reputation as a source of high-quality goods and services; and (iii) Defendant's wrongful conduct, and the damages resulting to THE BEAUTIES AND THE BRANDS, are continuing. Accordingly, THE BEAUTIES AND THE BRANDS is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

77.     On information and belief, Defendant's conduct, as The Blush Bar, has enabled it to earn profits to which it is not in law, equity, or good conscience entitled, and which have unjustly enriched it, all to Defendant's profit and BEAUTIES AND THE BRANDS' detriment.

80.     Pursuant to 15 U.S.C. §1117(a), THE BEAUTIES AND THE BRANDS is entitled to an order: (i) requiring Defendant to account to THE BEAUTIES AND THE BRANDS for any and all profits derived from their infringing actions, to be increased in accordance with the applicable provisions of law; and (ii) awarding all damages sustained by THE BEAUTIES AND THE BRANDS that were caused by Defendant's conduct.

81.     Defendant's conduct was and is intentional and without foundation in law, and, pursuant to 15 U.S.C. § 1117(a), THE BEAUTIES AND THE BRANDS is therefore entitled to an award of treble damages against Defendant.

82.     Defendant's acts make this an exceptional case under 15 U.S.C. § 1117(a); thus THE BEAUTIES AND THE BRANDS is entitled to an award of attorneys' fees and costs.

83.     By reason of the irrevocable harm done to BEAUTIES AND THE BRANDS by the use of an infringing mark, BEAUTIES AND THE BRANDS is entitled to injunctive relief preventing further use of "BEAUTIES AND THE BRANDS" or "BEAUTY AND THE BRANDS" in any trademark, service mark, trade name, domain name, or social media account used by The Blush Bar.

84.     BEAUTIES AND THE BRANDS is entitled to a declaration declaring that Defendant's use of that trademark and trade name infringes Beauties and the Brands' trademark rights.

**COUNT II**

**FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING 15 U.S.C. § 1125**

85.     Beauties and the Brands repeats and realleges the allegations set forth in Paragraphs 1 through 84 above as if fully set forth herein.

86.     THE BEAUTIES AND THE BRANDS is the senior user of the BEAUTIES AND THE BRANDS Mark as it began use of the mark in interstate commerce prior to Defendant's first use of the confusingly similar BEAUTY AND THE BRAND mark.

87.     On information and belief, Defendant's actions, as The Blush Bar, in adopting trademarks and trade names that are confusingly similar to the Mark is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Beauties and the Brands' services and thus constitute false designation of origin in violation of 15 U.S.C. § 1125(a)(l)(A).

88.    Defendant was aware of the BEAUTIES AND THE BRANDS Mark, because Defendant was on constructive notice based on THE BEAUTIES AND THE BRANDS's federal registrations, as well as on actual notice based on THE BEAUTIES AND THE BRANDS's numerous communications with Defendant about this matter. Yet, Defendant continued to use their BEAUTY AND THE BRAND mark. Thus, Defendant's unauthorized use of the confusingly similar BEAUTY AND THE BRAND mark was and is knowing, intentional, and willful.

89.    On information and belief, Defendant's use of Beauty and the Brand in its advertising on its social media also constitutes false and misleading advertising by misrepresenting the nature, characteristics, and/or qualities of its services, in violation of 15 U.S.C. § 1125 (a)(l)(B) at least because The Blush Bar is not associated with, or endorsed by, Beauties and the Brands.

90.    Through their use of the confusingly similar BEAUTY AND THE BRAND mark, Defendant intended to, and did in fact, confuse and mislead consumers into believing, and misrepresented and created the false impression, that THE BEAUTIES AND THE BRANDS somehow authorized, originated, sponsored, approved, licensed, or participated in

Defendant's use of the confusingly similar BEAUTY AND THE BRAND mark.

91.     In fact, there is no connection, association, or licensing relationship between THE BEAUTIES AND THE BRANDS and Defendant, nor has THE BEAUTIES AND THE BRANDS ever authorized, licensed, or given permission to Defendant to use the confusingly similar BEAUTY AND THE BRAND mark in any manner.

92.     Defendant's use of the confusingly similar BEAUTY AND THE BRAND mark will likely cause confusion as to the origin and authenticity of Defendant's website, and related goods and services, and will likely cause others to believe that there is a relationship between Defendant and BEAUTIES AND THE BRANDS when there is, in fact, not.

93.     On information and belief, by reason of Defendant's false designation, and false and misleading advertising, as The Blush Bar, BEAUTIES AND THE BRANDS has been damaged.

94.     As a direct and proximate result of Defendant's wrongful conduct, THE BEAUTIES AND THE BRANDS has been and will continue to be damaged.

95.     Defendant's actions thus constitute false designation of origin and unfair competition.

96.     Defendant's activities have caused, and will continue to cause, irreparable harm to BEAUTIES AND THE BRANDS, for which it has no adequate remedy at law, in that: (i) the BEAUTIES AND THE BRANDS Mark comprise unique and valuable property rights that have no readily determinable market value; (ii) Defendant's infringement constitutes interference with BEAUTIES AND THE BRANDS's goodwill and customer relationships and will substantially harm BEAUTIES AND THE BRANDS's reputation as a source of high-quality goods and services; and (iii) Defendant's wrongful conduct, and the damages resulting to BEAUTIES AND THE BRANDS, are continuing. Accordingly, BEAUTIES AND THE BRANDS is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

97.     On information and belief, Defendant's false designation, and false and misleading advertising, as The Blush Bar, have enabled it to earn profits to which it is not in law, equity or good conscience entitled, and which have unjustly enriched it, all to Defendant's profit and Beauties and the Brands' detriment.

98.     On information and belief, by reason of Defendant's willful actions as BEAUTY AND THE BRAND, the BEAUTIES AND THE BRANDS is entitled to enhanced damages as permitted under statute.

99.     By reason of the exceptional nature of this case, BEAUTIES AND THE BRANDS is entitled to recover its reasonable attorneys' fees in this matter.

100.    On information and belief, by reason of the irrevocable harm done to BEAUTIES AND THE BRANDS as a result of Defendant's false designation, and false and misleading advertising as The Blush Bar, Beauties and the Brands is entitled to injunctive relief preventing further use of BEAUTIES AND THE BRANDS or BEAUTY AND THE BRANDS in advertising  done by Defendant.

101.    Defendant's activities have caused, and will continue to cause, irreparable harm to THE BEAUTIES AND THE BRANDS, for which it has no adequate remedy at law, in that: (i) the BEAUTIES AND THE BRANDS Mark comprise unique and valuable property rights that have no readily determinable market value; (ii) Defendant's infringement constitutes interference with THE BEAUTIES AND THE BRANDS' goodwill and customer relationships and will substantially harm THE BEAUTIES AND

THE BRANDS's reputation as a source of high-quality goods and services; and (iii) Defendant's wrongful conduct, and the damages resulting to THE BEAUTIES AND THE BRANDS, are continuing. Accordingly, THE BEAUTIES AND THE BRANDS is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

102.   Pursuant to 15 U.S.C. §1117(a), THE BEAUTIES AND THE BRANDS is entitled to an order: (i) requiring Defendant to account to THE BEAUTIES AND THE BRANDS for any and all profits derived from their actions, to be increased in accordance with the applicable provisions of law; and (ii) awarding all damages sustained by THE BEAUTIES AND THE BRANDS that were caused by Defendant's conduct.

103.   Defendant's conduct was and is intentional and without foundation in law, and pursuant to 15 U.S.C. § 1117(a), THE BEAUTIES AND THE BRANDS is therefore entitled to an award of treble damages against Defendant.

104.   Defendant's acts make this an exceptional case under 15 U.S.C. § 1117(a); thus, THE BEAUTIES AND THE BRANDS is entitled to an award of attorneys' fees and costs.

# COUNT III

## FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

## AND UNFAIR COMPETITION

105.   Beauties and the Brands repeats and realleges the allegations set forth in Paragraphs 1 through 104 above as if fully set forth herein.

106.   Beauties and the Brands has valid and protectable common law rights in the Beauties and the Brand Mark.

107.   Beauties and the Brands is the senior user of the BEAUTIES AND THE BRAND Mark.

108.   BEAUTIES AND THE BRANDS has expended significant time and expense in developing the BEAUTIES AND THE BRANDS Mark and the high-quality services it markets and sells under the mark. The BEAUTIES AND THE BRANDS Mark have been very successful and have developed a substantial reputation and goodwill in the marketplace.

109.   Defendant's use of the confusingly similar BEAUTY AND THE BRAND mark on unauthorized goods and services is likely to cause confusion as to the origin of Defendant's goods and services and is likely to cause others to believe that there is a relationship between Defendant and BEAUTIES AND THE BRANDS.

110. Defendant's wrongful acts have permitted and will permit them to receive substantial profits based upon the strength of BEAUTIES AND THE BRANDS' reputation and the substantial goodwill it has built up in the BEAUTIES AND THE BRANDS Mark.

111. Through their wrongful conduct, Defendant has misappropriated BEAUTIES AND THE BRANDS' efforts and are exploiting the BEAUTIES AND THE BRANDS Mark and BEAUTIES AND THE BRANDS' reputation to market and sell their services under the BEAUTY AND THE BRAND mark. These actions constitute unfair competition.

112. On information and belief, Defendant, as The Blush Bar, has infringed Beauties and the Brands' common law rights in the Mark by selling, offering for sale, and advertising services under the trade name "The Beauty and the Brands," on its social media platforms.

113. On information and belief, Defendant's uses of The Beauty and the Brands in promotion of Defendant's goods and services, as The Blush Bar, are likely to confuse consumers who understand The Beauty and the Brands to be an indication of the source of goods and services manufactured, offered, provided or endorsed by Beauties and the Brands.

114.   On information and belief, Defendant's conduct, as The Blush Bar, constitutes common law trademark infringement, misappropriation of Beauties and the Brands' goodwill, and unfair competition under the common law of Florida, by reason of which Beauties and the Brands has suffered and will continue to  suffer irreparable injury.

115.   As a direct and proximate result of Defendant's wrongful conduct, BEAUTIES AND THE BRANDS has been and will continue to be damaged.

116.   Unless an injunction is issued enjoining any continuing or future use of the BEAUTY AND THE BRAND mark by Defendant, such continuing or future use is likely to continue to cause confusion and thereby irreparably damage BEAUTIES AND THE BRANDS. BEAUTIES AND THE BRANDS has no adequate remedy at law. Accordingly, BEAUTIES AND THE BRANDS is entitled to an injunction.

117.   Defendant has acted willfully, intentionally and maliciously, such that BEAUTIES AND THE BRANDS is entitled to punitive damages.

# COUNT IV

## Federal Unfair Competition/False Designation of Origin – 15 U.S.C. § 1125(a)

118.    Beauties and the Brands repeats and realleges the allegations set forth in Paragraphs 1 through 117 above as if fully set forth herein.

119.    The BEAUTIES AND THE BRANDS Mark are strong and distinctive and designate BEAUTIES AND THE BRANDS as the source of all goods and services advertised, marketed, sold, or used in connection with the mark.

120.    Beauties and the Brands is the senior user of the BEAUTIES AND THE BRANDS Mark as it began use of the mark in interstate commerce prior to Defendant's first use of the confusingly similar Beauty and the Brand mark.

121.    Defendant was aware of the BEAUTIES AND THE BRANDS Mark because Defendant was on constructive notice based on Beauties and the Brands federal registration, as well as on actual notice based on Beauties and the Brands numerous communications with Defendant about this matter. Yet, Defendant continued to use their BEAUTY AND THE BRAND mark. Thus, Defendant's unauthorized use of the confusingly

similar BEAUTIES AND THE BRANDS mark was and is knowing intentional, and willful.

122. Through their use of the confusingly similar BEAUTIES AND THE BRANDS mark, Defendant intended to, and did in fact, confuse and mislead consumers into believing, and misrepresented and created the false impression, that Beauties and the Brands somehow authorized, originated, sponsored, approved, licensed, or participated in Defendant's use of the confusingly similar BEAUTY AND THE BRAND mark.

123. In fact, there is no connection, association, or licensing relationship between Beauties and the Brands and Defendant, nor has Beauties and the Brands ever authorized, licensed, or given permission to Defendant to use the confusingly similar BEAUTY AND THE BRAND mark in any manner.

124. Defendant's use of the confusingly similar BEAUTY AND THE BRAND mark will likely cause confusion as to the origin and authenticity of Defendant's website, and related goods and services, and will likely cause others to believe that there is a relationship between Defendant and Beauties and the Brands when there is, in fact, not.

125.    As a direct and proximate result of Defendant's wrongful conduct, Beauties and the Brands has been and will continue to be damaged.

126.    Defendant's actions thus constitute false designation of origin and unfair competition.

127.    Defendant's activities have caused, and will continue to cause, irreparable harm to Beauties and the Brands, for which it has no adequate remedy at law, in that: (i) the BEAUTIES AND THE BRANDS Mark comprise unique and valuable property rights that have no readily determinable market value; (ii) Defendant's infringement constitutes interference with Beauties and the Brands goodwill and customer relationships and will substantially harm Beauties and the Brands reputation as a source of high-quality goods and services; and (iii) Defendant's wrongful conduct, and the damages resulting to Beauties and the Brands, are continuing. Accordingly, Beauties and the Brands is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

128.    Pursuant to 15 U.S.C. §1117(a), Beauties and the Brands is entitled to an order: (i) requiring Defendant to account to BEAUTIES AND THE BRANDS for any and all profits derived from their actions, to be

increased in accordance with the applicable provisions of law; and (ii) awarding all damages sustained by BEAUTIES AND THE BRANDS that were caused by Defendant's conduct.

129. Defendant's conduct was and is intentional and without foundation in law, and pursuant to 15 U.S.C. § 1117(a), BEAUTIES AND THE BRANDS is therefore entitled to an award of treble damages against Defendant.

130. Defendant's acts make this an exceptional case under 15 U.S.C. § 1117(a); thus, BEAUTIES AND THE BRANDS is entitled to an award of attorneys' fees and costs.

## COUNT V

## Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.201 et seq.)

131. BEAUTIES AND THE BRANDS incorporates by reference the factual allegations set forth above in paragraphs 1-102.

132. Defendant has engaged in the conduct of trade and commerce in the State of Florida.

133. As described above, Defendant has violated the Florida Deceptive and Unfair Trade Practices Act by engaging in unfair methods of

competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices in the conduct of any trade or commerce.

134.   Defendant's use of the confusingly similar BEAUTY AND THE BRAND mark on unauthorized goods and services is likely to cause confusion as to the origin of Defendant's goods and services and is likely to cause others to believe that there is a relationship between Defendant and BEAUTIES AND THE BRANDS.

135.   Defendant's wrongful acts have permitted and will permit them to receive substantial profits based upon the strength of BEAUTIES AND THE BRANDS' reputation and the substantial goodwill it has built up in the BEAUTIES AND THE BRANDS Mark.

136.   As a direct and proximate result of Defendant's wrongful conduct, BEAUTIES AND THE BRANDS has been and will continue to be damaged.

137.   Unless an injunction is issued enjoining any continuing or future use of the BEAUTY AND THE BRAND mark by Defendant, such continuing or future use is likely to continue to cause confusion and thereby irreparably damage BEAUTIES AND THE BRANDS. BEAUTIES

AND THE BRANDS has no adequate remedy at law. Accordingly,

BEAUTIES AND THE BRANDS is entitled to an injunction.

138. BEAUTIES AND THE BRANDS is entitled to recover its

reasonable attorneys' fees and costs pursuant to Fla. Stats. § 501.211 and §

501.2105.

## **PRAYER**

WHEREFORE, Beauties and the Brands requests the Court grant the

following relief:

A. An injunction ordering Defendant, and their officers, directors,

members, agents, servants, employees, and attorneys, and all other persons

acting in concert or participating with them (collectively, the "Enjoined

Parties"), who receive actual notice of the injunction order by personal or

other service, to:

      i.    cease all use and never use the BEAUTY AND THE

            BRAND mark, the BEAUTIES AND THE BRAND Mark,

            or any other mark likely to cause confusion with the

            BEAUTIES AND THE BRAND mark, including any

            misspelling or variation of the BEAUTIES AND THE

            BRAND mark, in, on, or with any products or services, or

in connection with the, advertising, marketing, or other promotion, distribution, offering for sale, or sale, of any products or services, including on the Social Media Accounts;

ii.    never use any false designation of origin, false representation, or any false or misleading description of fact, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any products or services produced, offered, promoted, marketed, advertised, provided, sold or otherwise distributed by the Enjoined Parties is in any manner associated or connected with BEAUTIES AND THE BRANDS, or are licensed, approved, or authorized in any way by BEAUTIES AND THE BRANDS;

iii.    never represent, suggest in any fashion to any third party, or perform any act that may give rise to the belief, that the Enjoined Parties, or any of their products or services, are related to, or authorized or sponsored by, BEAUTIES AND THE BRANDS;

iv.     never register any domain name that contains any of the BEAUTIES AND THE BRAND Mark or any misspelling or variation of the mark, or any domain name confusingly similar to any of the BEAUTIES AND THE BRAND Mark;

v.     transfer to BEAUTIES AND THE BRANDS all domain names in the Enjoined Parties' possession, custody, or control that include the words "BEAUTY" or "BRANDS" or any misspelling or variation thereof, are otherwise confusingly similar to or contain any of the BEAUTIES AND THE BRAND mark, or were used in connection with the BEAUTY AND THE BRAND mark

vi.     cease all use of the Social Media Accounts and any similar accounts or social media websites, and never register or attempt to register any social media account that contains the BEAUTY AND THE BRAND mark, any of the BEAUTIES AND THE BRAND Mark, or any misspelling or variation of the mark, or any other social media account confusingly similar to any of the BEAUTIES AND THE BRAND Mark;

vii.    transfer to BEAUTIES AND THE BRANDS, disable, or delete the Social Media Accounts that were used to promote the BEAUTY AND THE BRAND mark, including all such accounts in Defendants' possession, custody, or control that include the word "entrepreneur" or any misspelling or variation thereof, or are otherwise confusingly similar to or contain any of the BEAUTIES AND THE BRAND mark;

viii.    never unfairly compete with BEAUTIES AND THE BRANDS in any manner whatsoever, or engage in any unfair, fraudulent, or deceptive business practices that relate in any way to the production, distribution, marketing, and/or sale of products and services bearing any of the BEAUTIES AND THE BRAND mark or any other mark likely to cause confusion with the BEAUTIES AND THE BRAND Mark, including any misspelling or variation of the mark; and

ix.    never apply for or seek to register the BEAUTY AND THE BRAND mark, any of the BEAUTIES AND THE

BRAND mark, or any other mark likely to cause confusion with the BEAUTIES AND THE BRAND mark, including any misspelling or variation of the mark.

B.    An order, pursuant to 15 U.S.C. § 1118, requiring the Enjoined Parties to deliver and destroy within thirty days all prints, advertising, packaging, goods, and other materials bearing the BEAUTY AND THE BRAND mark.

C.    An order pursuant to 15 U.S.C. § 1116(a), directing the Enjoined Parties to file with the Court and serve upon BEAUTIES AND THE BRANDS' counsel, within thirty (30) days after service of the order of injunction, a report in writing under oath setting forth in detail the manner and form in which the Enjoined Parties have complied with the injunction.

D.    To give practical effect to the Court's injunction, an order that the social networking service or entity (e.g., Facebook) related to any of the social media accounts subject to this Order shall, within fourteen (14) days of receipt of the Order, transfer, disable, or otherwise cancel those subject accounts at BEAUTIES AND THE BRANDS' request if the Enjoined Parties have not already done so.

E.     To give practical effect to the Court's injunction, an order that the Registry or Registrar for any of the foregoing domain names shall, within fourteen (14) days of receipt of the Order, transfer or otherwise assign those subject domain names to BEAUTIES AND THE BRANDS if the Enjoined Parties have not already done so.

F.     An order finding that, by the acts complained of above, Defendant has infringed BEAUTIES AND THE BRANDS' federally-registered trademark in violation of 15 U.S.C. § 1114.

G.     An order finding that, by the acts complained of above, Defendant has created a false designation of origin and false representation of association in violation of 15 U.S.C. § 1125(a).

H.     An order finding that, by the acts complained of above, Defendants have violated the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 et seq.

I.     An order finding that, by the acts complained of above, Defendant has engaged in common law unfair competition and trademark infringement.

J.     An order awarding BEAUTIES AND THE BRANDS damages as follows:

i. Pursuant to 15 U.S.C. § 1117(a), BEAUTIES AND THE BRANDS' actual damages, as well as all of Defendants' profits or gains of any kind from their acts of trademark infringement, false designation of origin, and unfair competition, including a trebling of those damages; and

ii. Punitive damages pursuant to Florida common law.

K. An order pursuant to 15 U.S.C. § 1117(a), finding that this is an exceptional case and awarding BEAUTIES AND THE BRANDS its reasonable attorneys' fees.

L. An order pursuant to Fla. Stat. § 501.2105, awarding BEAUTIES AND THE BRANDS its reasonable attorneys' fees and costs.

M. An order pursuant to 15 U.S.C. § 1117(a), awarding BEAUTIES AND THE BRANDS all of its costs, disbursements, and other expenses incurred due to Defendants' unlawful conduct.

N. An order awarding BEAUTIES AND THE BRANDS pre-judgment interest.

O. An order awarding BEAUTIES AND THE BRANDS such other relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 15TH day of April, 2023

Respectfully submitted by:

STOKES LAW GROUP, PLLC

/s/Shaunette Stokes
Shaunette Stokes, Esq.
Florida Bar No. 109278
10150 Highland Manor Drive, Suite 200
Tampa, Florida 33610
(813) 444-4156 -Office
(813) 702-1976 - Facsimile
shaunette@stokeslegalcounsel.com
Attorney for Plaintiff