## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

THE BEAUTIES AND                      CASE NO. 8:23-cv-00821
THE BRANDS, LLC,

Plaintiff,

vs.

AICHA YODER, and

THE BLUSH BAR TAMPA, LCC,

Defendants.

_____/

### DEFENDANT AICHA YODER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT, AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AICHA YODER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT

Defendant, AICHA YODER ("Defendant Yoder"), by and through her respective undersigned counsel, hereby moves this Honorable Court to dismiss the Complaint Declaratory Relief Requested Permanent Injunctive Relief Requested filed against her by Plaintiff in the instant action on April 14, 2023 (the "Complaint") [Doc. #2] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, and in support thereof, Defendant Yoder states the following:

1.  The Complaint named Defendant Yoder as a defendant in the above referenced action.

2.  However, the Complaint also named both The Blush Bar Tampa, LLC ("Defendant Blush Bar"), and Defendant Yoder as one "Defendant" when either: (a) the Complaint should have named two separate Defendants; or (b) the Complaint should not have named Defendant Yoder as a defendant.

3.  In paragraph 8 of the Complaint, Plaintiff alleges Defendant "is a Florida Limited Liability Company and has a principal place of business in this State." [Doc. #22 at ¶8].

4.  Defendant Yoder is an individual.

5.  Defendant Yoder is not a Florida Limited Liability Company.

6.  In paragraph 13 of the Complaint, Plaintiff alleges Defendant resides in the Middle District of Florida pursuant to 28 USC §1391(d). [Doc. #22 at ¶13].

7.  28 USC §1391(d) governs venue for businesses.

8.  Defendant Yoder is not a business.

9.  Defendant Yoder does not reside in the Middle District of Florida by virtue of 28 USC §1391(d).

10. The Complaint identifies, mentions, or alludes to Defendant Yoder in only two paragraphs of the entire Complaint – in paragraphs 56 and 57. [Doc. #22].

11. None of the five claims asserted against Defendant seem to be asserted against Defendant Yoder.

12. The Complaint includes a prayer for relief. [Doc. #22 at pg. 33-39].

13. The prayer for relief asks for relief against Defendant Blush Bar, not against Defendant Yoder.

14. The Complaint is completely devoid of any allegations Defendant Yoder, as an individual, personally engaged in any misconduct entitling Plaintiff to any relief against Defendant Yoder.

15. There are five causes of action asserted against Defendant.

16. Count I is alleged in paragraphs 65-84.

17. In paragraph 85 of Count II, Plaintiff repeats and realleges all of the allegations in Count I.

18. Count II is alleged in paragraphs 85-104.

19. In paragraph 105 of Count III, Plaintiff repeats and realleges all of the allegations in Counts I and II.

20. Count III is alleged in paragraphs 105-117.

21. In paragraph 118 of Count IV, Plaintiff repeats and realleges all of the allegations in Counts I, II, and III.

22. In paragraph 131 of Count V, Plaintiff repeats and realleges all of the allegations in Counts I and most of the allegations in Count II.

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

### I.      Plaintiff failed to state a claim against Defendant Yoder.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a "pleading that states a claim for relief must contain" both "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought…". Fed. R. Civ. P. 8(a). These pleadings rules must be followed for each defendant; if there are two or more defendants, then the plaintiff must include a statement showing why the plaintiff is entitled to relief against each defendant, and the plaintiff must include a demand for relief sought against each defendant. E.g., Bright v. City of Tampa, Case No. 8:20-cv-1131-CEH-JSS, 2022 WL 1210870 at *6 (M.D. Fla. April 25, 2022); Nunez v. Leavins, Case No. 4:21-cv-101-AW/MJF, 2022 WL 1005076 at *4 (N.D. Fla. March 4, 2022) (quoting Fed. R. Civ. P. 8(a)(2)); Thomas-Joseph v. United States of America Administrations, Case No. 2:19-cv-765-FtM-29MRM, 2019 WL 13155795, at *3 (M.D. Fla. Dec. 3, 2019); Embree v. Wyndham Worldwide Corporation, 779 Fed. Appx. 658, 664 (11th Cir. 2019).

The Complaint failed to state a claim for relief against Defendant Yoder. Plaintiff failed to include a statement sufficiently explaining why Plaintiff was entitled to any relief against Defendant Yoder, individually, and Plaintiff failed to include a demand for any relief sought against Defendant Yoder, individually. Consequently, the Complaint against Defendant Yoder must be dismissed.

## II.   Alternatively, the Complaint is a shotgun pleading which must be dismissed.

"A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the grounds that the complaint provides it with insufficient notice to enable it to file an answer." Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126-27 (11th Cir. 2014) (footnotes omitted). The courts have "identified four rough types or categories of shotgun pleadings. The most common type—by a long shot— is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015). "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1323. "The

unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendant adequate notice of the claims against them and the grounds upon which each claim rests." Id.

The Complaint must be dismissed because it is a shotgun pleading. The Complaint is a shotgun pleading for two reasons. First, the Complaint is a shotgun pleading because: (1) Count IV adopts all of the allegations in Counts III, II, and I; (2) Count III adopts all of the allegations in Counts II and I; and (3) Count II adopts all of the allegations in I. The Complaint therefore contains multiple counts where each count adopts the allegations of all preceding counts. Second, the Complaint is a shotgun pleading because it asserted all claims against both Defendant Blush Bar and Defendant Yoder without specifying which Defendant is responsible for which act or omission.

WHEREFORE, Defendant, AICHA YODER, moves this Court for the entry of an Order dismissing the Complaint against Defendant Yoder, or, alternatively, for the entry of an Order directing Plaintiff to amend the Complaint and provide a more definite statement, and for such other and further relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted May 25, 2023.

COLEMAN LITIGATION PA

**_/s/ Joseph M. Coleman_**
Joseph M. Coleman, Esq.
Florida Bar No. 119110
4851 Tamiami Trail N. Ste. 200
Naples, Florida 34103
jcoleman@colemanlit.com
admin@colemanlit.com
(239) 887-9325
*Co-Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 25, 2023, I electronically filed the attached document with the Clerk of Court using the Court's CM/ECF system, which will send a notification of electronic filing to all counsel of record.

COLEMAN LITIGATION PA

***<u>/s/ Joseph M. Coleman</u>***
Joseph M. Coleman, Esq.
Florida Bar No. 119110
4851 Tamiami Trail N. Ste. 200
Naples, Florida 34103
jcoleman@colemanlit.com
admin@colemanlit.com
(239) 887-9325
*Co-Counsel for Defendants*