## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

THE BEAUTIES AND                              CASE NO. 8:23-cv-00821
THE BRANDS, LLC,

Plaintiff,

vs.

AICHA YODER, and

THE BLUSH BAR TAMPA, LCC,

Defendants.

_____/

### DEFENDANT THE BLUSH BAR TAMPA, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT, AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE BLUSH BAR TAMPA, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT

Defendant, THE BLUSH BAR TAMPA, LLC ("Defendant Blush Bar"), by and through its respective undersigned counsel, hereby moves this Honorable Court to dismiss the Complaint Declaratory Relief Requested Permanent Injunctive Relief Requested filed against it by Plaintiff in the instant action on April 14, 2023 (the "Complaint") [Doc. #2] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, and in support thereof, Defendant Blush Bar states the following:

1. The Complaint named Defendant Blush Bar as a defendant in the above referenced action.

2. However, the Complaint also named both Defendant, Aicha Yoder ("Defendant Yoder") and Defendant Blush Bar as one "Defendant" when the Complaint should have named two separate Defendants.

3. There are five causes of action seemingly asserted against Defendant Blush Bar.

4. Count I is alleged in paragraphs 65-84.

5. In paragraph 85 of Count II, Plaintiff repeats and realleges all of the allegations in Count I.

6. Count II is alleged in paragraphs 85-104.

7. In paragraph 105 of Count III, Plaintiff repeats and realleges all of the allegations in Counts I and II.

8. Count III is alleged in paragraphs 105-117.

9. In paragraph 118 of Count IV, Plaintiff repeats and realleges all of the allegations in Counts I, II, and III.

10. In paragraph 131 of Count V, Plaintiff repeats and realleges all of the allegations in Counts I and most of the allegations in Count II.

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

The Complaint is a shotgun pleading which must be dismissed. "A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the grounds that the complaint provides it with insufficient notice to enable it to file an answer." Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126-27 (11th Cir. 2014) (footnotes omitted). The courts have "identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015). "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1323. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendant adequate notice of the claims against them and the grounds upon which each claim rests." Id.

The Complaint must be dismissed because it is a shotgun pleading. The Complaint is a shotgun pleading for two reasons. First, the Complaint is a shotgun

pleading because: (1) Count IV adopts all of the allegations in Counts III, II, and I; (2) Count III adopts all of the allegations in Counts II and I; and (3) Count II adopts all of the allegations in I. The Complaint therefore contains multiple counts where each count adopts the allegations of all preceding counts.

Second, the Complaint is a shotgun pleading because it asserted all claims against both Defendant Blush Bar and Defendant Yoder without specifying which Defendant is responsible for which act or omission.

WHEREFORE, Defendant, THE BLUSH BAR TAMPA, LLC, moves this Court for the entry of an Order dismissing the Complaint against Defendant Blush Bar, or, alternatively, for the entry of an Order directing Plaintiff to amend the Complaint and provide a more definite statement, and for such other and further relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted May 25, 2023.

COLEMAN LITIGATION PA

*/s/ Joseph M. Coleman*
Joseph M. Coleman, Esq.
Florida Bar No. 119110
4851 Tamiami Trail N. Ste. 200
Naples, Florida 34103
jcoleman@colemanlit.com
admin@colemanlit.com
(239) 887-9325
*Co-Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 25, 2023, I electronically filed the attached

document with the Clerk of Court using the Court's CM/ECF system, which will

send a notification of electronic filing to all counsel of record.

COLEMAN LITIGATION PA

***/s/ Joseph M. Coleman***
Joseph M. Coleman, Esq.
Florida Bar No. 119110
4851 Tamiami Trail N. Ste. 200
Naples, Florida 34103
jcoleman@colemanlit.com
admin@colemanlit.com
(239) 887-9325
*Co-Counsel for Defendants*