UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| THE BEAUTIES AND<br>THE BRANDS, LLC, | CASE NO. 8:23-cv-00821 |
| Plaintiffs, | |
| vs. | |
| AICHA YODER and | |
| THE BLUSH BAR TAMPA, LLC, | |
| Defendants. | |
| _____/ | |

**DEFENDANTS' MOTION TO SET ASIDE CLERK'S DEFAULTS AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO SET ASIDE CLERK'S DEFAULTS**

Defendants, AICHA YODER and THE BLUSH BAR TAMPA, LLC (collectively referred to as the "Defendants"), by and through their respective undersigned counsel, pursuant to and in accordance with Rule 55(c) of the Federal Rules of Civil Procedure, hereby move this Honorable Court to set aside the Clerk's Defaults issued against Defendants today, on May 25, 2023, and in support thereof state as follows:

1. On May 11, 2023, the Court rendered the Order granting Defendants' Amended Motion to respond to the Complaint (the "Order") [Doc. #15].

2. Pursuant to the Order, Defendants had until Wednesday, May 24, 2023, to respond to the Complaint.

3. On May 17, 2023, the undersigned filed his Notice of Appearance as Co-Counsel and Notice of Designation of E-Mail Services Addresses (the "Notice of Appearance") [Doc. #16].

4. Due to an internal administrative oversight, Defendants' May 24, 2023 deadline to respond to the Complaint was not appropriately calendared by the undersigned. The policy which led to that internal administrative oversight has since been corrected.

5. Earlier today, May 25, 2023, Plaintiff filed its Motion for Clerk's Default against Defendants. [Doc. #19].

6. Earlier today, May 25, 2023, the Clerk entered defaults against Defendants (the "Defaults"). [Doc. #20 and Doc. #21].

7. Earlier today, May 25, 2023, Defendant Yoder filed Defendant Aicha Yoder's Motion to Dismiss Plaintiff's Complaint or, Alternatively, Motion for a More Definite Statement, and Incorporated Memorandum of Law in Support of Defendant Aicha Yoder's Motion to Dismiss Plaintiff's Complaint or, Alternatively, Motion for a More Definite Statement (the "Yoder Motion to Dismiss") [Doc. #22].

8. Earlier today, May 25, 2023, Defendant Blush Bar filed Defendant The Blush Bar Tampa, LLC's Motion to Dismiss Plaintiff's Complaint or, Alternatively, Motion for a More Definite Statement, and Incorporated Memorandum of Law in Support of Defendant The Blush Bar Tampa, LLC's Motion to Dismiss Plaintiff's Complaint or, Alternatively, Motion for a More Definite Statement (the "Blush Bar Motion to Dismiss") [Doc. #23].

**ARGUMENT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the "court may set aside an entry of default for good cause…". Fed. R. Civ. P. 55(c).

When determining whether a defendant has satisfied the good-cause standard, the Court may consider a variety of factors, including whether "the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." <u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996) (citations omitted). The Court can also look to "whether the defaulting party acted promptly to correct the default." <u>Id.</u> (citation omitted).

The good cause standard the courts apply when determining whether to set aside a default is less rigorous than the excusable neglect standard the courts apply when determining whether to set aside a default judgment. <u>E.E.O.C. v Mike Smith Pontiac GMC, Inc.</u>, 896 F.2d 524, 528 (11th Cir. 1990). Further, it is well settled

that "there is a strong policy of determining cases on their merits" and therefore enforcing defaults should be treated "with disfavor." In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003) (citing cases).

First, Defendants have demonstrated the Defaults were not culpable or willful – the Defaults were the product of an internal administrative oversight which produced a calendaring error. That oversight has since been corrected.

Second, setting aside the Defaults would not unfairly or substantially prejudice Plaintiff as the adversary – Plaintiff filed its Motion for Clerk's Default earlier this morning, and the Defaults were entered earlier this morning. [Docs. #19-21]. Further, on the same day Plaintiff filed its Motion for Clerk's Default against Defendant Yoder, Defendant Yoder filed the Yoder Motion to Dismiss, and on the same day Plaintiff filed its Motion for Clerk's Default against Defendant Blush Bar, Defendant Blush Bar filed the Blush Bar Motion to Dismiss. This means Plaintiff will have lost less than a day waiting to review Defendants' Motions to Dismiss. That is all. Plaintiff will not be unfairly prejudiced if the Court sets aside the Defaults.

Further, Plaintiff will not be unfairly prejudiced because the Complaint is a shotgun pleading, meaning Plaintiff will never be entitled to a default judgment based upon the Complaint as currently filed anyway. Even if Defendants had never

responded, it is very likely this Court would have still required Plaintiff to amend its pleading in order to comply with Rule 8 of the Federal Rules of Civil Procedure.

Third, Defendants have presented a meritorious defense. "In order to establish a meritorious defense, a moving party 'must make an affirmative showing of a defense that is likely to be successful.'" In re Winn Dixie Stores, Inc., 349 B.R. 744, 746 (M.D. Fla. August 7, 2006) (quoting Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir. 1986)). Defendant Yoder filed the Yoder Motion to Dismiss, and Defendant Blush Bar filed the Blush Bar Motion to Dismiss. [Doc. #22-23]. In the Yoder Motion to Dismiss, Defendant Yoder defends against the Complaint by contending Plaintiff is not entitled to any relief against Defendant Yoder because none of the allegations in the Complaint are directed towards Defendant Yoder and because Plaintiff has not requested any relief from Defendant Yoder, and Defendant Yoder defendants against the Complaint by contending the Complaint is a shotgun pleading. [Doc. #22]. In the Blush Bar Motion to Dismiss, Defendant Blush Bar defends against the Complaint by contending the Complaint is a shotgun pleading. [Doc. #23].

If a complaint is a "shotgun" pleading, that can be considered a "meritorious defense." Cherry v. D.B. Zwirn Special Opportunities Fund, L.P., Case No. 8:09-cv-33-T-33EAJ, 2009 WL 3231260, at *3-4 (M.D. Fla. Oct. 2, 2009). Here, the Complaint is a shotgun pleading for two reasons. First, the Complaint is a shotgun

pleading because: (1) Count IV adopts all of the allegations in Counts III, II, and I; (2) Count III adopts all of the allegations in Counts II and I; and (3) Count II adopts all of the allegations in I. [Doc. #22]. The Complaint therefore contains multiple counts where each count adopts the allegations of all preceding counts. Second, the Complaint is a shotgun pleading because it asserted all claims against both Defendant Blush Bar and Defendant Yoder without specifying which Defendant is responsible for which act or omission.

Fourth, the Court should consider whether Defendants acted promptly to correct the Defaults. They did. The Motion for Default was filed this morning, less than twenty-four hours ago. Defendants immediately recognized the potential issue, contacted opposing counsel, and prepared this Motion. It is difficult for Defendants to have acted more promptly to correct the Defaults.

WHEREFORE, Defendants, AICHA YODER and THE BLUSH BAR TAMPA, LLC, respectfully request this Honorable Court set aside the Defaults issued earlier this morning, and for such other and further relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted May 25, 2023.

COLEMAN LITIGATION PA

**/s/ Joseph M. Coleman**
Joseph M. Coleman, Esq.
Florida Bar No. 119110
4851 Tamiami Trail N. Ste. 200

Naples, Florida 34103
jcoleman@colemanlit.com
admin@colemanlit.com
(239) 887-9325
*Co-Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 25, 2023, I electronically filed the attached document with the Clerk of Court using the Court's CM/ECF system, which will send a notification of electronic filing to all counsel of record.

COLEMAN LITIGATION PA

***/s/ Joseph M. Coleman***
Joseph M. Coleman, Esq.
Florida Bar No. 119110
4851 Tamiami Trail N. Ste. 200
Naples, Florida 34103
jcoleman@colemanlit.com
admin@colemanlit.com
(239) 887-9325
*Co-Counsel for Defendants*