UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

THE BEAUTIES AND
THE BRANDS, LLC,

CASE NO. 8:23-cv-00821

Plaintiff,

vs.

AICHA YODER, and

THE BLUSH BAR TAMPA, LCC,

Defendants.

_____/

**DEFENDANT AICHA YODER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, AICHA YODER ("Defendant Yoder"), by and through her respective undersigned counsel, hereby files her Answer and Affirmative Defenses to Plaintiffs' Amended Complaint Declaratory Relief Requested Permanent Injunctive Relief Requested filed on July 6, 2023 (the "Amended Complaint") [Doc. #32], and in support thereof, Defendant Yoder states the following:

**PARTIES**

1. Admitted.

2. Without knowledge, therefore denied.

3. Admitted.

4. Without knowledge, therefore denied.

5. Without knowledge, therefore denied.

6. Admitted.

7. Admitted that Defendant, Aicha Yoder is listed as the registered agent of the company. Otherwise denied.

8. Admitted that Defendant Yoder acted as the principal, agent, and representative of Defendant Blush Bar. Admitted that any action by Defendant Yoder was within the course and scope of the agency relationship between Defendant Yoder and Defendant Blush Bar and was with the permission, ratification, and/or authorization of Defendant Blush Bar. Otherwise denied.

9. Without knowledge as to whether Defendant Blush Bar conducts business throughout the United States, including Florida and within this District, using the BEAUTY AND THE BRAND mark, and therefore denied. Otherwise denied.

## JURISDICTION AND VENUE

10. Admitted for jurisdictional purposes only, otherwise denied.

11. Admitted for jurisdictional purposes only, otherwise denied.

12. Admitted for jurisdictional purposes only, otherwise denied.

13. Admitted for jurisdictional purposes only, otherwise denied.

14. Admitted for venue purposes only, otherwise denied.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted for venue purposes only, otherwise denied.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

19. Without knowledge, therefore denied.

20. Without knowledge, therefore denied.

21. Without knowledge, therefore denied.

22. Without knowledge, therefore denied.

23. Without knowledge, therefore denied.

24. Without knowledge, therefore denied.

## BEAUTIES AND THE BRANDS AND ITS INTELLECTUAL PROPERTY RIGHTS

25. Without knowledge, therefore denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Without knowledge, therefore denied.

31. Without knowledge, therefore denied.

32. Without knowledge, therefore denied.

33. Without knowledge, therefore denied.

34. Without knowledge, therefore denied.

35. Without knowledge, therefore denied.

36. Denied that the United States Patent and Trademark Office issued a federal trademark registration in recognition of BEAUTIES AND THE BRANDS' exclusive rights to use the Mark in commerce in the United States. Denied that the BEAUTIES AND THE BRANDS has an exclusive right to use the Mark in commerce in the United States. Otherwise without knowledge, and therefore denied.

37. Without knowledge, therefore denied.

38. Without knowledge, therefore denied.

39. Without knowledge, therefore denied.

## INFRINGEMENT BY DEFENDANTS

40. Admitted.

41. Denied that Defendant Yoder has been doing business as "BEAUTY AND THE BRAND." Without knowledge as to whether Defendant Blush Bar has been doing business as "BEAUTY AND THE BRAND."

42. Denied.

43. Denied.

44. Denied.

45. Without knowledge, therefore denied.

46. Denied.

47. Denied.

48. Denied.

49. Admitted.

50. Denied.

51. Without knowledge, therefore denied.

52. Denied.

53. Admitted that the only difference between the words "BEAUTIES AND THE BRANDS" and "BEAUTY AND THE BRAND" is a mere removal of the pluralization of an internal term. Without knowledge as to whether Defendant Blush Bar uses the Mark in its advertising. Otherwise denied.

54. Denied.

55. Denied.

### BAD FAITH OF A CONFUSINGLY SIMILAR NAME

56. Denied.

57. Admitted Ms. Yoder serves as CEO of The Bush Bar Tampa, LLC. Otherwise without knowledge, and therefore denied.

58. Admitted.

59. Admitted.

60. Admitted.

61. Denied.

62. Denied that Defendant Yoder uses "BEAUTY AND THE BRAND" to promote her educational workshops, seminars, and individual coaching

services for entrepreneurs. Otherwise without knowledge and therefore denied.

63. Without knowledge, therefore denied.

64. Without knowledge, therefore denied.

65. Denied.

66. Without knowledge, therefore denied.

67. Without knowledge, therefore denied.

68. Denied.

69. Denied.

70. Denied.

## DEFENDANTS ACTED WILLFULLY AND INTENTIONALLY

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## DAMAGES CAUSED BY DEFENDANTS

75. Denied.

76. Denied.

77. Without knowledge as to whether trademark laws were designed to prevent consumer confusion, and therefore denied. Otherwise denied.

78. Admitted that Beauties and the Brands has retained the law firm of The Stokes Law Group. Otherwise without knowledge, therefore denied.

## COUNT I
## TRADEMARK INFRINGEMENT – 15 U.S.C. §1114(1)

79. Defendant Yoder repeats and realleges her answers to the allegations set forth in Paragraphs 1 through 78 above as if fully set forth herein.

80. Denied.

81. Denied.

82. Admitted Defendants do not have authorization, license, or permission from the BEAUTIES AND THE BRANDS to market and sell their products and services under the BEAUTY AND THE BRAND mark. Denied that Defendants need authorization, license, or permission from the BEAUTIES AND THE BRANDS to market and sell products and services under the BEAUTY AND THE BRAND mark. Otherwise denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

## COUNT II

## FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING 15 U.S.C. §1125

97. Defendant Yoder repeats and realleges her answers to the allegations set forth in Paragraphs 1 through 78 above as if fully set forth herein.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

## COUNT III

## FLORIDA COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

117. Defendant Yoder repeats and realleges her answers to the allegations set forth in Paragraphs 1 through 78 above as if fully set forth herein.

118. Denied.

119. Denied.

120. Without knowledge, therefore denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

## COUNT IV

## FEDERAL UNFAIR COMPETION/FALSE DESIGNATIN OF ORIGIN 15 USC1125(a)

130. Defendant Yoder repeats and realleges her answers to the allegations set forth in Paragraphs 1 through 78 above as if fully set forth herein.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Admitted that there is no connection, association, or licensing relationship between Beauties and the Brands and Defendants. Admitted Beauties and the Brands has never authorized, licensed, or given permission to Defendants to use the BEAUTY AND THE BRAND mark in any manner. Denied that Defendants needed permission from Beauties and the Brands to use the BEAUTY AND THE BRAND mark. Otherwise denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

## COUNT V
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
## (FLA. STAT. §501.201 et seq.

143. Defendant Yoder repeats and realleges her answers to the allegations set forth in Paragraphs 1 through 78 above as if fully set forth herein.

144. Defendant Yoder repeats and realleges her answers to the allegations set forth in Paragraphs 1 through 141 above as if fully set forth herein.

145. Admitted that Defendant Blush Bar has engaged in the conduct of trade and commerce in the State of Florida. Otherwise without knowledge, therefore denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a cause of action against Defendant Yoder. An individual officer or shareholder of a company is not liable for the acts of the corporation except under sufficiently pled allegations which were not alleged by Plaintiff in its Amended Complaint. Defendant Yoder, individually, did not have the necessary personal involvement or activity in the alleged wrongful conduct sufficient to confer liability upon her in her own personal and individual capacity.

2. At all pertinent times hereto, all actions taken by Defendant Yoder were taken within the course and scope of her relationship with Defendant Blush Bar as its principal. Defendant Blush Bar had certain common law trademark rights to use the Mark which preceded Plaintiff's common law

rights or federal trademark registration, and Defendant Yoder operated within the course and scope of Defendant Blush Bar's authority as the superior common law trademark rights holder.

3. Plaintiff's claims are barred by the doctrine of unclean hands because Plaintiff filed a fraudulent trademark application with the United States Patent and Trademark Office in order to obtain a federal trademark registration for the Mark.

4. Plaintiff's claims for infringement, based upon its federal trademark registration, are barred by Plaintiff's fraud on the United States Patent and Trademark Office. Plaintiff perpetrated a fraud on the United States Patent and Trademark Office by misrepresenting and concealing Defendant Blush Bar's prior and thus superior use of the Mark. Nowhere in its federal trademark application did Plaintiff reveal Defendant Blush Bar's prior uses of the Mark, which Plaintiff knew about before Plaintiff originally filed its federal trademark application for the Mark.

## PRAYER FOR RELIEF

WHEREFORE, Defendant, AICHA YODER, prays for the following relief:

1. That judgment be entered in favor of Defendant, AICHA YODER, and against Plaintiff;

2. That Defendant Yoder be awarded entitlement to her attorneys' fees and costs as the prevailing party in this action; and

3. That this Court grant such other and further relief as this Court may deem just and proper under the circumstances.

                                                **COLEMAN LITIGATION PA**

*/s/ Joseph M. Coleman*
Joseph M. Coleman, Esq.
Florida Bar No. 119110
4851 Tamiami Trail N. Ste. 200
Naples, Florida 34103
(239) 887-9325
jcoleman@colemanlit.com
admin@colemanlit.com
*Attorney for Defendant Aicha Yoder*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on July 31, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all parties of record:

STOKES LAW GROUP, PLLC
Shaunette Stokes, Esquire
shaunette@stokeslegalcounsel.com
***Attorney for Plaintiff***

                                  **COLEMAN LITIGATION PA**

                                  ***/s/ Joseph M. Coleman***
                                  Joseph M. Coleman, Esq.
                                  Florida Bar No. 119110
                                  4851 Tamiami Trail N. Ste. 200
                                  Naples, Florida 34103
                                  (239) 887-9325
                                  jcoleman@colemanlit.com
                                  admin@colemanlit.com
                                  *Attorney for Defendant Aicha Yoder*