## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

THE BEAUTIES AND
THE BRANDS, LLC,

CASE NO. 8:23-cv-00821

Plaintiff,

vs.

AICHA YODER, and

THE BLUSH BAR TAMPA, LCC,

Defendants.

_____/

## DEFENDANT THE BLUSH BAR TAMPA, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant, THE BLUSH BAR TAMPA, LLC ("Defendant Blush Bar"), by and through its respective undersigned counsel, hereby files its Answer, Affirmative Defenses, and Counterclaims to Plaintiffs' Amended Complaint Declaratory Relief Requested Permanent Injunctive Relief Requested filed on July 6, 2023 (the "Amended Complaint") [Doc. #32], and in support thereof, Defendant Blush Bar states the following:

## PARTIES

1.      Admitted.

2.      Without knowledge, therefore denied.

3.      Admitted.

4.      Without knowledge, therefore denied.

5.      Without knowledge, therefore denied.

6.      Admitted.

7.      Admitted that Defendant, Aicha Yoder is listed as the registered agent of the company. Otherwise denied.

8.      Admitted that Defendant Yoder acted as the principal, agent, and representative of Defendant Blush Bar. Admitted that any action by Defendant Yoder was within the course and scope of the agency relationship between Defendant Yoder and Defendant Blush Bar and was with the permission, ratification, and/or authorization of Defendant Blush Bar. Otherwise denied.

9.      Without knowledge as to whether Defendant Blush Bar conducts business throughout the United States, including Florida and within this District, using the BEAUTY AND THE BRAND mark, and therefore denied. Otherwise denied.

## JURISDICTION AND VENUE

10.     Admitted for jurisdictional purposes only, otherwise denied.

11.     Admitted for jurisdictional purposes only, otherwise denied.

12.     Admitted for jurisdictional purposes only, otherwise denied.

13.     Admitted for jurisdictional purposes only, otherwise denied.

14.     Admitted for venue purposes only, otherwise denied.

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Admitted for venue purposes only, otherwise denied.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

19.     Without knowledge, therefore denied.

20.     Without knowledge, therefore denied.

21.     Without knowledge, therefore denied.

22.     Without knowledge, therefore denied.

23.     Without knowledge, therefore denied.

24.     Without knowledge, therefore denied.

## BEAUTIES AND THE BRANDS AND ITS INTELLECTUAL PROPERTY RIGHTS

25.   Without knowledge, therefore denied.

26.   Denied.

27.   Denied.

28.   Denied.

29.   Denied.

30.   Without knowledge, therefore denied.

31.   Without knowledge, therefore denied.

32.   Without knowledge, therefore denied.

33.   Without knowledge, therefore denied.

34.   Without knowledge, therefore denied.

35.   Without knowledge, therefore denied.

36.   Denied that the United States Patent and Trademark Office issued a federal
      trademark registration in recognition of BEAUTIES AND THE BRANDS'
      exclusive rights to use the Mark in commerce in the United States. Denied
      that the BEAUTIES AND THE BRANDS has an exclusive right to use the
      Mark in commerce in the United States. Otherwise without knowledge, and
      therefore denied.

37.   Without knowledge, therefore denied.

38.   Without knowledge, therefore denied.

39.   Without knowledge, therefore denied.

## <u>INFRINGEMENT BY DEFENDANTS</u>

40.   Admitted.

41.   Denied that Defendant Yoder has been doing business as "BEAUTY AND THE BRAND." Without knowledge as to whether Defendant Blush Bar has been doing business as "BEAUTY AND THE BRAND."

42.   Denied.

43.   Denied.

44.   Denied.

45.   Without knowledge, therefore denied.

46.   Denied.

47.   Denied.

48.   Denied.

49.   Admitted.

50.   Denied.

51.   Without knowledge, therefore denied.

52.   Denied.

53.   Admitted that the only difference between the words "BEAUTIES AND THE BRANDS" and "BEAUTY AND THE BRAND" is a mere removal of the pluralization of an internal term. Without knowledge as to whether Defendant Blush Bar uses the Mark in its advertising. Otherwise denied.

54.   Denied.

55.   Denied.

## **BAD FAITH OF A CONFUSINGLY SIMILAR NAME**

56.   Denied.

57.   Admitted Ms. Yoder serves as CEO of The Bush Bar Tampa, LLC. Otherwise without knowledge, and therefore denied.

58.   Admitted.

59.   Admitted.

60.   Admitted.

61.   Denied.

62. Denied that Defendant Yoder uses "BEAUTY AND THE BRAND" to promote her educational workshops, seminars, and individual coaching services for entrepreneurs. Otherwise without knowledge and therefore denied.

63. Without knowledge, therefore denied.

64. Without knowledge, therefore denied.

65. Denied.

66. Without knowledge, therefore denied.

67. Without knowledge, therefore denied.

68. Denied.

69. Denied.

70. Denied.

**DEFENDANTS ACTED WILLFULLY AND INTENTIONALLY**

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## DAMAGES CAUSED BY DEFENDANTS

75.   Denied.

76.   Denied.

77.   Without knowledge as to whether trademark laws were designed to prevent consumer confusion, and therefore denied. Otherwise denied.

78.   Admitted that Beauties and the Brands has retained the law firm of The Stokes Law Group. Otherwise without knowledge, therefore denied.

## COUNT I
## TRADEMARK INFRINGEMENT – 15 U.S.C. §1114(1)

79.   Defendant Yoder repeats and realleges her answers to the allegations set forth in Paragraphs 1 through 78 above as if fully set forth herein.

80.   Denied.

81.   Denied.

82.   Admitted Defendants do not have authorization, license, or permission from the BEAUTIES AND THE BRANDS to market and sell their products and services under the BEAUTY AND THE BRAND mark. Denied that Defendants need authorization, license, or permission from the BEAUTIES AND THE BRANDS to market and sell products and services under the BEAUTY AND THE BRAND mark. Otherwise denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

## **COUNT II**

## **FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING 15 U.S.C. §1125**

97.   Defendant Yoder repeats and realleges her answers to the allegations set forth in Paragraphs 1 through 78 above as if fully set forth herein.

98.   Denied.

99.   Denied.

100.   Denied.

101.   Denied.

102.   Denied.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Denied.

## <u>COUNT III</u>

## <u>FLORIDA COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION</u>

117.   Defendant Yoder repeats and realleges her answers to the allegations set

forth in Paragraphs 1 through 78 above as if fully set forth herein.

118.   Denied.

119.   Denied.

120.   Without knowledge, therefore denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

## **COUNT IV**

## **FEDERAL UNFAIR COMPETION/FALSE DESIGNATIN OF ORIGIN 15 USC1125(a)**

130.    Defendant Yoder repeats and realleges her answers to the allegations set forth in Paragraphs 1 through 78 above as if fully set forth herein.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Admitted that there is no connection, association, or licensing relationship between Beauties and the Brands and Defendants. Admitted Beauties and the Brands has never authorized, licensed, or given permission to Defendants to use the BEAUTY AND THE BRAND mark in any manner. Denied that

Defendants needed permission from Beauties and the Brands to use the BEAUTY AND THE BRAND mark. Otherwise denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

## COUNT V
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
## (FLA. STAT. §501.201 et seq.

143. Defendant Yoder repeats and realleges her answers to the allegations set forth in Paragraphs 1 through 78 above as if fully set forth herein.

144. Defendant Yoder repeats and realleges her answers to the allegations set forth in Paragraphs 1 through 141 above as if fully set forth herein.

145. Admitted that Defendant Blush Bar has engaged in the conduct of trade and commerce in the State of Florida. Otherwise without knowledge, therefore denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

## AFFIRMATIVE DEFENSES

1. Defendant Blush Bar had certain common law trademark rights to use the Mark which preceded Plaintiff's common law rights or federal trademark registration.

2. Plaintiff's claims are barred by the doctrine of unclean hands because Plaintiff filed a fraudulent trademark application with the United States

Patent and Trademark Office in order to obtain a federal trademark registration for the Mark.

3. Plaintiff's claims for infringement, based upon its federal trademark registration, are barred by Plaintiff's fraud on the United States Patent and Trademark Office. Plaintiff perpetrated a fraud on the United States Patent and Trademark Office by misrepresenting and concealing Defendant Blush Bar's prior and thus superior use of the Mark. Nowhere in its federal trademark application did Plaintiff reveal Defendant Blush Bar's prior uses of the Mark, which Plaintiff knew about before Plaintiff originally filed its federal trademark application for the Mark.

## **COUNTERCLAIMS**

Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC ("Blush Bar") files the following counterclaims against Counter-Defendant, THE BEAUTIES AND THE BRANDS, LLC ("Counter-Defendant"), and in support thereof states the following:

## **PARTIES**

1. Blush Bar is an active Florida Limited Liability Company, authorized to transact business within and throughout the State of Florida, with its principal

place of business located at 9250 Bay Plaza Blvd., Suite 311, Tampa, Florida 33619.

2.     Counter-Defendant is an active Florida Limited Liability Company, authorized to transact business within and throughout the State of Florida, with its principal place of business located at 13546 Wild Ginger Street, Riverview, Florida, 33579.

## JURISDICTION AND VENUE

3.     This is an action for monetary, injunctive, and declaratory relief arising under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. §1051 et seq., and Florida common law.

4.     This Court has subject matter jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201(a).

5.     This Court should exercise supplemental jurisdiction over Blush Bar's related state law claims pursuant to and in accordance with 28 U.S.C. §1367.

6.     Counter-Defendant is a Florida limited liability company with its headquarters and principal place of business located within the Middle District of Florida.

7.     Counter-Defendant primarily does business within the Middle District of Florida.

8.      Counter-Defendant has sufficient contacts within the Middle District of Florida.

9.      Venue is proper in this District under 28 U.S.C. §1391(b)(1) because Counter-Defendant resides within the Middle District of Florida.

10.     Counter-Defendant provides services within the Middle District of Florida.

11.     Counter-Defendant advertises within the Middle District of Florida.

12.     Venue is proper in this Division under Local Rule 1.04(a) and (b) because the county with which this action is most directly connected is Hillsborough County.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13.     Blush Bar is a successful spa and beauty care business.

14.     Blush Bar began offering one on one mentoring sessions and masterclasses, to help coach aspiring estheticians and other individuals in the spa and skin care industry learn the business and marketing side of the industry.

15.     In April of 2017, the Blush Bar began using the "Beauty & the Brand" mark (the "Mark") to advertise its one on one mentoring sessions and masterclasses.

16.     By advertising using the Mark, the Blush Bar developed Florida common law rights to use the Mark in its commercial space and industry.

17.   On January 1, 2019, Counter-Defendant started using the "Beauties and the Brands" mark ("Counter-Defendant's Mark").

18.   Prior to January 27, 2021, Counter-Defendant was aware that the Blush Bar had advertised its services using the Mark.

19.   Prior to January 27, 2021, the Blush Bar asked Counter-Defendant to cease and desist using Counter-Defendant's Mark, because the Blush Bar believed Counter-Defendant's Mark was too similar to the Mark.

20.   However, Counter-Defendant refused these requests.

21.   Counter-Defendant believed that if it filed a federal trademark application for Counter-Defendant's Mark, Counter-Defendant could override the Blush Bar's rights to the Mark, even though the Blush Bar began using the Mark in commerce before Counter-Defendant did.

22.   On January 27, 2021, Counter-Defendant submitted a federal trademark application for Counter-Defendant's Mark (the "January 27, 2021 Application").

23.   A true and accurate copy of the January 27, 2021 Application is attached hereto and incorporated herein as **Exhibit "1"**.

24.     As part of the January 27, 2021 Application, Counter-Defendant swore, under penalty of perjury, that "[t]o the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemble as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

25.     When Counter-Defendant swore to this statement on January 27, 2021, Counter-Defendant knew the Blush Bar was advertising using the Mark.

26.     When Counter-Defendant swore to this statement on January 27, 2021, Counter-Defendant knew the Blush Bar had previously advertised using the Mark.

27.     When Counter-Defendant swore to this statement on January 27, 2021, Counter-Defendant believed the Mark and Counter-Defendant's Mark were substantially similar.

28.     When Counter-Defendant swore to this statement on January 27, 2021, Counter-Defendant knew the Blush Bar believed the Mark and Counter-Defendant's Marks were substantially similar.

29.   When Counter-Defendant swore to this statement on January 27, 2021, Counter-Defendant believed the Blush Bar could obtain a federal trademark registration for the Mark.

30.   Counter-Defendant submitted the January 27, 2021 Application in an attempt to trump the Blush Bar's common law rights to use the Mark in Florida, and to prevent the Blush Bar from successfully filing a federal trademark application for the Mark.

31.   On January 18, 2022, in response to Counter-Defendant's submitted January 27, 2021 Application, the United States Patent and Trademark Office issued Counter-Defendant a Standard Character Mark for Counter-Defendant's Mark (the "January 18, 2022 Registration").

32.   A true and accurate copy of the January 18, 2022 Registration is attached hereto and incorporated herein as **Exhibit "2"**.

33.   On April 14, 2023, Counter-Defendant filed the underlying civil action against the Blush Bar, seeking to enjoin the Blush Bar from using its Mark.

## **COUNT ONE – DECLARATORY JUDGMENT**

34.   The allegations described in paragraphs 1 through 33, above, are hereby reincorporated and realleged herein.

35.    The Blush Bar had pre-existing Florida common law rights to use the Mark before Counter-Defendant ever used Counter-Defendant's Mark in commerce.

36.    The parties are in doubt or are uncertain as to the Blush Bar's pre-existing common law rights to use the Mark, and what legal effect that has on the January 18, 2022 Registration.

37.    The Blush Bar, on the one hand, and Counter-Defendant, on the other hand, have a bona fide, actual, present, practical need for the declaration and they have an adverse and antagonistic interest in the outcome of the declaration, in fact and/or in law.

38.    The declaratory relief sought is not merely the giving of abstract legal advice by the Court or the answer to questions propounded from curiosity.

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, prays for declaratory judgment against Counter-Defendant, THE BEAUTIES AND THE BRANDS, LLC, ruling that:

A. This Court has jurisdiction over the parties and the subject matter of this action;

B. The Blush Bar's use of the Mark preceded Counter-Defendant's use of Counter-Defendant's Mark;

C. The Blush Bar has certain Florida common law rights to use the Mark, which supersede Counter-Defendant's Mark and the January 18, 2022 Registration;

D. Awarding the Blush Bar its court costs; and

E. Granting the Blush Bar such other and further relief as this Court deems just and appropriate under the circumstances.

## <u>COUNT TWO – VIOLATION OF 15 U.S.C. §1220</u>

39. The allegations described in paragraphs 1 through 33, above, are hereby reincorporated and realleged herein.

40. Counter-Defendant submitted the January 27, 2021 Application.

41. When Counter-Defendant submitted the January 27, 2021 Application, Counter-Defendant did not identify the Blush Bar's use of the Mark.

42. The January 27, 2021 Application contained a false or fraudulent declaration or representation, in writing, because Counter-Defendant intentionally failed to identify the Blush Bar's pre-existing use of the Mark.

43. Because Counter-Defendant submitted the January 27, 2021 Application, the United States Patent and Trademark Office issued the January 18, 2022 Registration.

44.    As a result of Counter-Defendant's actions, the Blush Bar has suffered damages, including but not limited to, paying attorneys' fees and costs to defend the underlying trademark infringement action.

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, prays for the following judgment:

A. Judgment against Counter-Defendant in favor of Counter-Plaintiff for compensatory damages, interest, court costs, and attorneys' fees;

B. Cancelling the January 18, 2022 Registration in accordance with 15 U.S.C. §1119; and

C. Granting the Blush Bar such other and further relief as this Court deems just and appropriate under the circumstances.

## COUNT THREE – VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

45.    The allegations described in paragraphs 1 through 33, above, are hereby reincorporated and realleged herein.

46.    Counter-Defendant is engaged in a trade or business.

47.    Counter-Defendant submitted the January 27, 2021 Application.

48.    When Counter-Defendant submitted the January 27, 2021 Application, Counter-Defendant did not identify the Blush Bar's use of the Mark.

49.   The January 27, 2021 Application contained a false or fraudulent declaration or representation, in writing, because Counter-Defendant intentionally failed to identify the Blush Bar's pre-existing use of the Mark.

50.   Because Counter-Defendant submitted the January 27, 2021 Application, the United States Patent and Trademark Office issued the January 18, 2022 Registration.

51.   As a result of Counter-Defendant's fraudulent and deceptive actions, taken within the course and scope of its business, the Blush Bar has suffered damages, including but not limited to, paying attorneys' fees and costs to defend the underlying trademark infringement action.

52.   Pursuant to §501.2105, Fla. Stat., the Blush Bar is entitled to recover its reasonable attorneys' fees from Counter-Defendant if it prevails.

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, prays for the following judgment:

A. Judgment against Counter-Defendant in favor of Counter-Plaintiff for compensatory damages, interest, court costs, and attorneys' fees; and

B. Granting the Blush Bar such other and further relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted this 31st day of July, 2023.

**COLEMAN LITIGATION PA**

***/s/ Joseph M. Coleman***
Joseph M. Coleman, Esq.
Florida Bar No. 119110
4851 Tamiami Trail N. Ste. 200
Naples, Florida 34103
(239) 887-9325
jcoleman@colemanlit.com
admin@colemanlit.com
*Attorney for Defendant Aicha Yoder*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 31, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all parties of record:

STOKES LAW GROUP, PLLC
Shaunette Stokes, Esquire
shaunette@stokeslegalcounsel.com
***Attorney for Plaintiff***

**COLEMAN LITIGATION PA**

***/s/ Joseph M. Coleman***
Joseph M. Coleman, Esq.
Florida Bar No. 119110
4851 Tamiami Trail N. Ste. 200
Naples, Florida 34103
(239) 887-9325
jcoleman@colemanlit.com
admin@colemanlit.com
*Attorney for The Blush Bar Tampa, LLC*