# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

THE BEAUTIES AND THE
BRANDS, LLC,                                      )
                                                  )
PLAINTIFF,                                        )
                                                  )
V.                                                )
                                                  )          Case No: 8:23-cv-821
AICHA YODER;                                      )
                                                  )
AND                                               )
                                                  )
THE BLUSH BAR TAMPA, LLC.                         )
                                                  )
DEFENDANT.

## COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM OR, ALTERNATIVELY, FOR MORE DEFINITE STATEMENT, AND MOTION TO STRIKE ATTORNEYS' FEES AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

**COMES NOW,** the Counter-Defendant/Plaintiff, by and through their undersigned counsel, and hereby moves to dismiss the counter claim pursuant to Federal Rule 12(b)(6) and Florida Rule of Civil Procedure 1.140(b)(6) for lack of standing and failure to state a claim upon which relief may be granted, and in support thereof states as follows:

1

1.      On April 14, 2023, The Beauties and The Brands filed a Complaint against Aicha Yoder ("Yoder") and The Blush Bar Tampa for trademark infringement, False Designation of Origin and False Advertising and various Florida state law claims arising out of and in connection with Defendants' unauthorized use of the service mark "The Beauties and The Brands" in connection with workshops, seminars, and conferences.

2.      On July 31, 2023, Counter-Plaintiff/Defendant The Blush Bar Tampa, LLC ("Blush Bar") filed a three count Counterclaim to assert three separate counts (referred to in the pleading as "causes of action") against Counter-Defendants The Beauties and The Brands, LLC ("TBATB"); to-wit:

Count I: Declaratory Relief

Count II: Violation Of 15 U.S.C. §1120 (Sic)

Counter III: Violations of The Florida Deceptive and Unfair Trade Practices Act

3.      The TBATB argue below that Blush Bar's Counterclaim fails to state a claim upon which relief can be granted, and such move for a dismissal of all counts pursuant to Fed. R. Civ. P. 12(b) (6).

4.    The TBATB argue below that Blush Bar's Counterclaim should be dismissed because they lack standing.

5.    The TBATB argue below that Blush Bar's Counterclaim should also be dismissed the statute of limitations have been tolled.

5.    To the extent such counts are not dismissed, the Counterclaims lack sufficient factual support and fail to attach the evidence of actual proof of prior use by Blush Bar to allow counterclaim defendants to adequately frame a response.

6.    The Counterclaims also improperly seek the recovery of attorneys' fees. This request should be stricken under applicable law.

**MEMORANDUM OF LAW**

**I.    INTRODUCTION**

This case arises out of an alleged trademark infringement claim brought by the Counter-Plaintiff/Defendant, The Blush Bar, against the Plaintiff, The Beauties and the Brands, relating to the trademark "The Beauties and the Brands". The Plaintiff contends that the Counter-Plaintiff/Defendant has failed to state a claim upon which relief can be granted, lacks standing to bring this action, and that the statute of limitations has tolled for Blush Bar to assert a common law trademark

rights against TBATB.  Counter-Plaintiff/Defendant has failed to show they suffered a cognizable injury. To assert a claim, Counter-Plaintiff/Defendant would have to show they suffered a cognizable injury. Here, Counter-Plaintiff/Defendant abandoned the mark ("Mark") in controversy which would result in them not suffering a cognizable injury due to their lack of usage of the Mark.

## II.   <u>FACTUAL BACKGROUND</u>

Founded by Terika Haynes, The Beauties and the Brands has been an event series supporting entrepreneurs that has grown in prominence and popularity. Operating continuously under this name since its inception on or around December 2018, the series has earned a significant following and reputation, thanks to Ms. Haynes's diligent leadership and the considerable efforts and resources invested in creating and marketing high-quality events.

This longstanding dedication to the name and what it represents was recently challenged by Blush Bar, who claimed prior use of the name "Beauty and the Brand" hereinafter referred to as "Mark." The basis of the Counter-Plaintiff/Defendant's claim primarily hinges on a flyer, which seems to have been digitally manipulated, and falls short of the criteria for

legitimate use, as well as a discussion that occurred between Ms. Aicha Yoder of The Blush Bar and Ms. Haynes in January 2021. After multiple attempts by Ms. Haynes to reach out to Ms. Yoder to address the issue of the brand name, Ms. Yoder finally responded. In this conversation, Ms. Yoder asserted that she had hosted an event under the disputed name "Beauty and the Brand" back in 2017. It is important to note that Ms. Haynes's sole contention in her communications with Ms. Yoder was that Ms. Yoder was using the name that Ms. Haynes had long been associated with for her event series. In this conversation, Ms. Yoder claimed to have hosted an event using the disputed Mark in 2017 and promised to produce evidence of her prior use of the name, along with a cease-and-desist letter. To this date, however, neither has been produced, raising significant doubts about the credibility of The Blush Bar's claim. Furthermore, Ms. Yoder subsequently blocked any future attempts by Ms. Haynes to communicate with her on all social media platforms, further undermining the legitimacy of her claims.

Ms. Yoder's inconsistent actions further undermine the legitimacy of her claim. Despite knowing about the Plaintiff's continued use of the name for their event series, Ms. Yoder, who was invited to be a panelist at a The

Beauties and the Brands event in November 2019, never once asserted her rights to the name.

Additionally, Ms. Yoder only began asserting her alleged rights to the name in January 2021, four years after her alleged prior use and over a year and a half after acknowledging the Plaintiff's use. This significant delay is indicative of abandonment, further evidenced by The Blush Bar's failure to assert any rights to the name during the 2019 correspondence and their extensive nonuse of the mark.

The Counter-Defendant/Plaintiff, who has used the name "The Beauties and the Brands" in good faith, has no prior knowledge of The Blush Bar's alleged use. Over time, the Plaintiff has established a strong reputation and following, earned through their dedication to creating meaningful beauty events. Any alleged infringement by the Counter-Defendant/Plaintiff was unintentional and occurred without knowledge of the Counter-Plaintiff/Defendant's claims.

In January 2021, The Blush Bar made an unsuccessful attempt to use the Mark for an event that was ultimately canceled. During this time, the Mark was not used in commerce. That same month, the Plaintiff asked the Counter-Plaintiff/Defendant to cease use of the mark. However, The Blush

Bar refused, alleging prior use of the mark in April 2017. They promised to provide evidence of this prior use but instead blocked the Counter-Defendant/Plaintiff.

In January 2021, legal counsel for both parties endeavored to peacefully resolve the ongoing conflict. As part of these discussions, the Counter-Plaintiff/Defendant, represented by her legal counsel, verbally agreed to cease using the mark after their planned event in 2021. This verbal agreement appeared to indicate the Counter-Plaintiff/Defendant's intent to abandon the mark. However, in defiance of this agreement, The Blush Bar unexpectedly recommenced marketing and promoting the brand in February 2023 for a planned event in March 2023. It is worth noting that both the events scheduled for 2021 and 2023 were ultimately cancelled.

On April 14, 2023, the Counter-Defendant/Plaintiff filed a complaint against the Counter-Plaintiff/Defendant, seeking to enjoin them from using the mark, which has been the cornerstone of the Plaintiff's well-established event series targeting entrepreneurs.

## III.    LEGAL AUTHORITY AND ARGUMENT

*A. MOTION TO DISMISS COUNT I FOR FAILURE TO IDENTIFY APPLICABLE STATUTORY AUTHORITY*

Blush Bar's Counterclaim under Count I for a declaratory judgment does not specify whether it seeks relief under the federal Declaratory Judgment Act (DJA), 28 U.S.C. §§ 2201-2202, or the Florida Declaratory Judgment Act (FL-DJA), Fla. Stat. §§ 86.011-86.111. Such ambiguity fails to notify this Court and the Counterclaim Defendants which statutory framework applies to their claim. This hinders proper assessment of the case and, as such, Count I should be dismissed.

## I. Applicable Legal Standard

Both federal and state Declaratory Judgment Acts empower courts to declare rights, legal relations, and other matters. Courts have wide discretion in granting declaratory judgments under both Acts, and such judgments are dependent on a live, present, and actual controversy between the parties. Whether proceeding under the federal or state DJA is crucial because each has differing scopes, approaches, and governing case law.

### A. Federal Declaratory Judgment Act

Under the Federal DJA, a court can declare rights when there is an "actual controversy" within its jurisdiction. Congress limited federal jurisdiction to actual controversies consistent with Article III, Section 2 of

the Constitution. To establish a case or controversy under the Federal DJA, a pleader must show that (1) the defendant had made an explicit threat or acted in a way that made the plaintiff reasonably apprehensive of litigation, and (2) the plaintiff engaged in present activity that could constitute infringement or took concrete steps towards such activity.

*B. Florida Declaratory Judgment Act*

The FL-DJA allows courts to render declaratory judgments on the existence or nonexistence of any immunity, power, privilege, or right. The primary purpose is to provide parties relief from insecurity and uncertainty regarding their rights, status, and other relations. To establish a case or controversy under the FL-DJA, a pleader must show a bona fide, actual, and present need for the declaration based on present, ascertainable facts. Courts lack jurisdiction to grant relief under the FL-DJA where there is no bona fide, actual, or present need for the declaration.

**II. Blush Bar's Failure to Identify Applicable Statutory Authority**

In Count I of Blush Bar's Counterclaim, Blush Bar seeks a declaratory judgment without identifying whether it proceeds under the federal DJA, the FL-DJA, or some other authority. This ambiguity leaves Counter-

Defendants/Plaintiffs and this Court uncertain about the applicable statutory framework, and as such, prevents proper assessment of Count I.

### III.   Conclusion

Blush Bar's failure to specify the statutory basis for their declaratory judgment claim in Count I hinders proper assessment under either the federal or state Declaratory Judgment Act. Consequently, Count I should be dismissed.

## B. MOTION TO DISMISS ALL OF BLUSH BAR'S COUNTER CLAIM UNDER <u>FED.R.CIV.P.</u> 12(B)(6).

The Counterclaim filed by Blush Bar must be dismissed for failure to state a cause of action as set forth in detail below.

### I. Standard of Review for Dismissal under <u>Fed.R.Civ.P.</u> 12(b)(6)

In evaluating a motion to dismiss under <u>Fed.R.Civ.P.</u> 12(b)(6), the court must accept all the alleged facts as true and draw all inferences from those facts in the light most favorable to the pleader. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Harris v. Procter & Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th Cir. 1996). A motion to dismiss tests the sufficiency of the pleading but does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). The court,

however, does not generally accept conclusory allegations and unwarranted factual deductions as true. *South Florida Water Management District v. Montalvo*, 84 F.3d 402, 408 n. 10 (11th Cir. 1996); Gersten v. Rundle, 833 F.Supp. 906, 910 (S.D. Fla. 1993).

Moreover, a court may not assume that a pleader can prove facts it has not alleged or that the opposing party has violated laws in ways that have not been alleged. *Associated Gen. Contractors of Calif., Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983); *Beck v. Interstate Brands Corp.*, 953 F.2d 1275, 1276 (11th Cir. 1992)(per curiam). Nor is the court bound to accept as true a legal conclusion that is couched as a factual allegation. *B.H. Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 293, 92 L.Ed.2d 209 (1986). Although the federal rules embrace a liberal pleading standard, bald assertions and conclusions of law will not defeat a proper motion to dismiss. *Leeds v. Meltz*, 85 F.3d 51, 53 (2nd Cir. 1996).

While the Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the facts in order to withstand a motion to dismiss, a complaint or a counterclaim requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A plaintiff must provide enough factual allegations "to raise a right to relief above the speculative level." *Id.* at 555; *see also Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004) (plaintiffs must allege specific factual bases for their legal conclusions to avoid dismissal of their claims).

Moreover, the facts supporting the claim must be "consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 562; *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949 (11th Cir. 2009). While courts will accept well-pled allegations as true for the purposes of a motion to dismiss, a court will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In sum, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

Twombly, 550 U.S. 544 and Iqbal, 129 S. Ct. 1937 require a pleader provide sufficient and meaningful factual allegations such that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action") (citation omitted) (alteration in original)). Further, legal conclusions couched as factual allegations in a complaint or counterclaim do not satisfy a plaintiff's burden to plead "sufficient factual matter." *Iqbal*, 129 S. Ct. at 1949-50.

In *Iqbal*, the Court explained that there are two "working principles" in analyzing a motion to dismiss. Id. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action") (citation omitted) (alteration in original)). The Court in Iqbal emphasized that legal conclusions couched as factual allegations do not satisfy a plaintiff's burden to plead "sufficient factual matter" in its complaint. *Id*. at 1949-50.

The second "working" principle of *Iqbal* is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950.

13

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court explained that determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950 (citation omitted).

## C.    MOTION TO DISMISS COUNT I DECLARATORY JUDGMENT FOR LACK OF PROOF OF COMMON LAW USE

Under Rule 12(b)(6), the Court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." See *Fed. R. Civ.P. 12 (b)(6)*. The Supreme Court held in *Twombly*, "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level."

In *Iqbal,* the Supreme Court clarified that the *Twombly* plausibility pleadings standard applies to "all civil actions." *Iqbal, 129 S.ct. at 1953.* "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id. (citing Twombly, 550 U.S. at 556).* "A pleading that offers "labels and conclusions' or a "formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id. (*quoting *Twombly,* 550 US. at 555,557*).* In short, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at *1950.*

Here, Count One of the Counterclaim seeks a declaratory judgment to establish The Blush Bar's alleged pre-existing Florida common law rights to use the Mark and the legal effect that has on the January 18, 2022 Registration. However, the Counterclaim fails to state a cause of action for which relief may be granted as it does not establish the existence of a legitimate common law trademark right.

The Counterclaim alleges that The Blush Bar had pre-existing Florida common law rights to use the Mark based on prior use in 2017. However, such alleged use was abandoned by April 2020 as evidenced by the fact that the Mark was not used in commerce for a period of three

consecutive years, constituting prima facie evidence of abandonment pursuant to F.S. 495.011(1)(a).

The Counter-Plaintiff/Defendant fails to state a claim as they have not shown evidence of legitimate use of the trademark or its registration, and the only proof offered is a digitally altered flyer, which does not constitute bona fide use of the mark in the ordinary course of trade as required by Florida Statute 495.011(14).

As explained above, courts applying both *Twombly* and *Iqbal* have held complaints, such as Defendant Blush Bar's Complaint, which fails to state a claim of action upon which relief shall be granted, should be dismissed pursuant to Rule 12(b)(6). The Counter-Plaintiff/Defendant's failure to provide legitimate proof of use or registration.

## D.   MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM DUE TO ABANDONMENT OF THE MARK

Defendant Blush Bar has failed to state a viable claim for relief because they have not demonstrated the requisite use of the Mark in commerce within the last three years. As such, Counter-Defendant/Plaintiff respectfully requests that this Court grant a motion to dismiss against Defendant for failure to state a claim upon which relief

can be granted, premised on the abandonment of the alleged common

law rights to the Mark after a period of non-use exceeding three years.

In *Commodores Entertainment Corporation v. McClary*, 879 F.3d 1114

(2018), the court articulated that to establish common-law rights to a

trademark, a party must first demonstrate prior use of the mark in

commerce, which entails showing both the adoption and use of the mark

in a manner that sufficiently identifies the marked goods to an

appropriate segment of the public as those belonging to the adopter of

the mark.

According to Florida Statute 495.011, a mark is considered

"abandoned" under the following circumstances: (1)    When its use has

been discontinued with an intent not to resume such use. Intent not to

resume use may be inferred from circumstances. Nonuse for 3

consecutive years shall constitute prima facie evidence of abandonment;

or (2)    When any course of conduct of the owner, including acts of

omission or commission, causes the mark to lose its significance as a

mark.

Here, Defendant Blush Bar has failed to provide any evidence of

prior use of the Mark in commerce. They have not shown any valid usage

related to their alleged event in 2017, and their 2021 event was canceled, resulting in no services being sold in commerce. This lack of evidence undermines their ability to assert common-law rights to the Mark.

Furthermore, the statute of limitations for asserting a claim for declaratory relief concerning the common law trademark rights has tolled. The Counter-Plaintiff abandoned the mark in April 2020, and the last date to bring a suit asserting rights to the Mark would have been no later than November 2020. However, the Counter-Plaintiff did not assert any rights until filing the present Counterclaim in July of 2023.

Moreover, the Counter-Plaintiff's conduct, including its inaction in asserting any rights to the Mark for over a year after becoming aware of Counter-Defendant's use, bolsters the abandonment claim pursuant to F.S. 495.011(1)(b). The Counter-Plaintiff's failure to exercise their rights in a timely manner is indicative of abandonment.

As a result, Plaintiff respectfully seeks a motion to dismiss against Defendant for failure to state a claim upon which relief can be granted due to the Counter-Plaintiff's abandonment of the Mark in question since April 2017.

**E.     MOTION TO DISMISS COUNTER CLAIM BECAUSE**

**COUNTER-PLAINTIFF LACKS STANDING DUE TO**

**ABANDONMENT OF THE MARK**

Under Article III of the Constitution, a plaintiff must establish

standing to bring a claim. Standing requires (1) an actual, imminent

personal injury; (2) a causal connection between the injury and the conduct

complained of; and (3) a likelihood that the requested relief will redress the

injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130 (1992).

Counter-Plaintiff claims common law trademark rights to the Mark at

issue. However, for a party to acquire common law trademark rights, it

must demonstrate continuous use of the mark in commerce. *Commodores*

*Entertainment Corp. v. McClary*, 879 F.3d 1114 (2018). Counter-Plaintiff's

counterclaim fails to provide evidence of the Mark's use in commerce

within the last three years, thereby failing to establish continuous use.

Under Florida Statute 495.011, nonuse for three consecutive years

constitutes prima facie evidence of abandonment.

Declaratory judgment requires a bona fide, actual, present, and

practical need for the declaration sought by the parties. Counter-Plaintiff's

claim for declaratory relief is based on a hypothetical scenario arising from

a mark that has been abandoned. Because Counter-Plaintiff cannot demonstrate a cognizable injury, it lacks an actual and present need for the declaration, rendering the claim moot.

Counter-Plaintiff's abandonment of the Mark negates any cognizable injury arising from its use by Counter-Defendant, thus depriving Counter-Plaintiff of standing to bring a claim for declaratory relief. The alleged injury is hypothetical and conjectural, as it is premised on a mark that Counter-Plaintiff has ceased using.

Moreover, the Counter-Plaintiff has no standing to seek a declaratory judgment concerning the Mark, as it has not alleged a bona fide, actual, present, practical need for the declaration. In fact, as evidenced by Exhibit A, the Counter-Plaintiff acknowledged being aware of Counter-Defendant's use of the Mark and chose not to assert any rights.

Furthermore, Counter-Plaintiff's failure to assert any rights to the Mark until over a year after becoming aware of Counter-Defendant's use supports the claim of abandonment. This conduct is inconsistent with a bona fide need for declaratory relief.

As the Counter-Plaintiff has failed to state a claim for declaratory relief for which relief can be granted and lacks standing to seek such relief, Count One of the Counterclaim should be dismissed.

## F. THE COURT'S DISCRETION TO DECLINE JURISDICTION OVER DECLARATORY JUDGMENT ACTIONS

The Counter-Defendant/Plaintiff respectfully requests this Court to exercise its discretion to dismiss the declaratory judgment action brought by the defendant based on the following arguments.

Under both the federal and state Declaratory Judgment Acts, courts have broad discretion to decide whether to exercise jurisdiction over claims for declaratory judgment. (*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S.Ct. 764, 776, 166 L.Ed.2d 604 (2007); *Palumbo v. Moore*, 777 So.2d 1177, 1178 (Fla. 5th DCA 2001)). The Court's discretion extends to cases where a direct action involving the same parties and the same issues has already been filed. (*Knights Armament Co. v. Optical Sys. Tech.*, Inc., 568 F. Supp. 2d 1369, 1374–75 (M.D. Fla. 2008)).

We respectfully request that this Court exercise its discretion to dismiss the declaratory judgment action brought by the counter-plaintiff/defendant for several reasons. First, a direct action involving

the same parties and the same issues has already been filed, and proceeding with the declaratory judgment action would result in a duplication of issues. This would not only waste judicial resources but also risk inconsistent rulings. By prioritizing the direct action and dismissing the declaratory judgment action, the Court would prevent unnecessary duplication and streamline the proceedings.

Second, dismissing the declaratory judgment action would promote efficiency and judicial economy. By focusing on the direct action that is already underway, the Court can conserve its resources and avoid the need to litigate the same issues in multiple forums. The direct action provides an appropriate avenue for resolving the parties' disputes and should be the sole focus of the litigation.

Third, the trademark infringement claims brought by both parties would likely decide the issues at stake in the claim for declaratory judgment, eliminating any live controversy left to adjudicate. Under the Declaratory Judgment Act, an "actual controversy" is required to issue a declaratory judgment, and without such a controversy, the Court would be without a basis to grant declaratory relief.

Fourth, the outcome of the direct action will govern the rights and obligations of the parties, rendering the declaratory judgment action moot and superfluous. The direct action would provide all the necessary relief, and issuing a declaratory judgment would have no practical effect on the parties' rights and legal relations.

Lastly, the Declaratory Judgment Act grants courts broad discretion to decide whether to exercise jurisdiction over claims for declaratory judgment. In light of the circumstances of this case, the Court should exercise this discretion to decline jurisdiction over the declaratory judgment action. This would allow the Court to focus on the direct action, which is the most appropriate and efficient means of resolving the parties' disputes.

Based on the foregoing reasons, we respectfully submit that this Court should exercise its discretion to dismiss the declaratory judgment action in favor of proceeding with the direct action involving the same parties and issues.

## G.  MOTION TO DISMISS COUNT II- VIOLATION OF 15 U.S.C. §1120

The Counter-Defendant/Plaintiff respectfully request that this Court dismiss Count II of the Counter-Plaintiff's complaint, which alleges a violation of 15 U.S.C. §1120. The Counter-Plaintiff's claim under this count should be dismissed for two primary reasons.

**1. No Such Law Exists**

Firstly, the Counter-Plaintiff/Defendant mistakenly cites a non-existent law. The proper citation should likely be 15 U.S.C. §1120 rather than the cited 15 U.S.C. §1220, which does not exist. However, even if the Court interprets this as a mere scrivener's error and acknowledges that the Counter-Plaintiff meant to cite 15 U.S.C. §1120, the Counter-Plaintiff's claim must still fail.

2.  **MOTION TO DISMISS COUNT II – FOR LACK OF STANDING**

15 U.S.C. §1120 states:

"Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person

injured thereby for any damages sustained in

consequence thereof."

The primary issue is that the Counter-Plaintiff lacks standing to bring this claim. In the current case, Blush Bar claims to have established a common law claim in 2017, but the mark was abandoned in April 2020. Since the Counter-Plaintiff abandoned the mark and has admittedly not used it since April 2017, Blush Bar lacks standing to assert any common law rights. To have standing, a party must establish valid ownership of the mark, which the Counter-Plaintiff fails to do here.

3.   **MOTION TO DISMISS COUNT II – FALIURE TO STATE A CLAIM UNDER FED.R.CIV.P. 12(B)(6)**

The Counter-Plaintiff/Defendant fails to state a claim for which relief should be granted. The Counter-Plaintiff/Defendant must show evidence of legitimate proof of prior use in commerce to claim protection under 15 U.S.C. §1120. Yet, the Counter-Plaintiff/Defendant has failed to present any evidence demonstrating prior use in commerce. Without such proof, the Counter-Plaintiff's/Defendant's claim under 15 U.S.C. §1120 cannot succeed.

4. **CONCLUSION FOR MOTION TO DISMISS COUNT II- VIOLATION OF 15 U.S.C. §1120**

For these reasons, we respectfully submit that this Court should dismiss Count II of the Counter-Plaintiff's/Defendant's complaint. The Counter-Plaintiff/Defendant lacks the necessary standing to bring this claim and has failed to state a claim for which relief can be granted.

**H.     MOTION TO DISMISS COUNT III- VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

The Counter-Defendant/Plaintiff respectfully request submit that this Court should dismiss Count III of the Counter-Plaintiff's complaint, which alleges a violation of the Florida Deceptive and Unfair Trade Practices Act. The Counter-Plaintiff's claim under this count should be dismissed for two primary reasons: the statute of limitations has expired, and the Counter-Plaintiff lacks standing due to non-use and abandonment of the mark.

**1. NO COMMON LAW OWNERSHIP EXISTS**

The elements of a cause of action for injunctive relief under Florida's common law of unfair competition based on trademark infringement are clearly laid out in the *Gulf Coast Commercial Corp. v. Gordon River Hotel*

*Assoc.*, 508 F. Supp. 2d 1157 (M.D. Fla. 2007) decision. As the Court noted, a plaintiff must establish (1) adoption and use of the disputed mark; (2) the mark's acquisition of secondary meaning; (3) the defendant's use of a confusingly similar mark; and (4) a likelihood of customer confusion.

However, Blush Bar's claim fails at the first requirement, as it abandoned its mark in April 2020 and has not used the mark since April 2017. Therefore, the Counter-Plaintiff lacks the necessary standing to bring this claim, as it does not currently use the mark in commerce and cannot establish valid ownership.

Moreover, the statute of limitations for a claim under the Florida Deceptive and Unfair Trade Practices Act is four years. As the Counter-Plaintiff abandoned the mark in April 2020 and has not used the mark since April 2017, the statute of limitations has expired, and the Counter-Plaintiff's claim is time-barred.

Lastly, the Counter-Plaintiff fails to demonstrate any of the grounds for irreparable injury necessary for a preliminary injunction in the context of trademarks. According to *7-Eleven, Inc. v. Kapoor Bros. Inc.*, 977 F. Supp. 2d 1211 (M.D. Fla. 2013), these grounds include loss of control of reputation, loss of trade, loss of goodwill, and the possibility of confusion.

Since the Counter-Plaintiff abandoned its mark and has not used it since April 2017, it cannot establish any such grounds for irreparable injury.

For these reasons, we respectfully request that this Court dismiss Count III of the Counter-Plaintiff's complaint. The Counter-Plaintiff lacks the necessary standing to bring this claim, the statute of limitations has expired, and the Counter-Plaintiff fails to demonstrate any grounds for irreparable injury.

**I.     To The Extent The Counterclaims Are Not Dismissed By This Court, Blush Bar Has Improperly Made A Claim For Attorney's Fees Against TBATB Under Counts I, II and III And Such Claim Should Be Stricken.**

Rule 12(f) of Fed. R. Civ. P. provides that a Court may strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. A prayer for relief not available under applicable law, or which asserts a damage claim in excess of maximum recovery permitted by law, is properly subject the subject of a motion to strike. *Johnson v. Metropolitan Sewer Dist.*, 926 F.Supp. 874 (E.D. Mo.1996).

Litigants in the United States must follow the so-called "American rule" for attorneys' fees. A litigant cannot collect attorneys' fees from the

losing party unless a statute or contract provides for the award, or the losing party willfully disobeyed a court order or brought suit in bad faith. *Alyeska Pipeline Serv. v. Wilderness Soc'y*, 421 U.S. 240, 247, 257-60 (1975); *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717-18 (1967); *Prudential-Bache Sec., Inc. v. Depew*, 814 F. Supp. 1081, 1082-83 (M.D. Fla. 1993).

Blush Bar's claims for violation of 15 §1220, in Count II of its Counterclaim fails to allege or otherwise set forth an applicable basis under a contract or statute in either state or federal law to allow for the recovery of attorneys' fees against TBATB on such claims. As a result, to the extent Count II is not dismissed by this Court for the reasons set forth above, this Court should strike Blush Bar's requests for attorney's fees in the Counterclaim.

## IV.   CONCLUSION

For the foregoing reasons, TBATB respectfully request that the Court dismiss Blush Bar's Counterclaim or, in the alternative, require a more definite statement and strike its requests for attorneys' fees and punitive damages.

29

DATED this 20th day of August , 2023

Respectfully submitted by:

STOKES LAW GROUP, PLLC

/s/Shaunette Stokes
Shaunette Stokes, Esq.
Florida Bar No. 109278
10150 Highland Manor Drive, Suite 200
Tampa, Florida 33610
(813) 444-4156 -Office
(813) 702-1976 - Facsimile
shaunette@stokeslegalcounsel.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th  day of AUGUST, 2023, I

electronically filed the foregoing with the Clerk of the Court using the

EC/MF portal and that a true and correct copy of the foregoing has been

served via electronic mail or other authorized method of service upon:

Shannon Alexis Ligon
111 N. Orange Ave., Suite 800
Orlando, FL 32801
Email: saligon@fltriallawyers.com
Counsel for Counter-Plaintiff/Defendants

Joseph M. Coleman, Esquire
COLEMAN LITIGATION PA

4851 Tamiami Trail N. Ste. 200
Naples, FL 34103
Primary E-mail: jcoleman@colemanlit.com
Counter-Plaintiff/Defendants

STOKES LAW GROUP, PLLC

/s/Shaunette Stokes
Shaunette Stokes, Esq.
Florida Bar No. 109278
10150 Highland Manor Drive, Suite 200
Tampa, Florida 33610
(813) 444-4156 -Office
(813) 702-1976 - Facsimile
shaunette@stokeslegalcounsel.com
Attorney for Plaintiff



**Aicha Ayana**

Exhibit A

Hi Terika.

I have actually been advised to not hold any conversation with you. Out of respect, I will say this- I have honored you and your event when I saw you posting a year after our 2018 initial event. I am really big about wanting to see everyone win so you having your event name similar to ours after our event did not bother me.

My attorney is working to gather all of our flyers from our beauty events as well as eventbrite links to reflect our event history and to provide our own cease and desist to you all. I'm sorry you were perhaps not aware of our previous events, however they've existed since 2017/2018.

I wish you blessings over your business and brand.





     Aa