UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE BEAUTIES AND
THE BRANDS, LLC,

    Plaintiff,

v.                                          CASE NO. 8:23-cv-821-SDM-TGW

BLUSH BAR TAMPA, LLC,
and AICHA YODER,

    Defendant.
_____/

**ORDER**

    The plaintiff sues the defendants and asserts that the defendants violated the plaintiff's trademark. Aicha Yoder answers (Doc. 37) and asserts four affirmative defenses. Blush Bar Tampa, LLC, answers (Doc. 38), asserts three affirmative defenses, and asserts two counterclaims.

    The plaintiff moves (Doc. 42) to dismiss each counterclaim or, in the alternative, for a more definite statement and to strike the claim for an attorney's fee; moves (Doc. 43) to strike Blush Bar's affirmative defenses; and moves (Doc. 44) to strike Yoder's affirmative defenses. No response appears. In accord with Local Rule 3.01(c), the motion is treated as unopposed.

    Rule 8(a)(2), Federal Rules of Civil Procedure, requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim for relief the complaint must comprise facts adequate to

render plausible each element of the claim. *Watts v. Florida Int'l. Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). A plaintiff must plead more than "a formulaic recitation of a cause of action's elements." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A successful complaint must bolster with supporting facts each legal assertion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Each counterclaim that Blush Bar asserts relies on Blush Bar's "pre-existing common law rights to use the [trademark]." (Doc. 38 ¶ 35) To support the common law trademark's existence, Blush Bar alleges that Blush Bar used the trademark in 2017 advertisements. The counterclaim lacks additional factual support. Because the sparse facts fail to support the contention that Blush Bar enjoyed a right to the trademark, each counterclaim fails. Further, Blush Bar's allegations of the injury that Blush Bar suffered are vague and conclusory. *Insight Sec., Inc. v. Deutsche Bank Tr. Co. Americas*, 2022 WL 2313980, at *5 (11th Cir. 2022) ("[V]ague, conclusory allegations of damages are not enough to survive a motion to dismiss.").

## Conclusion

For these reasons and the reasons in the motion, the motion (Doc. 42) to dismiss is **GRANTED**. The motion (Doc. 42) for a more definite statement and to strike the claim for an attorney's fee is **DENIED**. Each motion (Docs. 43 and 44) to strike the affirmative defenses is **DENIED**. No later than **NOVEMBER 17, 2023**, Blush Bar may amend the pleading. If Blush Bar fails to amend timely or if the

amended pleading fails to state a claim, an order will dismiss each counterclaim with prejudice.

ORDERED in Tampa, Florida, on November 3, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE