UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:23-cv-00821

THE BEAUTIES AND THE BRANDS, LLC,

Plaintiff,

v.

AICHA YODER, *et. al*,

Defendants.

_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SPOILATION SANCTIONS

AICHA YODER and THE BLUSH BAR TAMPA, LLC ("**Defendants**"), hereby file this Response in Opposition to Plaintiff's Motion for Spoilation Sanctions [D.E. 60] and to strike Plaintiff's Motion for Spoilation Sanctions [D.E. 60] which contains confidential mediation statements in willful and intentional violation of Local Rule 4.03(g), this Court's Order of Referral to Mediation [D.E. 31], and Florida Statute § 44.405, and in support state:

### INTRODUCTION

Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions. *See Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir.1993). The Supreme Court has warned that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991).

As a threshold matter, Plaintiff has utterly failed to articulate an intelligible basis for its request for a "referral for criminal prosecution"[1] which does not merit any use of the Court's resources for consideration.[2] Plaintiff has not stated clear and convincing facts which demonstrate that Defendants have acted in bad faith or abused the judicial process.[3]

On the contrary, Plaintiff and its counsel have themselves violated, Local Rule 4.03(g), Florida Statute § 44.405, and Paragraph (e)(5) of this Court's Order of Referral to Mediation [D.E. 31] by filing Plaintiff's Motion for Sanctions which contains Defendants' confidential mediation statements in the public record.[4] Plaintiff and its counsel should be sanctioned for their violation including, but not limited to, an order requiring Plaintiff not further violate the Court's Order [D.E. 31] and awarding Defendants their attorney fees and costs for preparing and defending against Plaintiff's Motion for Sanctions.

In support if its Motion for Sanctions, apart from disclosing protected mediation communications, Plaintiff also claims that Defendants have obstructed the discovery process by restricting Plaintiff's counsel's access to Defendants' social media pages.[5]

---

[1] *See* D.E. 60 at pp. 23 - 24.
[2] *See Booker v. Dugger,* 825 F.2d 281, 283–84 (11th Cir. 1987) ("Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud.").
[3] *See In re Mroz,* 65 F.3d 1567, 1575 (11th Cir.1995) (To exercise its inherent power to impose severe sanctions a court must find that the party acted in bad faith.).
[4] *See* D.E.60, *generally*.
[5] *Id*. at ¶¶ 17 - 18.

However, as explained herein, Plaintiff's allegations do not form a basis for a claim of spoliation.[6]

## MEMORANDUM OF LAW

### I. The Court's Inherent Power to Impose Sanctions

"The sources of the [c]ourt's authority to impose sanctions are many. Courts have the inherent power to sanction parties, lawyers, or both for engaging in conduct that abuses the judicial process.[7] "The inherent power of the Court can be invoked even if procedural rules exist which sanction the same conduct. [8]

Courts have the inherent authority to impose "reasonable and appropriate" sanctions in the proceedings before them.[9] However, "[t]he Court's inherent power rests upon a finding of bad faith and should be exercised 'with restraint and discretion.'"[10]

### a. Spoliation

Spoliation is defined as the "destruction" of evidence or the "'significant and meaningful alteration of a document or instrument.'"[11] Spoliation of electronically stored information (ESI) is governed by Federal Rule of Civil Procedure 37(e), which applies to

---

[6] *See Jost v. Lakeland Reg'l Med. Ctr.*, 844 So.2d 656, 658 (Fla.Dist.Ct.App.2003); *Florida Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1043 (11th Cir. 2006).
[7] *Danubis Grp., LLC v. Landmark Am. Ins. Co.*, No. 6:14-CV-32-ORL-37DAB, 2015 WL 12823368, at *14 (M.D. Fla. Jan. 28, 2015), *report and recommendation adopted*, No. 6:14-CV-32-ORL-37DAB, 2015 WL 12826540 (M.D. Fla. Mar. 5, 2015), *aff'd,* 685 F. App'x 792 (11th Cir. 2017) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)).
[8] *Id.*
[9] *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (citing *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993)).
[10] *Gonzalez v. Bus. Representation Int'l, Inc.*, 248 F.R.D. 644, 646 (S.D. Fla. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001)).
[11] *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1308 (11th Cir. 2003); *Aldrich v. Roche Biomedical Labs., Inc.,* 737 So.2d 1124, 1125 (Fla.Dist.Ct.App.1999)(quoting Black's Law Dictionary 1401 (6th ed.1990)).

all civil cases commenced after December 1, 2015.[12] As a consequence, Rule 37(e) "foreclose reliance on inherent authority to ... determine when certain measures should be used." [13]

The text of Rule 37 provides:

(e) If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
    (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
    (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
        (A) presume that the lost information was unfavorable to the party;
        (B) instruct the jury that it may or must presume the information was unfavorable to the party;
        (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37. Thus, assuming sanctions are justified, the severity of the sanctions imposed are determined by the spoliating party's culpability in depriving its opponents of the information.[14] The Rule 37(e) determination is governed by a multi-step analysis. *See Wooden*, 2017 WL 5140518, at *5.

The first step asks whether "there was a duty to preserve the data in issue." *Id*. If the Court determines that no such duty exists, the analysis ends. *Id*. at *7. Otherwise, the Court proceeds to answer whether "reasonable steps [were] taken to avoid the loss of the data." *Id*. at *5. Should the Court conclude that reasonable steps were not taken, and if the lost data cannot be acquired through other means of discovery, the Court must

---

[12] *See Wooden v. Barrineer*, No. 3:16-CV-446-MCR-GRJ, 2017 WL 5140518, at *3 (N.D. Fla. Nov. 6, 2017) ("[W]hen dealing with ESI, Federal Rule of Civil Procedure 37(e) now governs a district court's power to sanction a party for spoliation of electronically stored information.").
[13] *Id.* (quoting Fed. R. Civ. P. 37 Advisory Committee's Note (2015) ).
[14] *In re Disposable Contact Lens Antitrust*, 329 F.R.D. 336, 429 (M.D. Fla. 2018).

determine whether and to what extent the loss of information prejudiced the other party. *Id.* "If so, the Court may impose 'measures no greater than necessary to cure the prejudice.'" *Id.* (quoting Fed. R. Civ. P. 37(e)(1)). However, should the Court find that the data was lost "with the intent to deprive another party of the information's use in the litigation," the Court may impose the harsher sanctions delineated in Rule 37(e)(2).

Rule 37(e), however, "does not apply when information is lost before a duty to preserve arises." Fed. R. Civ. P. 37(e) Advisory Committee's Note (2015); *Wooden*, 2017 WL 5140518, at *7 ("If the Court finds [a party]... did not have a duty to preserve the evidence, the analysis ends.").[8] Generally, a party's preservation duties attach only to evidence within that party's possession, custody, or control.[15]

### b. The Alleged Conduct does not Constitute Spoliation.

The moving party carries the burden of proof. "To establish spoliation, the party seeking sanctions must prove several things; first, that the missing evidence existed at one time; second, that the alleged spoliator had a duty to preserve the evidence; and third, that the evidence was crucial to the movant being able to prove its prima facie case or defense."[16] Even if all three elements are met, "[a] party's failure to preserve evidence

---

[8] *See Watson v. Edelen*, 76 F.Supp.3d 1332, 1343 (N.D. Fla. 2015) ("For a spoliation sanction to apply, it is essential that the evidence in question be within the party's control, that is, the party actually destroyed or was privy to the destruction of the evidence. Further, the party having control over the evidence must have an obligation to preserve it at the time it was destroyed ....").
[15] A party may nonetheless "be in control of information that it does not own or physically possess." *Selectica, Inc. v. Novatus. Inc.*, No. 6:13-CV-1708-ORL-40, 2015 WL 1125051, at *4 (M.D. Fla. Mar. 12, 2015). "Control has been construed broadly by the courts as the legal right, authority or practical ability to obtain the materials sought on demand" *Id.* (quoting *NASDAQ Market-Makers Antitrust Litigation*, 169 F.R.D. 493, 530 (S.D.N.Y. 1996) ) (internal quotation marks omitted).
[16] *Walter v. Carnival Corp.*, No. 09-20962-CIV, 2010 WL 2927962, at *2 (S.D. Fla. July 23, 2010) (citing *Floeter v. City of Orlando*, 6:05–cv–400–Orl–22KRS, 2007 WL 486633, at *5 (M.D. Fla. Feb. 9, 2007)).

rises to the level of sanctionable spoliation 'only where the absences of that evidence is predicated on bad faith,' such as where a party purposely loses or destroys relevant evidence."[17] If direct evidence of bad faith is unavailable, the moving party may establish bad faith through circumstantial evidence. [18] The following constitutes circumstantial evidence of bad faith:

> (1) evidence once existed that could fairly be supposed to have been material to the proof or defense of a claim at issue in the case; (2) the spoliating party engaged in an affirmative act causing the evidence to be lost; (3) the spoliating party did so while it knew or should have known of its duty to preserve the evidence; and (4) the affirmative act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator.

*Walter*, 2010 WL 2927962, at *2 (citing *Calixto v. Watson Bowman Acme Corp.*, No. 07-60077-CIV, 2009 WL 3823390, at *16 (S.D. Fla. Nov. 16, 2009)). The party seeking the sanctions must establish all four of these factors where there is no direct evidence of bad

---

[17] *Id.* at *2 (citing *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997)) (adverse inference from party's failure to preserve evidence must be predicated on bad faith). "Courts in this district have interpreted 'bad faith' in the spoliation context to not require a showing of malice or ill-will, but rather conduct evidencing more than mere negligence." *Penick v. Harbor Freight Tools, USA, Inc.*, 481 F. Supp. 3d 1286, 1293 (S.D. Fla. 2020); *See, e.g., Austrum v. Fed. Cleaning Contractors, Inc.,* 149 F. Supp. 3d 1343, 1350–51 (S.D. Fla. 2016) (noting that in the spoliation context, "bad faith" "does not require malice and is defined by weighing 'the degree of the spoliator's culpability against the prejudice to the opposing party.' Furthermore, the spoliator's degree of culpability must be more than mere negligence") (internal citation omitted); *Bos. Boat III*, 310 F.R.D. at 514 ("Because the Eleventh Circuit's decision in *Green Leaf Nursery [ v. E.I. DuPont De Nemours and Co*., 341 F.3d 1292 (11th Cir. 2003)] did not include 'intentional' in its definition of the destruction of evidence requirement for spoliation, the Undersigned will not include that requirement in the analysis."); *Schultze v. 2K Clevelander, LLC*, No. 17-CV-22684, 2018 WL 4859071, at *6 (S.D. Fla. Oct. 4, 2018) (bad faith spoliation existed even though defendant's destruction of documents was "systematic and regular"); *Long v. Celebrity Cruises, Inc.*, No. 12-22807-CIV, 2013 WL 12092088, at *7 (S.D. Fla. July 31, 2013) (granting in part motion for sanctions based on spoliation of evidence, and explaining that " 'bad faith' is not limited to acts of malice or willful intent.
[18] *Id.* at 1292; *see also Atl. Sea Co. v. Anais Worldwide Shipping, Inc.*, No. 08-23079-CIV, 2010 WL 2346665, at *2 (S.D. Fla. June 9, 2010) (noting that where the movant "offer[s] no direct evidence of bad faith, … this Court must assess the circumstantial evidence of bad faith under the standard set forth in *Calixto*.").

faith. [19] "Because this Circuit requires a showing of bad faith before sanctioning a party when there is spoliation of evidence, courts in this Circuit must refrain from imposing sanctions when no bad faith is shown."[20]

Here, Plaintiff falls woefully short. As the basis for its spoliation allegations, Plaintiff has alleged that Defendants blocked Plaintiffs' counsel from social media and took steps to conceal evidence. *See* D.E. 60 at p. 5. However, Plaintiff has failed to articulate a claim for spoliation because even assuming *arguendo* Defendants engaged in concealment, concealment does not constitute spoliation because such conduct is covered by the litigation privilege. Concealment of evidence, however, does not form a basis for a claim of spoliation. *See, e.g., Florida Evergreen Foliage v. DuPont,* 165 F.Supp.2d 1345, 1360 (S.D.Fla.2001) (concluding that "'concealment' of evidence is not actionable under Florida law"). [21] Accordingly, Plaintiff's Motion should be denied.

## II. <u>Plaintiff Has Failed to Provide Clear and Convincing Evidence that Defendants engaged in Bad Faith.</u>

Plaintiff has alleged that Defendants have engaged in "acts of spoliation and fraudulent conduct" that "goes beyond bad faith and potentially constitutes fraud upon

---

[19] *Calixto,* 2009 WL 3823390, at *16 (stating that "in this Circuit, bad faith may be found on circumstantial evidence where all of the [aforementioned] hallmarks are present").

[20] *In Matter of Complaint of Bos. Boat III, L.L.C.*, 310 F.R.D. 510, 516 (S.D. Fla. 2015) (noting that "even grossly negligent conduct would not justify [an adverse inference] jury instruction when it is not accompanied by bad faith").

[21] *See also Jost v. Lakeland Regional Med. Ctr.,* 844 So.2d 656, 658 (Fla.Dist.Ct.App.2003) ("Concealment of evidence, however, does not form a basis for a claim of spoliation."); *Regal Marble, Inc. v. Drexel Investments, Inc.,* 568 So.2d 1281, 1282 (Fla.Dist.Ct.App.1990) (finding no cause of action for the deliberate introduction of alleged false exhibits into evidence in a prior case); *Perl v. Omni Int'l of Miami, Ltd.,* 439 So.2d 316, 317 (Fla.Dist.Ct.App.1983) (finding that litigation immunity barred a damages claim for "fraud, perjury, and forgery" based on "alleged false testimony and alleged false documentary evidence").

the Court."[22] Plaintiff has requested that Defendants and defense counsel be referred for criminal prosecution pursuant to the Court's inherent authority to regulate proceedings and sanction litigants for abusive practices, as articulated in cases like *Vargas v. Peltz,* 901 F. Supp. 1572 (S.D. Fla. 1995) and *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332 (11th Cir. 2002).[23]

"Generally, 'only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court.'"[24] Furthermore, if a court finds clear and convincing evidence of "'serious and repeated instances of litigation misconduct, the [c]ourt must then 'calibrate the scales' in determining what sanction corresponds to the misconduct,'" and whether a sanction less than dismissal will "'sufficiently punish and deter the abusive conduct.'"[25] "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence

---

[22] D.E.60 at p. 22.
[23] D.E.60 at p. 24.
[24] *Patterson v. Lew*, 265 Fed.Appx. 767, 768–69 (11th Cir. 2008) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)); *see also S.E.C. v. ESM Gr., Inc.*, 835 F.2d 270, 273 (11th Cir. 1988) (quoting *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985)) (noting that fraud upon the court embraces "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication").
[25] *Qantum Commn'cs Corp. v. Star Broadcasting, Inc.*, 473 F. Supp. 2d 1249, 1277 (S.D. Fla. 2007) (quoting *Shepherd v. Am. Broadcasting Companies*, 62 F.3d 1469, 1472–73 (D.C. Cir. 1995)); *see also Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993) (a court must make "a finding that lesser sanctions would not suffice").

of fraud."[26] The mere nondisclosure of allegedly pertinent facts does not ordinarily rise to the level of fraud on the court. [27]

The Eleventh Circuit has noted that "'[t]he key to unlocking a court's inherent power is a finding of bad faith.'"[28] Bad faith is present "if a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled,'" or if "a party 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.'"[29] In general, "the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders."[30] When exercising its inherent power, the court must comply with due process in determining bad faith and affixing sanctions.[31] Because the inherent power sanctions of dismissal and default serve the same purposes as contempt, in other words, "vindicat[ing] the District Court's authority over a recalcitrant litigant,"[32] these sanctions require the same standard of proof, which is clear and convincing evidence. [33]

---

[26] *Booker v. Dugger,* 825 F.2d 281, 283–84 (11th Cir. 1987) (citations, internal quotations marks, and alterations omitted).
[27] *Gupta v. U.S. Atty. Gen.*, 556 Fed. Appx. 838, 840–41 (11th Cir. 2014)
[28] *Byrne v. Nezhat,* 261 F.3d 1075, 1106 (11th Cir.2001) (quoting *Barnes v. Dalton,* 158 F.3d 1212, 1214 (11th Cir.1998)); *see also In re Mroz,* 65 F.3d 1567, 1575 (11th Cir.1995) ("Invocation of a Court's inherent power requires a finding of bad faith.").
[29] *Chambers,* 501 U.S. at 46 (quotations and citations omitted).
[30] *In re Sunshine Jr. Stores, Inc.,* 456 F.3d at 1306 (internal citation and quotation omitted).
[31] *Chambers,* 501 U.S. at 50.
[32] *id.* at 53 (internal quotation and citation omitted)
[33] *Qantum Comms. Corp. v. Star Broadcasting, Inc.,* 473 F.Supp.2d 1249, 1277 (S.D.Fla.2007) (finding by clear and convincing evidence that defendant engaged in abusive conduct and that no sanction less than default judgment and fees would sufficiently deter and punish such conduct); *Chemtall, Inc. v. Citi–Chem, Inc.,* 992 F.Supp. 1390, 1408 (S.D.Ga.1998) (observing that district court may use its inherent power to enter a default judgment only if it finds by clear and convincing evidence that the abusive behavior occurred and that lesser sanction would not suffice).

Additionally, it is well-settled that Rule 37 confers broad discretion upon the district court to fashion appropriate sanctions for the violation of discovery orders.[34] This discretion, however, is not unbridled.[35] Entering a default judgment pursuant to Rule 37 is appropriate as "only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders."[36] It is an abuse of discretion for the court to enter a default judgment if lesser sanctions would suffice.[37]

In this case, Plaintiff has fallen woefully short of establishing a basis for sanctions by clear and convincing evidence. The allegations in Plaintiff's motion are "stream of conscious ramblings, unsupported by facts, documents, affidavits or anything else." In *Bonar v. Dean Witter Reynolds*, Inc., 835 F.2d 1378, 1383 (11th Cir.1988), the court found that affidavits and letters from individuals contradicting an expert witness's testimony as to his own qualifications furnished clear and convincing evidence of the witness's perjury. *Id*. at 1384. In the present case, Plaintiff states a myriad of irrelevant anecdotes which Plaintiff claims demonstrates that "altered evidence was presented at mediation." *See* D.E. 60 pp. 5-7. Not only has Plaintiff failed to submit any affidavits, Plaintiff has endeavored to construct a false narrative to support its Motion for Sanctions in order to create leverage against Defendants as a means of extracting a favorable settlement from Defendant. Plaintiff's assertions do not amount to evidence of bad faith on the part of Defendants, let alone clear and convincing evidence.[38] Moreover, Defendants'

---

[34] *See United States v. Certain Real Property Located at Route 1, Bryant, Ala.,* 126 F.3d 1314, 1317 (11th Cir.1997) (citing *Malautea v. Suzuki Motor Co.,* 987 F.2d 1536, 1542 (11th Cir.1993)).
[35] *Wouters v. Martin County,* 9 F.3d 924, 933 (11th Cir.1993).
[36] *Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546, 1556 (11th Cir.1986).
[37] *Id.*
[38] See O'Rear v. Am. Family Life Assur. Co. of Columbus, Inc., 817 F. Supp. 113, 115 (M.D. Fla. 1993).

representative has provided sworn testimony that no documents presented at mediation have been altered and/or manipulated as alleged conclusorily by Plaintiff.[39]

The instant case is distinguishable from the cases referred to by Plaintiff [40] because Plaintiff has failed to provide *clear and convincing* evidence that Defendants altered and/or manipulated documents. Plaintiff places central reliance upon *Vargas v. Peltz*, 901 F. Supp. 1572 (S.D. Fla. 1995)—a case where the court dismissed the suit with prejudice because the plaintiff had perpetrated a fraud upon the court by fabricating evidence and offering fictionalized testimony. In *Vargas*, the plaintiff, a maid, brought claims of assault, battery, and infliction of emotional distress against the defendants, a management company and one of its officers, on the grounds that the officer asked her to put on a pair of women's underwear and pose for his own gratification. *See id.* at 1573. During her deposition, the plaintiff produced women's underwear which she claimed was the actual underwear the officer asked her to pose with. *See id.* at 1574. It was later revealed that the panties were "entirely fabricated," and moreover, that plaintiff's "supporting testimony [was] utterly false." *Id.* at 1575.

The plaintiff in *Vargas* also filed an *ex parte* emergency motion for a temporary restraining order stating that representatives of the defendant management company made threats against her family living in Costa Rica. *See id.* This accusation turned out to be completely false. *See id.* To further exacerbate the situation, the plaintiff attempted to

---

[39] *See* Declaration of Aicha Yoder, attached hereto as **Exhibit 'A'**.
[40] *Andreus v. Glob. Resorts Grp., Corp.*, No. 19-23993-CIV, 2020 WL 3270707 (S.D. Fla. Apr. 14, 2020), report and recommendation adopted, No. 19-23993-CIV, 2020 WL 3268349 (S.D. Fla. June 17, 2020) and *Collado v. Enter. Leasing Co. of Fla.*, LLC, No. 17-80121-CV, 2017 WL 11704329 (S.D. Fla. Aug. 3, 2017)

"augment her unfounded claims of threats" by presenting sworn testimony suggesting the management company had "attempted to 'lure' her to Costa Rica to prevent her from prosecuting th[e] case." *Id.* Specifically, "[p]laintiff attempted to persuade the Court that Elliot Management—through its investigator, Carlos Graham, a United States Embassy employee in Costa Rica—fraudulently arranged for … [a] State Department letter to be sent to Plaintiff, purportedly scheduling Plaintiff for an immigration appointment in Costa Rica." *Id.* at 1577. It was later revealed that the letter had been issued "as a direct result of the proceedings which the plaintiff herself instituted to become a permanent resident in the United States." *Id.* The court concluded the plaintiff had "lied and presented false evidence to the [c]ourt when she testified and introduced the State Department letter." *Id.* at 1578. In sum, based upon "numerous acts of perjury, fabrication of evidence, obstruction of justice, and obstruction of discovery which … resulted in a gross abuse of the discovery and judicial process," the court held that plaintiff had perpetrated a fraud upon the court, and as a sanction dismissed her case. *Id.* at 1582–83.

Here, *arguendo*, to the extent that Defendants' alleged behavior in the present case evidences a "persistent pattern of misconduct," it shares no similarities with that of the plaintiff in *Vargas*. A close inspection of the alleged bad faith actions in this case reveals that the claimed misconduct is substantially less severe than that in *Vargas*, and therefore the clear and convincing standard has not been satisfied. *See Trussell v. Quest Diagnostics, Inc.*, No. 8:09–cv–811–T–33AEP, 2010 WL 1223890, at *1 (M.D. Fla. March 24, 2010) ("The scheme to commit fraud on the court must be proved by clear and convincing evidence.").

First, Defendant has not engaged in any misconduct. However, *arguendo*, unlike the Plaintiff in *Vargas*, Defendants are not accused of manufacturing evidence. Manufactured evidence is one of the most "egregious" forms of misconduct,[41] and it is the primary misconduct upon which the *Vargas* court's and the analysis of other courts is centered. *See Vargas*, 901 F. Supp. at 1579–82 [42]. Second, the litigation abuses Plaintiff has alleged Defendants committed do not rise to the level of the "intentional and fraudulent 'bad faith' litigation misconduct" at issue in *Vargas* (i.e., voluminous and substantial false evidence, perjury, and discovery process obstructions), or in similar cases dismissed for fraudulent behavior. *Vargas*, 901 F. Supp. at 1582.[43] Finally, Plaintiff's assertion that "Defendants contradicted their own mediation presentation in their response to Interrogatory #3" and "failed to provide any corroborative evidence for the events they claimed to have hosted in 2017 and 2018"[44] is insufficient to meet the clear and convincing standard, particularly where Plaintiff acknowledges that Defendants have asserted a priority claim based on use of the "Beauty & the Brand" mark in 2017. (*See* D.E.

---

[41] *Patterson*, 265 Fed.Appx. at 768 (citing *Rozier*, 573 F.2d at 1338)
[42] *see also McDowell v. Seaboard Farms of Athens, Inc.*, No. 95–609–CIV–ORL–19, 1996 WL 684140, at *8 (M.D. Fla. Nov. 4, 1996) (dismissing case with prejudice for "[n]ot only has Plaintiff fabricated evidence that would have apparently been the linchpin of his case, Plaintiff has perjured himself in his deposition testimony and in his testimony at the hearing")
[43] *see Qantum Commn'cs Corp.*, 473 F. Supp. 2d at 1277 (entering default judgment as to liability where clear and convincing evidence showed one defendant lied under oath at his deposition, defendants sought to mislead plaintiff by failing to disclose key documents, defendants acted in bad faith in stalling the litigation by abusing the bankruptcy process, and defendants compounded the litigation by outrageous and untenable positions); *see also Patterson*, 265 Fed.Appx. at 769 (citing *ESM Gr.*, 835 F.2d at 273 (noting that even "perjury does not constitute fraud on the court")).
[44] D.E. 60 at p. 4, ¶ 14.

60, p. 4 at ¶11 (noting Defendants' allegations), considering that Rule 37(e), "does not apply when information is lost before a duty to preserve arises."[45]

Plaintiff has not provided clear and convincing evidence that Defendants have acted with the requisite bad faith necessary to punish them by entering sanctions.[46] Furthermore, even if the statements in the interrogatory answers could rise to the level of bad faith (which they do not), there are lesser sanctions available short of referral for criminal prosecution or involuntary dismissal of Defendant's counterclaim, which is "among the harshest of sanctions." *Vargas*, 901 F. Supp. At 1582 (quoting *Pope*, 138 F.R.D. at 683).

### III.   Motion to Strike Standard

The Federal Rules of Civil Procedure provide that "the court may order stricken from any pleading … any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Hutchings v. Fed. Ins. Co.,* 2008 WL 4186994 at *2 (M.D. Fla. Sept. 8, 2008). It is not intended to "procure the dismissal of all or part of a complaint." *Id.* Likewise, a motion to strike is a drastic remedy and is disfavored by the courts. *Reyher v. Trans World Airlines,* 881 F. Supp. 574, 576 (M.D. Fla. 1995). Therefore, a motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.*

---

[45] Fed. R. Civ. P. 37(e) Advisory Committee's Note (2015); *Wooden*, 2017 WL 5140518, at *7
[46] *C.f. Deforest v. Johnny Chisholm Global Events, LLC*, No. 3:08cv498/MCR/EMT, 2010 WL 1792094, at *9 (N.D. Fla. May 4, 2010) (finding defendant's violation of discovery orders were insufficient to establish bad faith rather than simple negligence or misunderstanding).

**IV. Plaintiff's Motion for Sanctions Should be Stricken from the Public Record.**

    **a. Plaintiff's Counsel has Clearly Violated this Court's Order of Referral to Mediation and Florida Statutes by Filing Confidential Mediation Statements Publicly on the Docket.**

Under Florida's Mediation Confidentiality and Privilege Act (the "Act"), Fla. Stat. §§ 44.401-06. "[a] mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel." *Bahrakis v. Zimmerman*, No. 8:19-CV-2948-T-24SPF, 2020 WL 8872587, at *1 (M.D. Fla. Apr. 20, 2020). [47] Inclusion of mediation statements in public court filings is a violation of the Act. *Leigh v. Avossa*, 2017 WL 3608244, at *2 (S.D. Fla. Aug. 21, 2017).[48] In addition, under Local Rule 4.03(g), M.D. Fla., "[a]ll discussion, representations and statements made at the mediation conference are privileged settlement negotiations.... nothing related to the mediation conference shall be admitted at trial or be subject to discovery." Fed. R. Evid. 408; Local Rule 4.03(g)."

This Court's Order of Referral to Mediation [D.E. 31] states in relevant part that "the substance of the mediation is confidential and that no party, lawyer, or other participant is bound by, may record, or without the judge's approval may disclose any event, including any statement confirming or denying a fact — except settlement — that occurs during the mediation." *See* D.E. 31 at (e)(5). Under Florida law, a "mediation

---

[47] The Act applies to all mediations conducted by a mediator certified by the Florida Supreme Court unless the parties specifically agree not to be bound by it. Fla. Stat. § 44.402. Plaintiffs do not allege any such agreement between the parties.

[48] However, the confidentiality provisions of the Act do not attach to "any mediation communication willfully used to plan a crime, commit or attempt a crime, conceal ongoing criminal activity, or threaten violence." Fla. Stat. § 44.405(4)(a)(2).

communication" is an "oral or written statement, or nonverbal conduct intended to make an assertion, by or to a mediation participant made during the course of a mediation, or prior to mediation if made in furtherance of a mediation." Fla. Stat. § 44.403(1). Florida law requires that all mediation communications shall be confidential unless they fall within a limited exception under the statute, none of which apply in this case. Fla. Stat. § 44.405(1). Additionally, a "mediation participant[49] shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel." *Id*.

Plaintiff's counsel has clearly willfully and intentionally violated D.E. 31, the local rules, and Florida statutes by filing the confidential mediation statements publicly on the docket [50] (i.e., Defendant's mediation presentation and descriptions of the parties communications at mediation, *inter alia*) after being informed of the applicable laws by Defendants' counsel.[51] Plaintiff and her counsel caused the disclosure of confidential settlement information in violation of the rules and Plaintiff's Motion for Sanctions should be stricken from the public record in order to preserve the integrity of the mediation process.

### b. **Defendants Are Entitled to an Award of Attorney Fees.**

Section 44.405 of the Act states that a violation of the prohibition on disclosing a mediation communication "may be remedied" by section 44.406. Fla. Stat. § 44.405(1). Section 44.406 in turn provides that any mediation participant "who

---

[49] "'Mediation participant' means a mediation party or a person who attends a mediation in person or by telephone, video conference, or other electronic means." § 44.403(2).
[50] *See* D.E. 60., p. 4, ¶ 12; pp. 6-7.; Exhibit H.
[51] *See* D.E. 60, Exhibits P and W

knowingly and willfully discloses a mediation communication … shall, upon application by any party to a court of competent jurisdiction, be subject to remedies, including: (a) Equitable relief. (b) Compensatory damages. (c) Attorney's fees, mediator's fees, and costs incurred in the mediation proceeding. (d) Reasonable attorney's fees and costs incurred in the application for remedies under this section." *Id.* § 44.406(1).

In the instant case, Plaintiff and its counsel knowingly and willfully disclosed mediation communications among the Parties in violation of this Court's Order of Referral to Mediation [D.E. 31], Local Rule 4.03(g), and Florida Statute 44.406, thereby exposing themselves to sanctions. *See* D.E. 60., p. 4, ¶ 12; pp. 6-7. Despite the express and clear language of this Court's Order of Referral to Mediation requiring that mediation statements be kept confidential to protect one of the judicial system's most sacrosanct processes, the Plaintiff disregarded this Court's Order, the local rules, and Florida Statutes.

Pursuant to the Act [52], the inherent authority and jurisdiction of the Court, and 28 U.S.C. § 1927, as well as Federal Rule of Civil Procedure 11(c) [53], the Court should award attorney fees expended by defense counsel in relation to Plaintiff's Motion for Sanctions. Moreover, Defendants were forced to file this Motion to Strike due to Plaintiff's counsel's

---

[52] Fla. Stat. § 44.406(1).
[53] Federal Rule of Civil Procedure 11 "permits an award of attorney's fees when an attorney violates Federal Rule 11," 28 U.S.C. § 1927 "permits an award of attorney's fees when an attorney multiplies proceedings unreasonably and vexatiously," and the Court's inherent power "permits an award of attorney's fees when an attorney acts in bad faith). *Parish–Carter v. Avossa, et al.,* 2017 WL 4355835, at *4 (citing *Purchasing Power, LLC v. Bluestem Brands, Inc.,* 851 F.3d 1218, 1223 (11th Cir. 2017); Fed. R. Civ. P. 11(b)(1)). *See Calton & Assocs., Inc. v. Simmers,* No. 8:20-cv-851-VMC-CPT, 2020 WL 5910104, at *1-2 (M.D. Fla. Oct. 6, 2020); *see Purchasing Power, LLC v. Bluestem Brands, Inc.,* 851 F.3d 1218, 1223 (11th Cir. 2017) (observing federal courts "have the inherent power to police those appearing before them").

improper filing of confidential mediation statements on the public docket[54]. An award of attorney's fees is appropriate because Plaintiff's counsel has acted in bad faith and has multiplied these proceedings unreasonably and vexatiously. Under the circumstances of this case, Plaintiff counsel's disregard for the Court's authority and egregious violation of the rules makes an award of sanctions in the form of attorneys' fees and costs, necessary and appropriate.

WHEREFORE, Defendants, AICHA YODER and THE BLUSH BAR TAMPA, LLC, respectfully request that this Honorable Court enter an Order: (1) Denying Plaintiff's Motion for Sanctions; (2) Requiring Plaintiff and Plaintiff's counsel to cease all further violations of this Court's Order [D.E. 31]; (3) Awarding Defendants the reasonable value of the attorneys' fees and costs expended by Defendants in preparing and prosecuting the motions; (4) Striking Plaintiff's Motion for Sanctions from the docket; and (5) Any such other and further relief that this Honorable Court deems just and appropriate.

**Respectfully submitted,**

November 17, 2023

**COLE, SCOTT & KISSANE, P.A.**
Counsel for Defendants *AICHA YODER, and THE BLUSH BAR TAMPA, LLC*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard,
Suite 1400
P.O. Box 569015
Miami, Florida 33256
Primary e-mail: justin.maya@csklegal.com

By: s/ Justin S. Maya
JUSTIN S. MAYA
Florida Bar No.: 126087

---

[54] *See* D.E. 60, Exhibits P and W.

CASE NO.: 8:23-cv-00821

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of November 2023, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

          COLE, SCOTT & KISSANE, P.A.
          Counsel for Defendants *AICHA YODER,*
          *and THE BLUSH BAR TAMPA, LLC*
          Cole, Scott & Kissane Building
          9150 South Dadeland Boulevard,
          Suite 1400
          P.O. Box 569015
          Miami, Florida 33256
          Telephone (786) 268-6752
          Facsimile (305) 373-2294
          Primary e-mail: justin.maya@csklegal.com

By:   s/ Justin S. Maya
       JUSTIN S. MAYA
       Florida Bar No.: 126087

0188.0472-00/-1