## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### CASE NO. 8:23-cv-00821

THE BEAUTIES AND
THE BRANDS, LLC,

      Plaintiff,

v.

AICHA YODER, and
THE BLUSH BAR TAMPA, LLC,

      Defendants,


THE BLUSH BAR TAMPA, LLC,

      Counter-Plaintiff,

v.

THE BEAUTIES AND
THE BRANDS, LLC,

      Counter-Defendant.

_____/

## THE BLUSH BAR TAMPA, LLC'S AMENDED COUNTERCLAIM AND
## DEMAND FOR JURY TRIAL

Counter-Plaintiff, The Blush Bar Tampa, LLC ("**Blush Bar**" or "**Counter-**

**Plaintiff**"), hereby files its Amended Counterclaim against The Beauties and the

Brands, LLC ("**Counter-Defendant**") and Demand for Jury Trial, and in support thereof, Blush Bar states the following:

## <u>NATURE OF THE ACTION</u>

1.     This is an action for a declaratory judgment arising from Defendant's allegations that Blush Bar infringed a service mark.

2.     In reality, the Counter-Defendant's use of the "The Beauties and The Brand" mark (the "**Subject Mark**") is generic and/or merely descriptive of services provided by Counter-Defendant – i.e., assisting so-called 'beauties' to build a brand (the so-called offered "**Services**"). Nothing about the Subject Mark warrants trademark protection under the law, as Counter-Defendant fails to show that the Subject Mark is inherently distinctive. Further, Counter-Defendant's use of the Subject Mark amounts to mere token use. Finally, upon information and belief, despite filing a Trademark Act Section 1(a) application for the Subject Mark, Counter-Defendant does not use the Subject Mark in *interstate commerce* for all services claimed in the Subject Mark's U.S. trademark application.

3.     Accordingly, the Blush Bar seeks declarations that: **(1)** Counter-Defendant lacks any protectable trademark rights in the Subject Mark under federal law due to trademark invalidity; **(2)** Counter-Defendant lacks any protectable trademark rights under Florida law due to trademark invalidity; **(3)** Counter-Plaintiff's use of "Beauties and The Brand" or variations or components thereof does not amount to trademark infringement or unfair competition under

federal law, and does not otherwise violate any provisions of 15 U.S.C. §§ 1114, and 1125 of the Lanham Act; **(4)** Counter-Plaintiff's use of "Beauties and the Brand" or variations or components thereof does not amount to trademark infringement or unfair competition under Florida law; and **(5)** Counter-Defendant's U.S. trademark registration should be cancelled on the principal registrar because the Subject Mark is generic, merely descriptive and not inherently distinct, and/or procured through fraud on the United States Patent and Trademark Office (USPTO).

## THE PARTIES

4.      Blush Bar is a Florida Limited Liability Company with its principal place of business located at 9250 Bay Plaza Blvd., Suite 311, Tampa, Florida 33619.

5.      Upon information and belief, Counter-Defendant is a Florida Limited Liability Company with its principal place of business located at 13546 Wild Ginger Street, Riverview, Florida, 33579.

6.      Upon information and belief, Counter-Defendant was formed in January 2021, with Terika Haynes listed as the owner, manager, and authorized member of the company, as filed in January 2021.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2202 to declare the rights of any party seeking a declaration, and subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. §

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

1121, because this action arises from Counter-Defendant's claim that Blush Bar's use of BEAUTY & THE BRAND or variations or components thereof infringe Counter-Defendant's purported federal and common law trademark rights. The Court also has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

8.      The Court has personal jurisdiction over Counter-Defendant because upon information and belief it resides in the Middle District of Florida and in Hillsborough County.

9.      The Court has general personal jurisdiction over Counter-Defendant because Counter-Defendant is incorporated in the State of Florida. The Court also has personal jurisdiction over Counter-Defendant under Fla. Stat. §48.193(1)(a) because Counter-Defendant resides in this State and/or is operating, conducting, engaging in, or carrying on a business or business venture in this state. Upon information and belief, Counter-Defendant primarily does business and has sufficient contacts within the Middle District of Florida.

10.      Counter-Defendant has availed itself to this Court in that, *inter alia*, it has filed the lawsuit *The Beauties and the Brands, LLC v. The Blush Bar Tampa, LLC, et. al.*, Case No. 8:23-cv-821, in the Middle District of Florida seeking the protections of this Court (the "**Lawsuit**").

11.      Venue is proper in this District under 28 U.S.C. §1391(b)(1) because Counter-Defendant resides within the Middle District of Florida.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

12.     Venue is proper in this Division under Local Rule 1.04(a) and (b) because the county with which this action is most directly connected is Hillsborough County.

## FACTUAL BACKGROUND

### I.     Counter-Plaintiff: Blush Bar

13.     Blush Bar operates a spa and beauty care business in Tampa, Florida that provides facial treatment, body care, and beauty care services.

14.     Blush Bar began offering one-on-one mentoring sessions to aspiring estheticians and other individuals in the spa and skin care industry to help coach them in the business and marketing side of the industry.

15.     In 2023, Blush Bar used the phrase BEAUTY & THE BRAND with advertising its one-on-one mentoring sessions. It is this use of BEAUTY & THE BRAND which gave rise to Counter-Defendant filing the Lawsuit against Blush Bar.

16.     Blush Bar used the phrase BEAUTY & THE BRAND in good faith because it was previously used on several occasions by Blush Bar's owner, Ms. Aicha Yoder, in connection with similar mentoring and group events for which Ms. Yoder offered to aspiring individuals.

17.     For example, in or around April of 2017, Yoder began using the phrase BEAUTY & THE BRAND BOOTCAMP when advertising a bootcamp for mentoring sessions in Tampa, Florida.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

18.    Thereafter, and with the intent to continue using BEAUTY & THE BRAND, in or around March of 2018, Yoder used the phrase BYOB BEAUTY AND BRAND BRUNCH with advertising a brunch for coaching services to persons in the spa and skin care industries.

19.    Again, in or around May of 2019, Yoder used BEAUTY AND BRAND with advertising a bootcamp for mentoring services.

20.    In 2020, Yoder formed Blush Bar, but due to the COVID-19 pandemic, Blush Bar did not offer mentoring services with BEAUTY AND BRAND. However, Blush Bar had the intent to continuing using BEAUTY AND BRAND.

21.    In or around January of 2021, Blush Bar resumed use of BEAUTY & THE BRAND with advertising a similar masterclass.

22.    Yoder and Blush Bar's use of the phrases, BEAUTY & THE BRAND BOOTCAMP, BYOB BEAUTY AND BRAND BRUNCH, BEAUTY AND BRAND, and BEAUTY & THE BRAND are the legal equivalents of the phrase, BEAUTY & THE BRAND.

23.    Indeed, the phrases, BEAUTY & THE BRAND BOOTCAMP, BYOB BEAUTY AND BRAND BRUNCH, BEAUTY AND BRAND, and BEAUTY & THE BRAND create the same and continuing commercial impression of the phrase BEAUTY & THE BRAND such that relevant consumers consider them to all be the same mark.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

24.     Each version of the phrase, BEAUTY & THE BRAND BOOTCAMP, BYOB BEAUTY AND BRAND BRUNCH, BEAUTY AND BRAND, and BEAUTY & THE BRAND are not materially different, nor do they alter the character or commercial impression of the phrase, BEAUTY & THE BRAND.

25.     By advertising BEAUTY & THE BRAND with mentoring-related services, Yoder and Blush Bar began developing Florida common law rights to use "BEAUTY & THE BRAND" in good faith with such services.

## II.     Counter-Defendant: The Beauties and The Brands, LLC

26.     Upon information and belief, formed in January 2021, Counter-Defendant is engaged in providing opportunities for start-ups to grow their brand.

27.     Upon information and belief, Counter-Defendant has alleged to put on "vision board" parties to help start-ups build their brand.

28.     Upon information and belief, Counter-Defendant has little-to-no sales to show for these vision board parties it claims to host.

29.     Counter-Defendant has alleged that it markets and promotes the Subject Mark through social media and magazines.

30.     Counter-Defendant, however, only has around 949 followers on Instagram, has little social media reach, and the last post on this Instagram account is from February 17, 2021. A true and correct copy of Counter-Defendant's Instagram account is shown below.



31.     Accordingly, upon information and belief, Counter-Defendant has de minimis exposure and reach on social media channels.

COLE, SCOTT & KISSANE, P.A.
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

### III.   <u>The Subject Mark's Lack of Distinctiveness</u>

32.   Counter-Defendant's Subject Mark is generic of the services provided: helping individuals to build a brand.

33.   Indeed, Counter-Defendant targets individuals looking to learn on how to build their brand, and Counter-Defendant refers to these individuals as "beauties." A true and correct copy of one of Counter-Defendant's Instagram posts referring to her potential customers as "beauties" is shown below:

**Intentionally Left Blank**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX



34. Upon information and belief, Counter-Defendant's relevant public and target audience identify themselves as "beauties."

COLE, SCOTT & KISSANE, P.A.
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

35.    As a result, Counter-Defendant is using the Subject Mark to attract these so-called "beauties" to attend Counter-Defendant's vision board parties in order to help these "beauties" build their "brands."

36.    Alternatively, Counter-Defendant uses the Subject Mark descriptively because Counter-Defendant targets "beauties with a brand." Indeed, Counter-Defendant's use of the Subject Mark is merely descriptive of the function, features, purposes, uses, qualities, and/or characteristics of the services provided by Counter-Defendant.

37.    The primary significance of the Subject Mark to the relevant public is the category of services provided under the Subject Mark: helping individuals build their brands.

38.    Thus, Counter-Defendant's use of the Subject Mark is a generic and/or merely descriptive (without secondary meaning) designation for the brand building services offered by Counter-Defendant.

39.    Upon information and belief, third-party usage of similar variations of "beauties" and "brands" and similar terms exist in abundance.

40.    Upon information and belief, term(s) comprising the word "beauties" and/or "brands" are commonly used in the beauty-related services and in the brand-building services to describe products and services in generic or merely descriptive contexts, and such terms including "beauties" and "brand" have been

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

widely and extensively used by third parties across the entire spectrum of beauty and brand services.

41.     Upon information and belief, this third-party usage extends to other individuals and/or businesses describing their services by using the same or similar words of "beauties" and "brand."

42.     Upon information and belief, third parties offer and sell competing or related products or services that use "beauties" and "brand," or variations thereof, without any restrictions, enforcement efforts, or quality control by the Counter-Defendant.

43.     Upon information and belief, Counter-Defendant engages in minimal promotion of the Subject Mark.

44.     Upon information and belief, Counter-Defendant's Subject Mark has received de minimis media coverage.

45.     Upon information and belief, Counter-Defendant has merely offered its services on very few and sporadic occasions.

46.     Upon information and belief, Counter-Defendant's sale of services in connection with Subject Mark are low.

47.     Moreover, Counter-Defendant has not garnered substantial sales from its services provided under the Subject Mark due to its inconsistent promotion and sporadic use of the Subject Mark.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

48.     Upon information and belief, Counter-Defendant does not sell any product that is labeled "BEAUTIES AND THE BRAND."

49.     As a result, Counter-Defendant use of the Subject Mark is not inherently distinct in that it does not have secondary meaning.

50.     As a result, Counter-Defendant has not created any substantial goodwill in connection with the Subject Mark, nor has Counter-Defendant developed any significant brand recognition of the Subject Mark.

## IV.     Counter-Defendant's U.S. Trademark Application for the Subject Mark

51.     On January 27, 2021, Counter-Defendant filed a federal trademark application through the United States Patent and Trademark Office for the phrase, "THE BEAUTIES AND THE BRANDS" (the "**January 27, 2021 Application**").

52.     A true and accurate copy of the January 27, 2021 Application is attached hereto and incorporated herein as **Exhibit "1"**.

53.      In this trademark application, Counter-Defendant claimed that January 1, 2019, was the first date that Counter-Defendant started using "THE BEAUTIES AND THE BRANDS" mark ("Counter-Defendant's Mark") in commerce. A true and correct copy of the federal trademark registration for THE BEAUTIES AND THE BRANDS with the listed first use in commerce date is shown below.



54.     However, prior to filing the January 27, 2021 Application, Counter-Defendant was aware that the Blush Bar had advertised specific services using BEAUTY & THE BRAND or variations thereof.

55.     For example, on October 1, 2019, Aicha Yoder, under the Facebook name Aicha Ayana, created a Facebook post to invite women to speak at a "Beauty and Brand type event for Blush." A true and correct copy of the Facebook post is shown below:

**COLE, SCOTT & KISSANE, P.A.**



56.     On that same day, October 1, 2019, Terika Haynes, the listed owner and manager of Counter-Defendant, Facebook messaged Yoder looking to take part in the event held by the Blush Bar under the Subject Mark. A true and correct copy of the Facebook message is listed below:



57.    Accordingly, as of this date, October 1, 2019, Terika Haynes knew or

should have known of Aicha Yoder's use of BEAUTY & THE BRAND (or variations

thereof) with mentoring-related services.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

58.     Counter-Defendant believed that if it filed a federal trademark application for Counter-Defendant's Subject Mark, Counter-Defendant could override the Blush Bar's rights to BEAUTY & THE BRAND, even though the Blush Bar began using BEAUTY & THE BRAND (or variations thereof) before Counter-Defendant.

59.     As part of the January 27, 2021 Application, Counter-Defendant swore, under penalty of perjury, that "[t]o the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemble as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

60.     When Counter-Defendant swore to this statement on January 27, 2021, Counter-Defendant knew the Blush Bar was advertising using BEAUTY & THE BRAND or variations thereof.

61.     When Counter-Defendant swore to this statement on January 27, 2021, Counter-Defendant knew the Blush Bar had previously advertised using BEAUTY & THE BRAND or variations thereof.

62.     When Counter-Defendant swore to this statement on January 27, 2021, Counter-Defendant believed BEAUTY & THE BRAND and Counter-Defendant's Subject Mark were substantially similar.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

63.     When Counter-Defendant swore to this statement on January 27, 2021, Counter-Defendant knew the Blush Bar believed BEAUTY & THE BRAND and Counter-Defendant's Subject Mark were substantially similar.

64.     When Counter-Defendant swore to this statement on January 27, 2021, Counter-Defendant believed the Blush Bar could obtain a federal trademark registration for the Subject Mark.

65.     Counter-Defendant submitted the January 27, 2021 Application in an attempt to trump the Blush Bar's common law rights to use BEAUTY & THE BRAND in Florida.

66.     However, upon information and belief, Counter-Defendant failed to use all services stated in the January 27, 2021 Application at the time it filed its Section 1(a) trademark application.

67.     Specifically, in Counter-Defendant's January 27, 2021 Application, Counter-Defendant listed the following services as services that were presently being offered under the Subject Mark by Counter-Defendant as early as January 1, 2019:

1. Arranging and conducting of educational conferences in the field of building a brand;

2. Conducting workshops and seminars in personal awareness;

3. Conducting workshops and seminars in self awareness;

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

4. Conducting educational exhibitions in the nature of workshops, webinars, and seminars in the field of building a brand;

5. Educational services, namely, conducting seminars, lectures, teleseminars, teleclasses, and workshops in personal awareness; and

6. Special event planning for social entertainment purpose.

68.    Upon information and belief, as of the date Counter-Defendant filed its Section 1(a) trademark application, Counter-Defendant had not used all the services listed in its January 27, 2021 Application.

69.    Upon information and belief, Counter-Defendant does not currently offer or provide all of the services listed under its Section 1(a) trademark application.

70.    Upon information and belief, Counter-Defendant's use of the Subject Mark only rises to the level of mere token use because of Counter-Defendant's insufficient use of the Subject Mark in connection with all stated services and does not suffice to establish actual consistent use in commerce.

**Intentionally Left Blank**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## V.   <u>The Controversy Between the Parties</u>

71.   On April 14, 2023, Counter-Defendant filed a lawsuit[1] demanding Blush Bar be enjoined from using BEAUTY & THE BRAND and claiming Blush Bar's use of BEAUTY & THE BRAND infringed Counter-Defendant's alleged federal and Florida service mark rights in THE BEAUTIES AND THE BRANDS.

72.   Blush Bar denies that its use of BEAUTY & THE BRAND (or variations or components thereof) infringe, unfair competes with, dilutes, or violates Counter-Defendant's alleged rights in THE BEAUTIES AND THE BRANDS, or any other variations that are used by the Counter-Defendant.

73.   Blush Bar denies that it has engaged in any wrongful conduct.

74.   As stated further herein, the beauty-service industry uses "beauty" and/or "beauties" as a standard reference to describe services offered or to use in generic context.

75.   Similarly, it is common for business and/or brand mentoring services to use "brands" to describe services offered or to use in generic contexts.

76.   Counter-Defendant's allegations of trademark infringement, false designation of origin, unfair competition, and violation of FDUPTA adversely affect Blush Bar and will continue to adversely affect it because it will be in doubt

---

[1] Counter-Defendant filed the lawsuit (the "Lawsuit") *The Beauties and the Brands, LLC v. The Blush Bar Tampa, LLC, et. al.*, Case No. 8:23-cv-821, alleging federal and Florida common law trademark infringement, false designation of origin, and unfair competition, and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). A copy of Counter-Defendant's Amended Complaint [DE 32] is attached hereto as **Exhibit 2**.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

as to its rights to continue using BEAUTY & THE BRAND or variations or components thereof on and in connection with its services in Florida and elsewhere, until this Court makes a determination as to Blush Bar's rights, and as to the alleged rights that have been asserted by the Counter-Defendant in its communications with Blush Bar and its Lawsuit.

77.     Counter-Defendant's allegations of trademark infringement and threat of litigation in the Lawsuit have created a real, reasonable, and immediate apprehension on the part of Blush Bar that Counter-Defendant will pursue its Lawsuit asserting claims against Blush Bar for trademark infringement, false designation of origin, and unfair competition.

78.     The parties are uncertain as to the legal effect of Counter-Plaintiff's pre-existing use of BEAUTY & THE BRAND, and what legal implications that has on Counter-Defendant's Subject Mark.  Moreover, Blush Bar is uncertain as to the legal effect of Counter-Defendant's generic mark and/or merely descriptive mark without secondary meaning, and whether the Subject Mark is protectable and enforceable against Blush Bar under law.

79.     Counter-Defendant's allegations of trademark infringement, false designation of origin and unfair competition create an actual and justiciable controversy regarding Blush Bar's rights to use BEAUTY & THE BRAND or variations or components thereof. In order to resolve the issues raised by Counter-Defendant and to afford relief from the uncertainty and controversy that Counter-

Defendant's allegations have created, Blush Bar is entitled to a declaratory judgment under 28 U.S.C. §§ 2201 *et. seq.*

80.     Declaratory relief here would clarify and settle the legal issues in dispute and would afford relief from the uncertainty, insecurity and controversy giving rise to this action.

## COUNT ONE
## DECLARATORY JUDGMENT OF
## NON-VIOLATION OF 15 U.S.C. § 1114
## (DUE TO COUNTER-DEFENDANT'S LACK OF PROTECTABLE
## TRADEMARK RIGHTS – FAILURE TO FUNCTION AS A MARK OR
## INVALID BECAUSE DESCRIPTIVE)

81.     The allegations described in paragraphs 1 through 80, above, are hereby reincorporated and realleged herein.

82.     Counter-Plaintiff seeks a declaration of non-violation of 15 U.S.C. § 1114(1), because Counter-Defendant's THE BEAUTIES AND THE BRANDS mark fails to function as a service mark or is merely descriptive with respect to the services offered of assisting people to build a brand.

83.     The Subject mark is merely descriptive because it describes the Counter-Defendant's goods or services.

84.     Counter-Defendant did not and cannot establish protectable rights in THE BEAUTIES AND THE BRANDS or variations thereof because THE BEAUTIES AND THE BRANDS fails to function as a mark or merely describes the characteristics of the services and/or individuals who speak on their respective brands in connection with the mark's alleged use.

85.    The Subject Mark is considered descriptive because it describes a quality, characteristic, function, feature, purpose, or use of the specified services.

86.    THE BEAUTIES AND THE BRANDS mark is used by Counter-Defendant for services identified as: "Arranging and conducting of educational conferences in the field of building a brand;" and "conducting educational exhibitions in the nature of workshops, webinars, and seminars in the field of building a brand."

87.    Counter-Defendant's THE BEAUTIES AND THE BRANDS mark merely describes the individuals who speak at the conferences and/or workshops "in the field of building a brand," as alleged in Counter-Defendant's services provided in connection with its Mark in its trademark registration.

88.    Therefore, as applied to Counter-Defendant's services, THE BEAUTIES AND THE BRANDS mark, taken as a whole, is merely descriptive of a characteristic of Counter-Defendant's services and the Counter-Defendant itself.

89.    Moreover, many other similar third parties exist containing the terms "beauties" and "brand" used together, and/or variations thereof, which is a consideration that is relevant to the determination of descriptiveness or genericness.

90.    Another consideration that is relevant to the determination of descriptiveness or genericness is the dictionary listing of a term. According to the Merriam-Webster Dictionary, the term "brand" is defined as follows: "a public

image, reputation, or identity conceived of as something to be marketed or promoted." *See* https://www.merriam-webster.com/dictionary/brand

91.    Furthermore, the "THE BEAUTIES AND THE BRANDS" mark combines two or more descriptive terms — "beauties" and "brand." Significantly, this combination of descriptive terms does not evoke a new and unique commercial impression, and does not create a unitary mark with a nondescriptive meaning that has an incongruous meaning as applied to the services of the Subject Mark — "building a brand."

92.    Also, the term "beauties" is merely descriptive because it identifies a group to whom the Counter-Defendant directs its goods or services.

93.    As applied to THE BEAUTIES AND THE BRANDS, Counter-Defendant uses the term "Beauties" to identify the group of individuals to whom Counter-Defendant directs its services to. Consequently, these individuals, who the Counter-Defendant labels as "beauties" are the individuals who attend these "brand building" events.

94.    Moreover, the mark, THE BEAUTIES AND THE BRANDS, merely identifies and describes the function or purpose of the claimed service of the Mark: "Arranging and conducting of educational conferences in the field of building a brand."

95.    Additionally, Counter-Defendant's THE BEAUTIES AND THE BRANDS mark lacks any secondary meaning, and/or has not acquired

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

distinctiveness at any time, much less prior to when Counter-Defendant alleges Blush Bar used BEAUTY & THE BRAND.

96.   Upon information and belief, THE BEAUTIES AND THE BRANDS mark has received de minimis media coverage and Counter-Defendant has done little to promote it and/or use THE BEAUTIES AND THE BRANDS mark in commerce.

97.   Upon information and belief, Counter-Defendant has relatively little-to-no-sales regarding any services provided in connection with its THE BEAUTIES AND THE BRANDS mark.

98.   Counter-Defendant cannot establish that THE BEAUTIES AND THE BRANDS mark has achieved the requisite secondary meaning among consumers who purchase tickets and/or sign up for the alleged services Counter-Defendant offers under THE BEAUTIES AND THE BRANDS mark.

99.   Counter-Defendant's use of THE BEAUTIES AND THE BRANDS mark also does not identify the source of the product. Instead, it identifies the primary characteristics of the alleged services offered under the mark.

100. Therefore, Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is unprotectable and unenforceable under federal law because it is invalid, unenforceable, and/or unprotectable, and was invalid, unenforceable, and/or unprotectable at the time Counter-Defendant alleges that Counter-Plaintiff first used BEAUTY & THE BRAND.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

101.    Accordingly, Counter-Plaintiff's use of the Subject Mark does not violate any provision of 15 U.S.C. § 1114(1).

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, requests that it be granted the relief sought in its Prayer for Relief below.

**COUNT TWO**
**DECLARATORY JUDGMENT OF**
**NON-VIOLATION OF 15 U.S.C. § 1114**
**(DUE TO COUNTER-DEFENDANT'S LACK OF PROTECTABLE**
**TRADEMARK RIGHTS – FAILURE TO FUNCTION AS A MARK OR**
**INVALID BECAUSE GENERIC)**

102.    The allegations described in paragraphs 1 through 80, above, are hereby reincorporated and realleged herein.

103.    Counter-Plaintiff seeks a declaration of non-violation of 15 U.S.C. § 1114(1) because Counter-Defendant's THE BEAUTIES AND THE BRANDS registered trademark fails to function as a mark or is generic with respect to the services offered of assisting people to build a brand.

104.    Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is a generic designation for the services offered by Counter-Defendant.

105.    The terms "beauties" and "brands" are generic terms because the relevant purchasing public understands these terms as the common or class name for the goods or services.

106.    The Subject Mark is generic because its primary significance to the relevant public is the class or category of goods or services on or in connection with which it is used.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

107. THE BEAUTIES AND THE BRANDS mark is used for services of helping people build a brand.

108. According to the Merriam-Webster Dictionary, the term "brand" is defined as follows: "a public image, reputation, or identity conceived of as something to be marketed or promoted." *See* https://www.merriam-webster.com/dictionary/brand.

109. The relevant public understands the term "brands" from the Subject Mark "THE BEAUTIES AND THE BRANDS" to be generic for the claimed service of the mark: helping people build a brand. Further, the relevant public understands the term "brands" from the Subject Mark "THE BEAUTIES AND THE BRANDS" to be generic for the claimed service of the mark: "Arranging and conducting of educational conferences in the field of building a brand."

110. Moreover, many other similar third parties exist containing the terms "beauties" and "brands" used together, and/or variations thereof, which is a consideration that is relevant to the determination of descriptiveness or genericness.

111. Therefore, as applied to Counter-Defendant's services, THE BEAUTIES AND THE BRANDS mark is generic because the relevant public understands the terms contained in the Subject Mark to refer to the genus of services offered with the Subject Mark.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

112. Consequently, Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is unprotectable under federal law because it is invalid, unenforceable, and/or unprotectable.

113. Accordingly, Counter-Plaintiff does not violate any provision of 15 U.S.C. § 1114(1).

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, requests that it be granted the relief sought in its Prayer for Relief below.

**COUNT THREE**
**DECLARATORY JUDGMENT OF**
**NON-VIOLATION OF 15 U.S.C. § 1125**
**(DUE TO COUNTER-DEFENDANT'S LACK OF PROTECTABLE**
**TRADEMARK RIGHTS-FAILURE TO FUNCTION AS A MARK OR**
**INVALID BECAUSE DESCRIPTIVE)**

114. The allegations described in paragraphs 1 through 80, above, are hereby reincorporated and realleged herein.

115. Counter-Plaintiff seeks a declaration of non-violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125, because Counter-Defendant's THE BEAUTIES AND THE BRANDS mark fails to function as a service mark or is merely descriptive with respect to the services offered of assisting people to build a brand.

116. The Subject mark is merely descriptive because it describes the Counter-Defendant's goods or services.

117. Counter-Defendant did not and cannot establish protectable rights in THE BEAUTIES AND THE BRANDS mark or variations thereof because THE BEAUTIES AND THE BRANDS mark fails to function as a mark or merely

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

describes the characteristics of the individuals who speak on their respective brands in connection with the mark's alleged use.

118.   The Subject Mark is considered descriptive because it describes a quality, characteristic, function, feature, purpose, or use of the specified services.

119.   THE BEAUTIES AND THE BRANDS mark is used for services identified as: "Arranging and conducting of educational conferences in the field of building a brand;" and "conducting educational exhibitions in the nature of workshops, webinars, and seminars in the field of building a brand."

120.   Counter-Defendant's THE BEAUTIES AND THE BRANDS mark merely describes the individuals who speak at the conferences and/or workshops "in the field of building a brand," as alleged in Counter-Defendant's services provided in connection with the Subject Mark.

121.   Therefore, as applied to Counter-Defendant's services, THE BEAUTIES AND THE BRANDS mark, taken as a whole, is merely descriptive of a characteristic of Counter-Defendant's services and the Counter-Defendant itself.

122.   Moreover, many other similar third parties exist containing the terms "beauties" and "brand" used together, and/or variations thereof, which is a consideration that is relevant to the determination of descriptiveness or genericness.

123.   Another consideration that is relevant to the determination of descriptiveness or genericness is the dictionary listing of a term. According to the

Merriam-Webster Dictionary, the term "brand" is defined as follows: "a public image, reputation, or identity conceived of as something to be marketed or promoted." *See* https://www.merriam-webster.com/dictionary/brand

124. Furthermore, the "THE BEAUTIES AND THE BRANDS" mark combines two or more descriptive terms — "beauties" and "brand." Significantly, this combination of descriptive terms does not evoke a new and unique commercial impression, and does not create a unitary mark with a nondescriptive meaning that has an incongruous meaning as applied to the services of the Subject Mark — "building a brand."

125. Also, the term "beauties" is merely descriptive because it identifies a group to whom the Counter-Defendant directs its goods or services.

126. As applied to THE BEAUTIES AND THE BRANDS, Counter-Defendant uses the term "beauties" to identify the group of individuals to whom Counter-Defendant directs its services to. Consequently, these individuals, who the Counter-Defendant labels as "beauties" are the individuals who attend these "brand building" events.

127. The mark, THE BEAUTIES AND THE BRANDS, merely identifies and describes the function or purpose of the claimed service of the Subject Mark: helping people build a brand. Moreover, the Subject Mark merely identifies and describes the function or purpose of the claimed service: "Arranging and conducting of educational conferences in the field of building a brand."

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

128. Additionally, Counter-Defendant's THE BEAUTIES AND THE BRANDS mark lacks any secondary meaning, and/or has not acquired distinctiveness at any time, much less prior to when Counter-Defendant alleges Counter-Plaintiff used BEAUTY & THE BRAND.

129. Upon information and belief, THE BEAUTIES AND THE BRANDS mark has received de minimis media coverage and Counter-Defendant has done little to promote it and/or use THE BEAUTIES AND THE BRANDS mark in commerce.

130. Upon information and belief, Counter-Defendant has relatively little-to-no-sales regarding any services provided in connection with its THE BEAUTIES AND THE BRANDS mark.

131. Counter-Defendant cannot establish that THE BEAUTIES AND THE BRANDS mark has achieved the requisite secondary meaning among consumers who purchase tickets and/or sign up for the alleged services Counter-Defendant offers under THE BEAUTIES AND THE BRANDS mark.

132. Counter-Defendant's use of THE BEAUTIES AND THE BRANDS mark also does not identify the source of the product or services. Instead, it identifies the primary characteristics of the alleged services offered under the mark.

133. Therefore, Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is unprotectable and unenforceable under federal law because it is invalid,

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

unenforceable, and/or unprotectable, and was invalid, unenforceable, and/or unprotectable at the time Counter-Defendant alleges that Counter-Plaintiff first used BEAUTY & THE BRAND.

134. Accordingly, Counter-Plaintiff's use of the Subject Mark does not violate any provision of 15 U.S.C. § 1125.

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, requests that it be granted the relief sought in its Prayer for Relief below.

**COUNT FOUR**
**DECLARATORY JUDGMENT OF**
**NON-VIOLATION OF 15 U.S.C. § 1125**
**(DUE TO COUNTER-DEFENDANT'S LACK OF PROTECTABLE**
**TRADEMARK RIGHTS – FAILURE TO FUNCTION AS A MARK OR**
**INVALID BECAUSE GENERIC)**

135.    The allegations described in paragraphs 1 through 80, above, are hereby reincorporated and realleged herein.

136.    Counter-Plaintiff seeks a declaration of non-violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125 because Counter-Defendant's THE BEAUTIES AND THE BRANDS service mark fails to function as a mark or is generic with respect to the services offered of assisting people to build a brand.

137.    Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is a generic designation for the services offered by Counter-Defendant.

138.    The terms "beauties" and "brands" are generic terms because the relevant purchasing public understands these terms as the common or class name for the goods or services.

139.     The Subject Mark is generic because its primary significance to the relevant public is the class or category of goods or services on or in connection with which it is used.

140.     THE BEAUTIES AND THE BRANDS mark is used for services of helping people build a brand.

141. According to the Merriam-Webster Dictionary, the term "brand" is defined as follows: "a public image, reputation, or identity conceived of as something to be marketed or promoted." *See* https://www.merriam-webster.com/dictionary/brand.

142.     The relevant public understands the term "brands" from the Subject Mark "THE BEAUTIES AND THE BRANDS" to be generic for the service offered in connection with the mark: helping people build a brand. Further, the relevant public understands the term "brands" from the Subject Mark "THE BEAUTIES AND THE BRANDS" to be generic for the claimed service of the mark: "Arranging and conducting of educational conferences in the field of building a brand."

143.     Moreover, many other similar third parties exist containing the terms "beauty" and "brand" used together, and/or variations thereof, which is a consideration that is relevant to the determination of descriptiveness or genericness.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

144.     Therefore, as applied to Counter-Defendant's services, THE BEAUTIES AND THE BRANDS mark is generic because the relevant public understands the terms contained in the Subject Mark to refer to the genus of services offered by the Subject Mark.

145.     Consequently, Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is unprotectable under federal law because it is invalid, unenforceable, and/or unprotectable.

146.     Accordingly, Counter-Plaintiff does not violate any provision of 15 U.S.C. § 1125.

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, requests that it be granted the relief sought in its Prayer for Relief below.

**COUNT FIVE**
**DECLARATORY JUDGMENT OF**
**NON-VIOLATION OF FLORIDA LAW**
**(DUE TO COUNTER-DEFENDANT'S LACK OF PROTECTABLE TRADEMARK RIGHTS — FAILURE TO FUNCTION AS A MARK OR INVALID BECAUSE DECRIPTIVE)**

147.   The allegations described in paragraphs 1 through 80, above, are hereby reincorporated and realleged herein.

148. Counter-Plaintiff seeks a declaration of non-violation of Florida law because Counter-Defendant's THE BEAUTIES AND THE BRANDS service mark fails to function as a mark or is merely descriptive with respect to the services offered of helping people build a brand.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

149. The Subject mark is merely descriptive because it describes the Counter-Defendant's goods or services.

150. Counter-Defendant did not and cannot establish protectable rights in THE BEAUTIES AND THE BRANDS mark or variations thereof because THE BEAUTIES AND THE BRANDS mark fails to function as a mark or merely describes the characteristics of the individuals who speak on their respective brands in connection with the mark's alleged use.

151. The Subject Mark is considered descriptive because it describes a quality, characteristic, function, feature, purpose, or use of the specified services.

152. THE BEAUTIES AND THE BRANDS mark is used for services identified as: "Arranging and conducting of educational conferences in the field of building a brand;" and "conducting educational exhibitions in the nature of workshops, webinars, and seminars in the field of building a brand."

153. Counter-Defendant's THE BEAUTIES AND THE BRANDS mark merely describes the individuals who speak at the educational conferences and/or workshops "in the field of building a brand," as alleged in Counter-Defendant's services provided in connection with its Subject Mark.

154. Therefore, as applied to Counter-Defendant's services, THE BEAUTIES AND THE BRANDS mark, taken as a whole, is merely descriptive of a characteristic of Counter-Defendant's services and the Counter-Defendant itself.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

155.     Moreover, many other similar third parties exist containing the terms "beauties" and "brand" used together, and/or variations thereof, which is a consideration that is relevant to the determination of descriptiveness or genericness.

156.     Another consideration that is relevant to the determination of descriptiveness or genericness is the dictionary listing of a term. According to the Merriam-Webster Dictionary, the term "brand" is defined as follows: "a public image, reputation, or identity conceived of as something to be marketed or promoted." *See* https://www.merriam-webster.com/dictionary/brand

157. Furthermore, the Subject mark combines two or more descriptive terms — "beauties" and "brand." Significantly, this combination of descriptive terms does not evoke a new and unique commercial impression, and does not create a unitary mark with a nondescriptive meaning that has an incongruous meaning as applied to the services of the Subject mark — building a brand.

158.     Also, the term "beauties" is merely descriptive because it identifies a group to whom the Counter-Defendant directs its goods or services.

159.     As applied to THE BEAUTIES AND THE BRANDS mark, Counter-Defendant uses the term "beauties" to identify the group of individuals to whom Counter-Defendant directs its services to. Consequently, these individuals, who the Counter-Defendant labels as "beauties" are the individuals who attend these "brand building" events.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

160.     Moreover, the Subject Mark merely identifies and describes the function or purpose of the claimed service of the Mark: helping people build a brand.

161. Moreover, Counter-Defendant's THE BEAUTIES AND THE BRANDS mark lacks any secondary meaning, and/or has not acquired distinctiveness at any time much less prior to Counter-Defendant's allegations of Counter-Plaintiff's first use of BEAUTY & THE BRAND or variations thereof.

162.     Upon information and belief, THE BEAUTIES AND THE BRANDS has received de minimis media coverage and Counter-Defendant has done little to promote it and/or use THE BEAUTIES AND THE BRANDS mark.

163.     Upon information and belief, Counter-Defendant has relatively little-to-no-sales regarding any services provided in connection with its THE BEAUTIES AND THE BRANDS mark.

164.     Counter-Defendant cannot establish that THE BEAUTIES AND THE BRANDS mark has achieved the requisite secondary meaning among consumers who purchase tickets and/or sign up for the alleged services Counter-Defendant offers under THE BEAUTIES AND THE BRANDS mark.

165.     Counter-Defendant's use of THE BEAUTIES AND THE BRANDS mark also does not identify the source of the product or services. Instead, it identifies the primary characteristics of the alleged services offered under the mark.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

166.    Therefore, Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is unprotectable under Florida law because it is invalid, unenforceable, and/or unprotectable, and was invalid, unenforceable, and/or unprotectable at the time Counter-Plaintiff first used the Subject Mark.

167.    Accordingly, Counter-Plaintiff's use of the Subject Mark does not violate any Florida statutory or common law.

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, requests that it be granted the relief sought in its Prayer for Relief below.

## COUNT SIX
## DECLARATORY JUDGMENT OF
## NON-VIOLATION OF FLORIDA LAW
## (DUE TO COUNTER-DEFENDANT'S LACK OF PROTECTABLE
## COMMON LAW TRADEMARK RIGHTS — FAILURE TO FUNCTION AS
## A MARK OR INVALID BECAUSE GENERIC)

168.    The allegations described in paragraphs 1 through 80, above, are hereby reincorporated and realleged herein.

169.    Counter-Plaintiff seeks a declaration of non-violation of Florida law because Counter-Defendant's THE BEAUTIES AND THE BRANDS service mark fails to function as a mark or is generic with respect to the services offered of helping people build a brand.

170.    Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is a generic designation for the services offered by Counter-Defendant.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

171. The terms "beauties" and "brands" are generic terms because the relevant purchasing public understands these terms as the common or class name for the goods or services.

172. The Subject Mark is generic because its primary significance to the relevant public is the class or category of goods or services on or in connection with which it is used.

173. THE BEAUTIES AND THE BRANDS mark is used for services of helping people build a brand.

174. According to the Merriam-Webster Dictionary, the term "brand" is defined as follows: "a public image, reputation, or identity conceived of as something to be marketed or promoted." *See* https://www.merriam-webster.com/dictionary/brand.

175. The relevant public understands the term "brands" from the Subject Mark "THE BEAUTIES AND THE BRANDS" to be generic for the claimed service of the mark: helping people build a brand. Further, the relevant public understand the term "brands" from the Subject Mark to be generic of the claimed service: "Arranging and conducting of educational conferences in the field of building a brand."

176. Moreover, many other similar third parties exist containing the terms "beauties" and "brand" used together, and/or variations thereof, which is a

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

consideration that is relevant to the determination of descriptiveness or genericness.

177. Therefore, as applied to Counter-Defendant's services, THE BEAUTIES AND THE BRANDS mark is generic because the relevant public understands the terms contained in the Subject Mark to refer to the genus of services claimed in the Subject Mark's application.

178. Consequently, Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is unprotectable under Florida law because it is invalid, unenforceable, and/or unprotectable, and was invalid, unenforceable, and/or unprotectable at the time Counter-Plaintiff first used the Subject Mark.

179. Accordingly, Counter-Plaintiff's use of the Subject Mark does not violate any Florida statutory or common law.

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, requests that it be granted the relief sought in its Prayer for Relief below.

## COUNT SEVEN
## 15 U.S.C. §§ 1052(e)(1), 1064 and 1119 – CANCELLATION OF U.S. REGISTRATION NO. 6,618,721
### (Merely Descriptive and not Inherently Distinctive)

180. The allegations described in paragraphs 1 through 80, above, are hereby reincorporated and realleged herein.

181. Counter-Plaintiff seeks the cancellation of U.S. Registration 6,618,721 for all of the claimed services pursuant to 15 U.S.C. Sections 1052(e)(1), 1064 and 1119 for the reasons stated herein.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

182. Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is merely descriptive of the services covered by U.S. Registration 6,618,721 and lacked acquired distinctiveness as of the registration date.

183. The Subject mark is merely descriptive because it describes the Counter-Defendant's goods or services.

184. The Subject Mark is considered descriptive because it describes a quality, characteristic, function, feature, purpose, or use of the specified services.

185. THE BEAUTIES AND THE BRANDS mark is used for services identified as: "Arranging and conducting of educational conferences in the field of building a brand.

186. Counter-Defendant's THE BEAUTIES AND THE BRANDS mark merely describes the individuals who speak at the educational conferences and/or workshops "in the field of building a brand," as alleged in Counter-Defendant's services provided in connection with its Mark in its trademark registration.

187. Therefore, as applied to Counter-Defendant's services, THE BEAUTIES AND THE BRANDS mark, taken as a whole, is merely descriptive of a characteristic of Counter-Defendant's services and the Counter-Defendant itself.

188. Moreover, many other similar third-party registrations exist containing the terms "beauties" and "brand" used together, and/or variations thereof, which is a consideration that is relevant to the determination of descriptiveness or genericness.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

189. Another consideration that is relevant to the determination of descriptiveness or genericness is the dictionary listing of a term. According to the Merriam-Webster Dictionary, the term "brand" is defined as follows: "a public image, reputation, or identity conceived of as something to be marketed or promoted." *See* https://www.merriam-webster.com/dictionary/brand

190. Furthermore, the Subject Mark combines two or more descriptive terms — "beauties" and "brand." Significantly, this combination of descriptive terms does not evoke a new and unique commercial impression, and does not create a unitary mark with a nondescriptive meaning that has an incongruous meaning as applied to the services of the Subject Mark — building a brand.

191. Also, the term "beauties" is merely descriptive because it identifies a group to whom the Counter-Defendant directs its goods or services.

192. As applied to the Subject Mark, Counter-Defendant uses the term "beauties" to identify the group of individuals to whom Counter-Defendant directs its services to. Consequently, these individuals, who the Counter-Defendant labels as "beauties" are the individuals who attend these "brand building" events.

193. The Subject Mark, THE BEAUTIES AND THE BRANDS, merely identifies and describes the function or purpose of the claimed service of the mark: helping people build a brand. Moreover, the Subject Mark merely identifies and describes the function or purpose of the claimed service of the mark: "Arranging and conducting of educational conferences in the field of building a brand."

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

194. Additionally, upon information and belief, Counter-Defendant has provided little-to-no services in connection with THE BEAUTIES AND THE BRANDS mark.

195. Consequently, the consuming public associates the Subject Mark with the services covered by U.S. Registration 6,618,721, and the consuming public does not associate the Subject Mark with Counter-Defendant.

196. Moreover, upon information and belief, Counter-Defendant has not used the mark for an extended period of time, nor has Counter-Defendant used the Subject Mark in a consistent manner that is beyond mere token use because Counter-Defendant's use of the Subject Mark is sporadic.

197. Upon information and belief, Counter-Defendant has not extensively promoted its services provided under the Subject Mark, nor has Counter-Defendant exerted any effort to promote a conscious connection between the Subject Mark and its business.

198. Upon information and belief, the public does not recognize Counter-Defendant's services by the name of the Subject Mark.

199. Therefore, Counter-Defendant's U.S. Registration 6,618,721 has not acquired any secondary meaning and is merely descriptive of the services covered by the registration—seminars with individuals labeled as "beauties" speaking about their respective "brands."

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

200. Consequently, as the Subject Mark has not acquired any secondary meaning and is merely descriptive, the trademark registration should be canceled.

201. Pursuant to the Lanham Act, the Court has jurisdiction to order the USPTO to make appropriate entries on the Federal Register with respect to the cancellation of U.S. Registration 6,618,721 and Counter-Defendant's inability to establish use in commerce in connection with the Mark.

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, requests that it be granted the relief sought in its Prayer for Relief below.

## COUNT EIGHT
### 15 U.S.C. §§ 1064(3) and 1119 – CANCELLATION OF U.S. REGISTRATION NO. 6,618,721
### (Generic Mark)

202. The allegations described in paragraphs 1 through 80, above, are hereby reincorporated and realleged herein.

203. Counter-Plaintiff seeks the cancellation of U.S. Registration 6,618,721 for all of the claimed services pursuant to 15 U.S.C. Sections 1064(3) and 1119 for the reasons stated herein.

204. Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is a generic designation for the services covered by the registration.

205. The terms "beauties" and "brands" are generic terms because the relevant purchasing public understands these terms as the common or class name for the goods or services.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

206. The Subject Mark is generic because its primary significance to the relevant public is the class or category of goods or services on or in connection with which it is used.

207. THE BEAUTIES AND THE BRANDS mark is used for services of helping people build a brand. Further, the Subject Mark is used for services identified as: "Arranging and conducting of educational conferences in the field of building a brand."

208. According to the Merriam-Webster Dictionary, the term "brand" is defined as follows: "a public image, reputation, or identity conceived of as something to be marketed or promoted." *See* https://www.merriam-webster.com/dictionary/brand.

209. The relevant public understands the term "brands" from the Subject Mark "THE BEAUTIES AND THE BRANDS" to be generic for the claimed service of the mark: helping people build a brand.

210. Therefore, as applied to Counter-Defendant's services, THE BEAUTIES AND THE BRANDS mark is generic because the relevant public understands the terms contained in the Subject Mark to refer to the genus of services claimed in the Subject Mark's application.

211. Consequently, as the Subject Mark is generic, the trademark registration should be canceled.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

212. Pursuant to the Lanham Act, the Court has jurisdiction to order the USPTO to make appropriate entries on the Federal Register with respect to the cancellation of U.S. Registration 6,618,721.

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, requests that it be granted the relief sought in its Prayer for Relief below.

### COUNT NINE
### 15 U.S.C. §§ 1051, 1064 and 1119 – CANCELLATION OF U.S. REGISTRATION NO. 6,618,721
### (Not in Use in Commerce- Mere Token Use)

213. The allegations described in paragraphs 1 through 80, above, are hereby reincorporated and realleged herein.

214. Counter-Plaintiff seeks the cancellation of U.S. Registration 6,618,721 for all of the claimed services pursuant to 15 U.S.C. Sections 1051, 1064 and 1119 for the reasons stated herein.

215. Upon information and belief, on January 27, 2021, the date of the filing of the federal trademark application for U.S. Registration 6,618,721, Counter-Defendant was not actually using the mark in commerce in connection with all the services listed in its federal trademark application.

216. Upon information and belief, Counter-Defendant did not actually use the mark in commerce for all the listed services on the date listed as the first use in commerce date on the federal trademark application for U.S. Registration 6,618,721—January 1, 2019.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

217. Upon information and belief, Counter-Defendant does not commercially use the U.S. Registration 6,618,721 mark in connection with all the services listed under U.S. Registration 6,618,721.

218. Therefore, Counter-Defendant has not established valid rights in the Subject Mark, as the Mark has not been used in genuine commercial transactions and the use has not been consistent nor continuous.

219. Mere "token use" of the trademark – use made solely to reserve rights in the trademark – is not enough to establish valid rights.

220. As part of the process of registering a trademark with the Patent and Trademark Office, Counter-Defendant swore under oath that it is using its trademark in commerce in connection with the services covered by Counter-Defendant's trademark application.

221. Consequently, as Counter-Defendant has not used the Subject Mark in commerce in connection with all of the services covered by Counter-Defendant's trademark application, the trademark registration should be canceled.

222. Pursuant to the Lanham Act, the Court has jurisdiction to order the USPTO to make appropriate entries on the Federal Register with respect to the cancellation of U.S. Registration 6,618,721 and Counter-Defendant's inability to establish use in commerce in connection with the Mark.

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, requests that it be granted the relief sought in its Prayer for Relief below.

Page 47
**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING · 9150 SOUTH DADELAND BOULEVARD · SUITE 1400 · P.O. BOX 569015 · MIAMI, FLORIDA 33256 · (305) 350-5300 · (305) 373-2294 FAX

## COUNT TEN
## 15 U.S.C. §§ 1064 and 1119 – CANCELLATION OF U.S. REGISTRATION NO. 6,618,721
## (Fraud on USPTO - no actual commercial use)

223. The allegations described in paragraphs 1 through 80, above, are hereby reincorporated and realleged herein.

224. Counter-Plaintiff seeks the cancellation of U.S. Registration 6,618,721 for all of the claimed services pursuant to 15 U.S.C. Sections 1064 and 1119 for the reasons stated herein.

225. More specifically, Counter-Plaintiff seeks the cancellation of U.S. Registration 6,618,721 under 15 U.S.C. § 1064(3) on the ground that the registration was procured and/or maintained through a fraudulent filing in the U.S. Patent and Trademark Office.

226. Counter-Defendant has committed fraud on the U.S. Patent and Trademark Office regarding the actual use in commerce of the mark, the first use in commerce date, and the lack of services that Counter-defendant actually offers in connection with the Mark from the list contained in U.S. Registration 6,618,721.

227. Upon information and belief, on January 27, 2021, the date of the filing of the federal trademark application for U.S. Registration 6,618,721, Counter-Defendant was not actually using the mark in commerce in connection with the services listed in its federal trademark application.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

228. Upon information and belief, Counter-Defendant did not actually use the mark in commerce on the date listed as the first use in commerce date on the federal trademark application for U.S. Registration 6,618,721—January 1, 2019.

229. Upon information and belief, Counter-Defendant does not commercially use the U.S. Registration 6,618,721 mark in connection with all the services listed under U.S. Registration 6,618,721.

230. Additionally, Counter-Defendant committed fraud on the U.S. Patent and Trademark Office through Counter-Defendant's intentional failure to identify the Blush Bar's pre-existing use of a variation of the Subject Mark.

231. As part of the process of registering a trademark with the Patent and Trademark Office, Counter-Defendant swore under oath that it was not aware of any pre-existing use of the Subject Mark. When Counter-Defendant submitted the January 27, 2021, Application, Counter-Defendant did not identify the Blush Bar's use of a variation of the Subject Mark.

232. Terika Haynes, a principal of Counter-Defendant, knew or should have known of Aicha Yoder's use of a variation of the Subject Mark.

233. Therefore, the January 27, 2021 Application contained a false or fraudulent declaration or representation, in writing, because Counter-Defendant intentionally failed to identify the Blush Bar's pre-existing use of a variation of the Subject Mark.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

234. Consequently, Counter-Defendant made a false representation of fact to the U.S. Patent and Trademark Office, the false representation was made with an intent to deceive, and the false representation was material in the sense that the U.S. Patent and Trademark Office would not have issued or maintained Counter-Defendant's registration in the absence of the false representation.

235. Counter-Defendant's registration was obtained from and/or has been maintained in, the U.S. Patent and Trademark Office through a false or fraudulent filing, and thus, U.S. Registration 6,618,721 should be cancelled.

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, requests that it be granted the relief sought in its Prayer for Relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, respectfully requests that this Court grant the following relief:

A. That this Court adjudicate and declare that Blush Bar's use of BEAUTY & THE BRAND or variations or components thereof does not violate federal law, including 15 U.S.C. §§ 1114 and 1125 of the Lanham Act because Defendant's THE BEAUTIES AND THE BRANDS fails to function as a mark, is generic, is merely descriptive, and/or because it did not acquire secondary meaning prior to Blush Bar's use of BEAUTY & THE BRAND or variations or components thereof;

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

B. That this Court adjudicate and declare that Blush Bar's use of BEAUTY & THE BRAND or variations or components thereof does not violate Florida law because Counter-Defendant's THE BEAUTIES AND THE BRANDS fails to function as a mark, is generic, is merely descriptive, and/or because it did not acquire secondary meaning prior to Blush Bar's use of BEAUTY & THE BRAND or variations or components thereof;

C. That this Court adjudicate and declare that Blush Bar's use of BEAUTY & THE BRAND or variations or components thereof does not constitute infringement, false designation of origin, or unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125 of the Lanham Act, because there is no likelihood of confusion, mistake, or deception with THE BEAUTIES AND THE BRANDS, and because Blush Bar has not committed any other acts proscribed by the statute;

D. That this Court adjudicate and declare that Blush Bar's use of BEAUTY & THE BRAND or variations or components thereof does not constitute infringement, false designation of origin, or unfair competition in violation of Florida law, because there is no likelihood of confusion, mistake, or deception with THE BEAUTIES AND THE BRANDS;

E. Declare that (i) the Subject mark and Registration Number 6,618,721 is generic, is merely descriptive, and/or holds no secondary meaning nor identifies the source of the product or service, and (ii) Counter-

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Defendant does not have exclusive rights to the term "THE BEAUTIES AND THE BRANDS" for conducting seminars, workshops, and/or conferences in the field of building a brand;

F. Declare that Counter-Defendant procured a trademark registration by fraud on the USPTO because it had not used the Registration Number 6,618,721 in commerce for all services listed therein at the time it filed its January 27, 2021 trademark application;

G. Declare that Counter-Defendant procured a trademark registration by fraud on the USPTO because it had knowledge of Blush Bar's use of a variation of the Subject Mark at the time it filed its January 27, 2021 trademark application;

H. That this Court enter Final Judgment cancelling Counter-Defendant's federal trademark, Registration Number 6,618,721, and directing the Director of the United States Patent and Trademark Office to remove such registration from the Principal Register; and

I. That the Counter-Defendant be awarded any other and further relief that this Court deems just and proper

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Respectfully submitted this 21st day of November, 2023.

Ligon Law Group, LLC dba PrettySMART Law
PrettySMARTLaw@gmail.com
100 Biscayne Blvd. #1114
Miami, FL 33132
Tel. (888)-779-7426
PrettySMARTLaw@gmail.com
shannon@PrettySMARTLaw.com

_s/ Shannon A. Ligon_____
Florida Bar No. 59191


COLE, SCOTT & KISSANE, P.A.
9150 South Dadeland Boulevard
Suite 1400
Miami, Florida 33256
Telephone: (786) 268-6752
Fax (305) 373-2294
Primary Email: justin.maya@csklegal.com
Secondary Email: ieshia.owens@csklegal.com

_s/ Justin S. Maya_____
JUSTIN S. MAYA, ESQ.
Florida Bar No.: 126087


*Counsel for Counter-Plaintiff*

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 21, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all parties of record:

**COLE, SCOTT & KISSANE, P.A.**
*Counsel for Counter-Plaintiff*
9150 South Dadeland Boulevard
Suite 1400
Miami, Florida 33256
Telephone: (786) 268-6752
Fax (305) 373-2294
Email: justin.maya@csklegal.com


s/Justin S. Maya
JUSTIN S. MAYA, ESQ.
Florida Bar No.: 126087




### <u>Service List</u>

STOKES LAW GROUP, PLLC
Shaunette Stokes, Esquire
shaunette@stokeslegalcounsel.com
***Attorney for Counter-Defendant***