# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

NO. 8:23-cv-00821

THE BEAUTIES AND THE BRANDS, LLC,

      Plaintiff,

v.

AICHA YODER, and
THE BLUSH BAR TAMPA, LLC,

      Defendants,

_____/

THE BLUSH BAR TAMPA, LLC,

      Counter-Plaintiff,

v.

THE BEAUTIES AND THE BRANDS, LLC,

      Counter-Defendant.

_____/

## DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

    Aicha Yoder and The Blush Bar Tampa, LLC (collectively, "**Defendants**") hereby file this Motion for leave to File Amended Defenses to The Beauties and The Brands, LLC's ("**Plaintiff**") Amended Complaint [D.E. 32] ("**Motion**"), and in support state:

## I. __INTRODUCTION__

No party may invoke trademark law without first owning a protectable property interest in its claimed trade or service mark. *Investacorp, Inc. v. Arabian Inv. Banking Corp. (Investcorp) E.C.*, 931 F.2d 1519, 1522 (11th Cir. 1991). Here, Plaintiff attempts to invoke the Lanham Act to enjoin the Defendants from using the phrase "beauty & the brand." However, Plaintiff does not have a protectable property interest in the generic descriptive phrase, "the beauties and the brands" (Plaintiff's "**Alleged Service Mark**").

To be sure, the Plaintiff uses the phrase "The Beauties and the Brands" to generically describe its workshop services, which are literally to help beauties build a brand. [D.E. 68, at ¶¶ 32-36]. "A term which suggests the basic nature of the service is generic." *Investacorp*, 931 F.2d at 1522. Moreover, "a descriptive term merely identifies a characteristic or quality of a service." *Id*. A generic service mark is always an unprotectable property interest, *id.*, and a descriptive service mark is not protectable without proof the service mark was inherently distinctive before the defendant's alleged infringing use. *Id*. at 1524.

Here, nothing about Plaintiff's Alleged Service Mark warrants service mark protection because Plaintiff's use of the Alleged Service Mark is generic and/or descriptive. Moreover, the gravamen to Plaintiff's lack of a protectable descriptive mark is that the Alleged Service Mark was not inherently distinct before the date (i.e., January 2021) that Plaintiff claims Defendants began infringing the Alleged

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Service Mark [D.E. 31, at ¶ 61]. This is true, regardless of whether Plaintiff purports to claim it holds a registered mark.[1]

Further, Plaintiff's sporadic use of its Alleged Service Mark amounts to nothing more than mere token use (at best) that falls woefully short of affording Plaintiff with a protectable property interest in the Alleged Service Mark.[2] Even more, upon information and belief, despite filing a Trademark Act Section 1(a) application for the Alleged Service Mark, Plaintiff does not use the Alleged Service Mark in *interstate commerce* for all services claimed in the its U.S. trademark application for "The Beauties and the Brands."[3]

---

[1] *See, e.g.*, *Invisasox, LLC v. Everythng Legwear, LLC*, No. 8:18-CV-2639-T-17GW, 2020 WL 3128864, at *2 (M.D. Fla. June 12, 2020) (recognizing that infringement of a federally registered mark requires that the alleged infringing use occur *prior* to the registration of a valid trademark) (emphasis added).

[2] *See Cumulus Media, Inc. v. Clear Channels Comm., Inc.*, 304 F. 3d 1167, 1174 n.7 (11th Cir. 2002).

[3] On January 27, 2021, Plaintiff or Plaintiff's predecessor-in-interest filed a U.S. Section 1(a) trademark application (serial number 90,492,572) with the United States Patent and Trademark Office ("USPTO") claiming it used "The Beauties and the Brands" with each of the following service in interstate commerce at least as early as January 1, 2019: **(1)** Arranging and conducting of educational conferences in the field of building a brand; **(2)** Conducting workshops and seminars in personal awareness; **(3)** Conducting workshops and seminars in self awareness; **(4)** Conducting educational exhibitions in the nature of workshops, webinars, and seminars in the field of building a brand; **(5)** Educational services, namely, conducting seminars, lectures, teleseminars, teleclasses, and workshops in personal awareness; and **(6)** Special event planning for social entertainment purpose. Here, Defendants seek to raise affirmative defenses related to the inequitable conduct of the Plaintiff; Defendant seeks to prove that Plaintiff materially misrepresented to the USPTO that Plaintiff offers the aforementioned (1) through (6) service descriptions in interstate commerce by the claimed date of January 1, 2019.

For all these reasons, Plaintiff cannot prevail on any colorable claim for service mark infringement under the Lanham Act or Florida law, or for a violation of Florida Deceptive Unfair Trade Practices Act. Therefore, the Defendants seek leave to add the proposes defenses included in **Exhibit A**. The Plaintiff opposes Defendants' request for leave to amend their defenses. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15 (a)(2). Therefore, the Defendants seek an order from this Court granting leave to amend their defenses.

## II.   <u>PROCEDURAL BACKGROUND</u>

On July 6, 2023, Plaintiff filed its Amended Complaint [D.E. 32]. A copy of the Amended Complaint is attached hereto as **Exhibit B**. On July 31, 2023, Defendants filed their Answer and Affirmative Defenses to the Plaintiff's First Amended Complaint [D.E. 37].

Pursuant to this Court's October 16, 2023, Order Setting Bench Trial and Pre-trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge [D.E. 53, 55], all motions to amend pleadings are to be filed by **December 20, 2023**.

Here, Defendants seek to timely amend their defenses under Rule 15. Defendants' proposed defenses in Exhibit A do not constitute a surprise or are prejudicial to the Plaintiff because the Blush Bar is already pursuing similar affirmative relief through its previously filed Counterclaim [D.E. 68].

Indeed, on November 21, 2023, the Blush Bar filed an Amended Counterclaim [D.E. 68]. In its Amended Counterclaim, Blush Bar seeks *inter alia* a declaration that Plaintiff lacks a protectable property interest in the Alleged Service Mark due to trademark invalidity [*Id.* at *¶¶* 81-179], and that Plaintiff's U.S. trademark registration should be cancelled on the principal registrar because the Alleged Service Mark is generic, merely descriptive, and/or procured through fraud on the USPTO. [*Id.* at ¶¶ 180-235.]. Blush Bar also asserted that Plaintiff has not used the Alleged Service Mark in a sufficient manner to garner inherent distinctiveness. [*See, e.g.*, *id.* at ¶¶ 32-50.].

As discovery continues and with new information uncovered, Defendants seek to timely file this motion for leave to amend.

## III.   LEGAL ARGUMENT

### A.   The Court should grant Leave to Amend the Defenses Because Defendants Timely Move and There is No Prejudice to Plaintiff.

The Federal Rules of Civil Procedure state that, "[a] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15 (a)(2). "[T]he liberal pleadings rules established by the Federal Rules of Civil Procedure apply to the pleading of affirmative defenses." *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988).

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

"In the absence of undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted." *Forbus v. Sears Roebuck & Co.,* 30 F.3d 1402, 1405 (11th Cir.1994). "[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Forman v. Davis*, 371 U.S. 178, 182 (1962). *Cf. Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002)(finding that "[I]t is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions.").

Here, there is no prejudice to Plaintiff for amending defenses.[4] It is not past the deadline for filing dispositive motions, the deadline for amending pleadings, nor the deadline for the close of discovery. Rather, the Defendants timely move to amend their defenses weeks before the December 20, 2023 deadline to amend

---

[4] The Eleventh Circuit's standard set forth in *Grant v. Preferred Research, Inc.*, 885 F. 2d 795, 797 (11th Cir. 1989) is instructive on finding no prejudice against Plaintiff when Plaintiff received notice of an affirmative defense by some means other than the pleadings. In *Grant*, the defendant raised an affirmative defense at trial, which was not pled in the answer, though the defendant put the plaintiff on notice of raising the affirmative defense, through a motion for summary judgment, approximately one month before trial. 885 F. 2d at 797. The Eleventh Circuit upheld the district court's ruling of permitting the affirmative defense to be raised at trial, reasoning if the plaintiff receives notice of an affirmative defense, the plaintiff is not prejudiced; and the plaintiff would need to proffer prejudice as a result of the defendant's failure to plead the defense. *Id.* at 798. Here, there is no prejudice as Plaintiff received notice with sufficient time before trial. Defendants file this Motion well before trial, dispositive motions, and also the close of discovery.

6

pleadings under Rule 15. [D.E. 53, 55]. *See Woldeab v. Dekalb Cty. Bd. Of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("A district court's discretion to deny leave to amend a complaint is 'severely restricted' by Fed. R. Civ. P. 15, which stresses that courts should freely give leave to amend 'when justice so requires.'").

Moreover, discovery is still open for another eight months (i.e., until July 22, 2024) [D.E. 55]. As such, there is also no undue prejudice as Plaintiff has not taken any depositions yet. The parties have only served a first round of discovery requests thus far. Further, the Defendants are raising meritorious proposed defenses where most of the defenses substantially duplicate the theories alleged in the previously-filed Counterclaim raised by Blush Bar [D.E. 68]; thus already providing Plaintiff with notice of theories raised against it. Furthermore, the parties' pretrial conference is also over a year away (i.e., December 26, 2024). [*Id.*]. Finally, there is no undue delay or dilatory motive by Defendants and permitting amendment of Defendants' defenses would not be futile. *See Balan v. Vestcor Fund XXII, Ltd.*, Case No. 3:19-cv-351-J-34JBT, 2020 WL 10088423, at *2 (M.D. Fla. Jan. 30, 2020)(granting leave to amend where "the Rule 15(a)(2) standard is clearly satisfied" and "[t]here is no undue delay, futility, or any other basis to deny amendment.").

For these reasons, Defendants requests this Court grant leave to amend their defenses.

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

**B.     Defendants Motion Seeks to Place Plaintiff on Notice of Defendants' Intended Defenses at Trial.**

Moreover, through this Motion, and the accompanying proposed amended defenses (Exhibit A), Defendants seek to place Plaintiff on notice of all defenses Defendants intend to raise in Defendants' forthcoming dispositive motions and trial.

As the Eleventh Circuit Court of Appeals has explained, the purpose of pleading affirmative defenses in the answer is to facilitate trial preparation, as opposed to "hypertechnicalitie[ies]." *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988). "When a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice." *Id*. This is why affirmative defenses may be raised in a motion for summary judgment, even when previously unpled in an answer, *see, e.g.*, *Grant v. Preferred Research, Inc.*, 885 F. 2d 795, 797 (11th Cir. 1989), or why unpled affirmative defenses may be raised at trial so long as they are included within the Court's Final Pretrial Order. *See, e.g.*, *Edwards v. Fulton Cty., Ga., 509 F. App'x 882*, 887 (11th Cir. 2013) ("[A] defendant does not waive an affirmative defense if the earlier omission from responsive pleadings does not prejudice the plaintiff.") (compilation of cases discussing a defendant's non-waiver of an unpled affirmative defense).

Here, Defendants seek to place Plaintiff on notice of the intended defenses to be raised at trial. Applying *Hassan*, the Defendants intend to place Plaintiff on

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

notice of the intended defenses by filing this Motion. Moreover, with months before the close of discovery, and amble time to defend according, Plaintiff cannot seriously contend there is any prejudice. Nevertheless, this Court should allow Defendants to amend their defenses.

## IV.    CONCLUSION

For the reasons stated herein, Defendants' Motion should be granted. Wherefore, Defendants Aicha Yoder and The Blush Bar Tampa, LLC respectfully move this honorable Court to enter an order granting leave to file the proposed defenses included in Exhibit A and any other relief this Court deems just and proper.

## LOCAL RULE 3.01(G) CERTIFICATE

The undersigned has conferred with counsel for Plaintiff by telephone for the relief sought in this motion. Plaintiff opposes.

                                          *s/ Justin S. Maya*
                                          Justin S. Maya, Esq.
                                          Florida Bar No.:  126087

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Respectfully submitted this 5th day of December, 2023.

Ligon Law Group, LLC dba PrettySMART Law
PrettySMARTLaw@gmail.com
100 Biscayne Blvd. #1114
Miami, FL 33132
Tel. (888)-779-7426
PrettySMARTLaw@gmail.com
shannon@PrettySMARTLaw.com

s/ *Shannon A. Ligon*
Florida Bar No. 59191

COLE, SCOTT & KISSANE, P.A.
9150 South Dadeland Boulevard
Suite 1400
Miami, Florida 33256
Telephone: (786) 268-6752
Fax (305) 373-2294
Primary Email: justin.maya@csklegal.com
Secondary Email: ieshia.owens@csklegal.com

s/ *Justin S. Maya*
JUSTIN S. MAYA, ESQ.
Florida Bar No.: 126087

*Counsel for Defendants*

CASE NO.: 8:23-cv-00821

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 5, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all parties of record:

**COLE, SCOTT & KISSANE, P.A.**
*Counsel for Defendants*
9150 South Dadeland Boulevard
Suite 1400
Miami, Florida 33256
Telephone: (786) 268-6752
Fax (305) 373-2294
Email: justin.maya@csklegal.com


s/*Justin S. Maya*
JUSTIN S. MAYA, ESQ.
Florida Bar No.: 126087

## <u>Service List</u>

STOKES LAW GROUP, PLLC
Shaunette Stokes, Esquire
shaunette@stokeslegalcounsel.com
***Attorney for Plaintiff***

0188.0472-00/-1