UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 8:23-cv-00821

THE BEAUTIES AND THE BRANDS, LLC,

    Plaintiff,

v.

AICHA YODER, and
THE BLUSH BAR TAMPA, LLC,

    Defendants,
_____/

THE BLUSH BAR TAMPA, LLC,

    Counter-Plaintiff,

v.

THE BEAUTIES AND THE BRANDS, LLC,

    Counter-Defendant.
_____/

## THE BLUSH BAR TAMPA, LLC AND AICHA YODER'S AMENDED DEFENSES TO AMENDED COMPLAINT

The Blush Bar Tampa, LLC ("**Blush Bar**") and Aicha Yoder ("**Yoder**") (collectively, "**Defendants**") assert the following amended defenses to The Beauties and the Brands, LLC's Amended Complaint [DE 32] without assuming any burden of proof Defendants would not otherwise have.

## **First Affirmative Defense**
(Failure to State a Claim)

1. The Amended Complaint fails to state a claim upon which relief can be granted for Counts I through V. Plaintiff's claims fail to identify how use of the generic descriptive phrase "beauty and the brand" can possibly infringe any asserted trademark in a generic descriptive phrase "the beauties and the brands." Further, Plaintiff's infringement claims fail to identify the specific goods offered for sale by Plaintiff in connection with the generic descriptive phrase "the beauties and the brands." Instead, Plaintiff generally avers it advertises and promotes "goods … using the Mark." Alternatively, if the marks are found valid, Defendants hold priority as Defendants had certain common law trademark rights to use variations of the phrase "Beauty and the Brand" which preceded any asserted trademark. Further, Plaintiff's trademark and/or service mark is invalid because Plaintiff has not used the mark consistently and continuously. Mere "token use" of the trademark – use made solely to reserve rights in the trademark – is not enough to establish valid rights.

2. Further, the Amended Complaint fails to state a claim upon which relief can be granted for Counts II through V. Plaintiff failed to allege it has enforceable trademark and/or service mark rights in the generic descriptive phrase "THE BEAUTIES AND THE BRANDS" and that Defendants made unauthorized use of the mark such that consumers were likely to confuse the two. First, Plaintiff fails to sufficiently plead it has a valid service mark. For example, Plaintiff fails to

properly plead the "THE BEAUTIES AND THE BRANDS" brand has achieved inherent distinctiveness. Second, Plaintiff fails to sufficiently plead it has enforceable rights in its (unpled) valid service mark. For example, Plaintiff fails to sufficiently plead it has obtained enforceable trademark rights before the date of Defendants' alleged use and/or the date of Defendants' alleged infringing use. Third, Plaintiff fails to sufficiently plead facts that could possibly form the basis of any consumer confusion. For example, the narrow scope of rights (if any) accorded to Plaintiff's weak service mark, compounded with the contemporaneous use of name, image, and likeness rights of each respective party's principal, and considering the sophistication of the relevant consumers, dispels any risk of confusion.

3. Further, the Amended Complaint fails to state a claim upon which relief can be granted for Count V. Plaintiff does not establish deception is probable. Upon information and belief, the "THE BEAUTIES AND THE BRANDS" appears descriptively on Plaintiffs' advertising material for helping businesses build a brand. Further, upon information and belief, Plaintiff's use of "beauties and the brand" appears in connection with the name, image, and likeness of Plaintiff's principal, Terika Yanes. Yet, the Blush Bar's use of "beauty & the brand" appeared in connection with the Blush Bar's "THE BLUSH BAR" house mark, and, moreover, appears in connection with the name, image, and likeness of Blush Bar's principal, Aicha Yoder. It is apparent that the use of "the beauties and the brands" on services for helping individuals (and/or so-called beauties) build a brand is

meant to describe the services – not to suggest affiliation or endorsement. As such, there is no probability the consuming public concludes Plaintiff is using "THE BEAUTIES AND THE BRANDS" as a trademark or service mark – to identify the Plaintiff as the source.  Further, there is no probability the consuming public concludes Defendant is using "beauty and the brand" as a trademark or service mark – to identify the Defendant as the source. As the consuming public would not believe the generic descriptive terms "beauties and the brands" are serving as a trademark or service mark for the Plaintiffs, there is no deception in Defendant's lawful use of "beauty and the brand" to offer beauty brands coaching and marketing tips. It is also apparent that the use of the name, image, and likeness of each party's principal, with a generic descriptive phrase, dispels any probability the consuming public could be confused. Further, Plaintiffs do not establish consumer injury by the actions of any of the Defendants. Further, Plaintiffs do not establish how injury is likely based on a reasonably relying consumer. Even further, Plaintiff does not establish the third element under a FDUTPA clam: actual damages. Specifically, consequential damages and special damages are not recoverable under a FDUTPA claim. Finally, as the Plaintiff fails to state a claim for federal trademark infringement and unfair competition against the Defendants, FDUTPA, as a related state law claim, likewise fails.

## **Second Affirmative Defense**
(Inequitable Conduct)

4. Plaintiff's Count I is barred and U.S. Registration No. 6,618,721 (the, "**'721 Mark**") is invalid and unenforceable under the doctrine of inequitable conduct.

5. For example, the '721 Mark is invalid and unenforceable due to inequitable conduct committed by the trademark applicant during prosecution of the trademark application that became the '721 Mark. Upon information and belief, Plaintiff is attempting to maintain and enforce the '721 Mark against Defendants in this suit when Plaintiff knows or reasonably should know from a diligent pre-suit investigation that the '721 Mark is unenforceable due to inequitable conduct committed by the trademark applicant. As detailed below, the trademark applicant made material misrepresentations or omissions of facts and/or omitted or withheld material information with the intent to deceive the United States Patent and Trademark Office ("USPTO") in order to obtain issuance of the '721 Mark. Specifically, the trademark applicant failed to disclose that the trademark applicant was not using in commerce each service described in the Section 1(a) trademark application (serial number 90,492,572) at the time the application matured to the '721 Mark.

6. As another example, the trademark applicant failed to disclose that the trademark applicant was not using in commerce each service described in the

Section 1(a) trademark application (serial number 90,492,572) at least by January 1, 2019.

7. As another example, the trademark applicant failed to disclose that the applied-for trademark, in connection with the services stated in trademark application serial number 90,492,572 was used by others in near resemblance as to be likely, when used on or in connection with the services such other person, to cause confusion or mistake, or to deceive.

### Third Affirmative Defense
(Unclean Hands)

8. Plaintiff's Counts 1 through V are barred, in whole or in part, by the doctrine of unclean hands. For example, upon information and belief, Plaintiff knew of Defendant's predating use of "BEAUTY AND THE BRAND" (and variations thereof) in connection with mentoring services, yet Plaintiff attempted to appropriate the rights accorded to Defendants.

### Fourth Affirmative Defense
(No Personal Liability)

9. Plaintiff fails to sufficiently establish facts to impose personal liability under Counts I through V against Yoder. For example, Yoder never commercially used "beauty and the brand" in 2023 in her personal capacity.

### Fifth Affirmative Defense
(Trademark Invalidity)

10. To the extent that Plaintiff contends that its trademark is directed to the descriptive phrase "Beauty and the Brand," Plaintiff's marks are invalid as a

descriptive mark that has not acquired secondary meaning, or as a generic mark, or due to third party usages of the same or similar phrases.

11. For example, Plaintiff and its predecessor-in-interest knew or should have known that the phrase "beauties and the brands" is a generic or descriptive phrase. For example, Plaintiff or its predecessor-in-interest describes its target customer for its services as *inter alia* "beauties that are creators of their own brand."

12. Plaintiff has not established secondary meaning with respect to its trademark.

13. Consequently, the Subject Mark should be entitled to little to no protection because it is a descriptive mark that has not attained secondary meaning.

### Sixth Affirmative Defense
(Scope of Plaintiff's Trademark Rights)

14. The scope of Plaintiff's trademark rights (if any) is not broad enough to preclude Defendants' use of the descriptive phrase "Beauty & the Brand."

15. On information and belief, the phrase beauty and the brands describes services of providing mentoring to individuals in the beauty industry.

16. On information and belief, Plaintiff and its predecessor-in-interest knew or should have known that "beauty and the brand" is a descriptive phrase. For example, on information and belief, Plaintiff or its predecessor-in-interest describes its services as helping "beauties that are creators of their own brand."

17. Plaintiff's trademark rights (if any) should be entitled to little to no protection because of Plaintiff's failure to show secondary meaning.

18. Further, Plaintiff's trademark rights (if any) should be entitled to little to no protection due to the extent of use by third parties of similar marks.

### Seventh Affirmative Defense
(No Trademark Infringement)

19. Neither Blush Bar nor Yoder have infringed any valid and enforceable trademark rights of Plaintiff and neither have willfully infringed any such trademark rights. There is additionally no likelihood of confusion in this case.

### Eighth Affirmative Defense
(No Injunctive Relief)

20. Plaintiff is not entitled to injunctive relief because Plaintiff has an adequate remedy at law.

### Ninth Affirmative Defense
(Not an Exceptional Case)

21. Plaintiff cannot prove that this is an exceptional case justifying an award of attorneys' fees against Blush Bar and/or Yoder pursuant to 15 USC § 1117.

### Tenth Affirmative Defense
(Limitation on Trademark Damages)

22. To the extent Plaintiff has any trademark and/or service mark damages, any trademark and/or service mark claim by Plaintiff is limited under 15 USC § 1111. In the event that Plaintiff has failed to properly mark each good and service in connection with the '721 Mark, Plaintiff is barred under 15 USC § 1111

from recovering damages and profits for any allegedly infringing action performed before receipt of actual notice by Plaintiff of U.S. Registration No. 6,618,721.

### Eleventh Affirmative Defense
(Failure to Mitigate)

23. Plaintiff's claims are barred, in whole or in part, based on Plaintiff's failure to mitigate damages, to the extent any damages can be proven against Blush Bar and/or Yoder. For example, on information and belief, Plaintiff knew Defendant used "BEAUTY & THE BRNAD" in 2021 for mentoring services after Plaintiff's so-called 2019 first use date for the "THE BEAUTIES AND THE BRANDS" yet Plaintiff waited until 2023 to file an action. As another example, Plaintiff failed to mark its claimed trademark and/or service mark with a "™" and/or "®" notice.

### Twelfth Affirmative Defense
(First Amendment)

24. Plaintiff's claims are barred, in whole or in part, because Blush Bar and Yoder's conduct on which they are based is protected by the First Amendment to the United States Constitution.

### Thirteenth Affirmative Defense
(Good Faith)

25. Defendants had no intent to infringe on Plaintiff's rights (if any) in connection with Plaintiff's claimed trademark. For example, Defendants did not use Beauty and the Brand with the intention of deriving a benefit from Plaintiff's reputation (if any) because Defendants used Beauty & the Brand and variations

thereof before Plaintiff used its claimed trademark in commerce and/or even adopted its claimed trademark. In fact, Plaintiff adopted its claimed trademark with the intention of deriving a benefit from Defendants. Consequently, Plaintiff intentionally ignored the potential for infringement, and thus, Plaintiff had the intent to infringe upon Defendants' common law rights regarding its use of variations of the Subject Mark.

## Fourteenth Affirmative Defense
(Fair Use)

26. Plaintiff's claims are barred by the doctrine of descriptive fair use.

27. For example, Defendants' use of variations of "beauty & the brand" was necessary to accurately describe the characteristics of the services being offered by Blush Bar in connection therewith. The "beauty & the brand" is used in a descriptive sense other than as a trademark, and Defendants did not intend to trade on the goodwill of Plaintiff by creating confusion as to the source of Blush Bar's services.

## Fifteenth Affirmative Defense
(Priority)

28. Plaintiff's claims are barred by priority.

29. For example, Blush Bar is the senior user in Tampa Florida of "Beauty & the Brand" and variations thereof for mentoring services. Prior use of a trademark in a particular geographic area is a defense to a claim of infringement. Upon information and belief, Defendants' use of variations of "beauty & the brand"

in that geographic area was more continuous than Plaintiff's use of "The Beauties and the Brands" since Defendants' use began.

30. Further, Plaintiff's claims are barred because Plaintiff failed to obtain priority rights to enforce a descriptive mark before Defendants' alleged infringing use.

## Sixteenth Affirmative Defense
(Estoppel)

31. Plaintiff's claims are barred by the doctrine of estoppel. For example, on information and belief, Plaintiff knew or had reason to know of Defendants' use of variations of "Beauty & the Brand" in 2019 as Haynes was in communications with Yoder about being a speaker at one of Yoder's mentoring services where a variation of "Beauty & the Brand" was used in connection therewith. Communications by Haynes caused Yoder to believe that Plaintiff would not pursue a claim against Defendants. Plaintiff intended for Defendants to act on Plaintiff's statements and conduct, which Defendants did by using variations of "Beauty & the Brand" with mentoring services, and Defendants had a right to believe that Plaintiff so intended. Additionally, Defendants did not reasonably believe that Plaintiff would pursue a claim against Defendants, and thus, Defendants was injured as a result of its reliance on Plaintiff's statements and conduct.

### Seventeenth Affirmative Defense
(Latches)

32. Plaintiff's claims are barred by the doctrine of laches. Plaintiff delayed in asserting a claim and asserting its alleged rights, the delay was not excusable, and the delay caused undue prejudice to Defendants. For example, Plaintiff has been on notice of Defendant's use of variations of the Subject Mark since at least October 1, 2019 and waited until 2023 to assert a claim of its alleged trademark rights. This delay was not excusable, but rather, this delay allowed Plaintiff ample time to file a U.S. trademark application on January 27, 2021. As a result, this unreasonable delay has caused undue prejudice to Defendants.

### Eighteenth Affirmative Defense
(Generic)

33. Plaintiffs' claims are barred in whole or in part because "THE BEAUTIES AND THE BRANDS" is a generic mark with respect to Plaintiff's services offered of assisting people to build a brand. For example, the trademark is generic because the relevant purchasing public understands primarily as the common or class name for the goods or services. Further, the mark is generic because the primary significance to the relevant public is the class or category of goods or services on or in connection with which it is used. Plaintiff uses the Subject Mark for services of helping people build a brand. According to the Merriam-Webster Dictionary, the term "brand" is defined as follows: "a public image, reputation, or identity conceived of as something to be marketed or promoted." *See* https://www.merriam-webster.com/dictionary/brand. The

relevant public understands the term "brands" from "The Beauties and The Brands" to be generic for the claimed service of the mark: helping individuals build a brand. Thus, Plaintiff's trademark and/or service mark "The Beauties and The Brands" mark is unprotectable because it is invalid, unenforceable, and/or unprotectable.

### Reservation of Rights

Blush Bar and Yoder have not yet had sufficient time and opportunity to collect and review all of the information that may be relevant to the matters raised herein and discovery has not yet been completed. Accordingly, Blush Bar and Yoder reserve the right to modify and/or expand these defenses and to take further positions and raise additional defenses as discovery proceeds in this case.

### Prayer for Relief and Attorneys' Fees

WHEREFORE, Defendants The Blush Bar Tampa, LLC and Aicha Yoder respectfully requests that this Court award attorneys' fees and costs pursuant to 15 USC § 1117, § 501.2105, F.S., and as otherwise permitted by law, declare Plaintiff's trademark and/or service mark is unprotectable, invalid, and unenforceable, declare Defendants have not violated the law, and award Defendants any other relief this Court deems just and proper.

### Intentionally Left Blank

## **Jury Demand**

Defendants hereby demand a trial by jury on all issues so triable.

Respectfully submitted this ___ day of December, 2023.

        Ligon Law Group, LLC dba PrettySMART Law
        PrettySMARTLaw@gmail.com
        100 Biscayne Blvd. #1114
        Miami, FL 33132
        Tel. (888)-779-7426
        PrettySMARTLaw@gmail.com
        shannon@PrettySMARTLaw.com

        s/ **PROPOSED**
        Florida Bar No. 59191

        COLE, SCOTT & KISSANE, P.A.
        9150 South Dadeland Boulevard
        Suite 1400
        Miami, Florida 33256
        Telephone: (786) 268-6752
        Fax (305) 373-2294
        Primary Email: justin.maya@csklegal.com
        Secondary Email: ieshia.owens@csklegal.com

        s/ **PROPOSED**
        JUSTIN S. MAYA, ESQ.
        Florida Bar No.: 126087

*Counsel for Defendants*