# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## CASE NO. 8:23-cv-00821

THE BEAUTIES AND
THE BRANDS, LLC,

     Plaintiff,

v.

AICHA YODER, and
THE BLUSH BAR TAMPA, LLC,

     Defendants,


THE BLUSH BAR TAMPA, LLC,

     Counter-Plaintiff,

v.

THE BEAUTIES AND
THE BRANDS, LLC,

     Counter-Defendant.

_____/


## DEFENDANTS' ANSWER AND AMENDED DEFENSES, AND DEFENDANT BLUSH BAR'S AMENDED COUNTERCLAIM TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, AICHA YODER ("**Yoder**") and THE BLUSH BAR TAMPA, LLC ("**Blush Bar**"), pursuant to this Court's Order filed on December 29, 2023 [DE 81] hereby file their Answer and Amended Defenses to Plaintiff's Amended Complaint [DE 32], and Defendant Blush Bar hereby files its Amended

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Counterclaim to Plaintiffs' Amended Complaint, and in support thereof, Defendants state the following:

## **PARTIES**

1.   Admitted.

2.   Without knowledge, therefore denied.

3.   Admitted.

4.   Without knowledge, therefore denied.

5.   Without knowledge, therefore denied.

6.   Admitted.

7.   Admitted that Defendant, Aicha Yoder is listed as the registered agent of the company. Otherwise denied.

8.   Admitted that Defendant Yoder acted as the principal, agent, and representative of Defendant Blush Bar. Admitted that any action by Defendant Yoder was within the course and scope of the agency relationship between Defendant Yoder and Defendant Blush Bar and was with the permission, ratification, and/or authorization of Defendant Blush Bar. Otherwise denied.

9.      Without knowledge as to whether Defendant Blush Bar conducts business throughout the United States, including Florida and within this District, using the BEAUTY AND THE BRAND mark, and therefore denied. Otherwise denied.

## JURISDICTION AND VENUE

10.     Admitted for jurisdictional purposes only, otherwise denied.

11.     Admitted for jurisdictional purposes only, otherwise denied.

12.     Admitted for jurisdictional purposes only, otherwise denied.

13.     Admitted for jurisdictional purposes only, otherwise denied.

14.     Admitted for venue purposes only, otherwise denied.

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Admitted for venue purposes only, otherwise denied.

**Intentionally Left Blank**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## <u>FACTS COMMON TO ALL CLAIMS FOR RELIEF</u>

19.    Without knowledge, therefore denied.

20.    Without knowledge, therefore denied.

21.    Without knowledge, therefore denied.

22.    Without knowledge, therefore denied.

23.    Without knowledge, therefore denied.

24.    Without knowledge, therefore denied.

## <u>BEAUTIES AND THE BRANDS AND ITS INTELLECTUAL PROPERTY RIGHTS</u>

25.    Without knowledge, therefore denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Without knowledge, therefore denied.

31.    Without knowledge, therefore denied.

32.    Without knowledge, therefore denied.

33.    Without knowledge, therefore denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

34.     Without knowledge, therefore denied.

35.     Without knowledge, therefore denied.

36.     Denied that the United States Patent and Trademark Office issued a federal trademark registration in recognition of BEAUTIES AND THE BRANDS' exclusive rights to use the Mark in commerce in the United States. Denied that the BEAUTIES AND THE BRANDS has an exclusive right to use the Mark in commerce in the United States. Otherwise without knowledge, and therefore denied.

37.     Without knowledge, therefore denied.

38.     Without knowledge, therefore denied.

39.     Without knowledge, therefore denied.

## INFRINGEMENT BY DEFENDANTS

40.     Admitted.

41.     Denied that Defendant Yoder has been doing business as "BEAUTY AND THE BRAND." Without knowledge as to whether Defendant Blush Bar has been doing business as "BEAUTY AND THE BRAND."

42.     Denied.

43.     Denied.

44.    Denied.

45.    Without knowledge, therefore denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Admitted.

50.    Denied.

51.    Without knowledge, therefore denied.

52.    Denied.

53.    Admitted that the only difference between the words "BEAUTIES AND THE
BRANDS" and "BEAUTY AND THE BRAND" is a mere removal of the
pluralization of an internal term. Without knowledge as to whether
Defendant Blush Bar uses the Mark in its advertising. Otherwise denied.

54.    Denied.

55.    Denied.

**Intentionally Left Blank**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## **BAD FAITH OF A CONFUSINGLY SIMILAR NAME**

56.    Denied.

57.    Admitted Ms. Yoder serves as CEO of The Bush Bar Tampa, LLC. Otherwise without knowledge, and therefore denied.

58.    Admitted.

59.    Admitted.

60.    Admitted.

61.    Denied.

62.    Denied that Defendant Yoder uses "BEAUTY AND THE BRAND" to promote her educational workshops, seminars, and individual coaching services for entrepreneurs. Otherwise without knowledge and therefore denied.

63.    Without knowledge, therefore denied.

64.    Without knowledge, therefore denied.

65.    Denied.

66.    Without knowledge, therefore denied.

67.    Without knowledge, therefore denied.

68.    Denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

69.    Denied.

70.    Denied.

## **DEFENDANTS ACTED WILLFULLY AND INTENTIONALLY**

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

## **DAMAGES CAUSED BY DEFENDANTS**

75.    Denied.

76.    Denied.

77.    Without knowledge as to whether trademark laws were designed to prevent

consumer confusion, and therefore denied. Otherwise denied.

78.    Admitted that Beauties and the Brands has retained the law firm of The

Stokes Law Group. Otherwise without knowledge, therefore denied.


**Intentionally Left Blank**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

<u>**COUNT I**</u>
**TRADEMARK INFRINGEMENT – 15 U.S.C. §1114(1)**

79.    Defendant Yoder repeats and realleges her answers to the allegations set forth in Paragraphs 1 through 78 above as if fully set forth herein.

80.    Denied.

81.    Denied.

82.    Admitted Defendants do not have authorization, license, or permission from the BEAUTIES AND THE BRANDS to market and sell their products and services under the BEAUTY AND THE BRAND mark. Denied that Defendants need authorization, license, or permission from the BEAUTIES AND THE BRANDS to market and sell products and services under the BEAUTY AND THE BRAND mark. Otherwise denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

90.   Denied.

91.   Denied.

92.   Denied.

93.   Denied.

94.   Denied.

95.   Denied.

96.   Denied.

## <u>COUNT II</u>
### **FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING 15 U.S.C. §1125**

97.   Defendant Yoder repeats and realleges her answers to the allegations set forth in Paragraphs 1 through 78 above as if fully set forth herein.

98.   Denied.

99.   Denied.

100.   Denied.

101.   Denied.

102.   Denied.

103.   Denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Denied.

**Intentionally Left Blank**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## COUNT III
## FLORIDA COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

117.     Defendant Yoder repeats and realleges her answers to the allegations set

forth in Paragraphs 1 through 78 above as if fully set forth herein.

118.     Denied.

119.     Denied.

120.     Without knowledge, therefore denied.

121.     Denied.

122.     Denied.

123.     Denied.

124.     Denied.

125.     Denied.

126.     Denied.

127.     Denied.

128.     Denied.

129.     Denied.

**Intentionally Left Blank**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## <u>COUNT IV</u>
## FEDERAL UNFAIR COMPETION/FALSE DESIGNATIN OF ORIGIN 15 USC1125(a)

130.    Defendant Yoder repeats and realleges her answers to the allegations set

forth in Paragraphs 1 through 78 above as if fully set forth herein.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Admitted that there is no connection, association, or licensing relationship

between Beauties and the Brands and Defendants. Admitted Beauties and

the Brands has never authorized, licensed, or given permission to

Defendants to use the BEAUTY AND THE BRAND mark in any manner.

Denied that Defendants needed permission from Beauties and the Brands to

use the BEAUTY AND THE BRAND mark. Otherwise denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

140. Denied.

141. Denied.

142. Denied.

## COUNT V
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT FLA. STAT. §501.201 et seq.

143. Defendant Yoder repeats and realleges her answers to the allegations set forth in Paragraphs 1 through 78 above as if fully set forth herein.

144. Defendant Yoder repeats and realleges her answers to the allegations set forth in Paragraphs 1 through 141 above as if fully set forth herein.

145. Admitted that Defendant Blush Bar has engaged in the conduct of trade and commerce in the State of Florida. Otherwise without knowledge, therefore denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

152.  Denied.

## DEFENDANTS' AMENDED DEFENSES
## TO PLAINTIFF'S AMENDED COMPLAINT

The Blush Bar Tampa, LLC ("**Blush Bar**") and Aicha Yoder ("**Yoder**") (collectively, "**Defendants**") assert the following amended defenses to The Beauties and the Brands, LLC's Amended Complaint [DE 32] without assuming any burden of proof Defendants would not otherwise have.

### First Affirmative Defense
(Failure to State a Claim)

1.  The Amended Complaint fails to state a claim upon which relief can be granted for Counts I through V. Plaintiff's claims fail to identify how use of the generic descriptive phrase "beauty and the brand" can possibly infringe any asserted trademark in a generic descriptive phrase "the beauties and the brands." Further, Plaintiff's infringement claims fail to identify the specific goods offered for sale by Plaintiff in connection with the generic descriptive phrase "the beauties and the brands." Instead, Plaintiff generally avers it advertises and promotes "goods ... using the Mark." Alternatively, if the marks are found valid, Defendants hold priority as Defendants had certain common law trademark rights to use variations of the phrase "Beauty and the Brand" which preceded any asserted trademark. Further, Plaintiff's trademark and/or service mark is invalid because Plaintiff has not used the mark  consistently and continuously. Mere "token use"

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

of the trademark – use made solely to reserve rights in the trademark – is not enough to establish valid rights.

2.      Further, the Amended Complaint fails to state a claim upon which relief can be granted for Counts II through V. Plaintiff failed to allege it has enforceable trademark and/or service mark rights in the generic descriptive phrase "THE BEAUTIES AND THE BRANDS" and that Defendants made unauthorized use of the mark such that consumers were likely to confuse the two.  First, Plaintiff fails to sufficiently plead it has a valid service mark. For example, Plaintiff fails to properly plead the "THE BEAUTIES AND THE BRANDS" brand has achieved inherent distinctiveness. Second, Plaintiff fails to sufficiently plead it has enforceable rights in its (unpled) valid service mark. For example, Plaintiff fails to sufficiently plead it has obtained enforceable trademark rights before the date of Defendants' alleged use and/or the date of Defendants' alleged infringing use. Third, Plaintiff fails to sufficiently plead facts that could possibly form the basis of any consumer confusion. For example, the narrow scope of rights (if any) accorded to Plaintiff's weak service mark, compounded with the contemporaneous use of name, image, and likeness rights of each respective party's principal, and considering the sophistication of the relevant consumers, dispels any risk of confusion.

3.      Further, the Amended Complaint fails to state a claim upon which relief can be granted for Count V. Plaintiff does not establish deception is probable.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Upon information and belief, the "THE BEAUTIES AND THE BRANDS" appears descriptively on Plaintiffs' advertising material for helping businesses build a brand. Further, upon information and belief, Plaintiff's use of "beauties and the brand" appears in connection with the name, image, and likeness of Plaintiff's principal, Terika Yanes. Yet, the Blush Bar's use of "beauty & the brand" appeared in connection with the Blush Bar's "THE BLUSH BAR" house mark, and, moreover, appears in connection with the name, image, and likeness of Blush Bar's principal, Aicha Yoder. It is apparent that the use of "the beauties and the brands" on services for helping individuals (and/or so-called beauties) build a brand is meant to describe the services – not to suggest affiliation or endorsement. As such, there is no probability the consuming public concludes Plaintiff is using "THE BEAUTIES AND THE BRANDS" as a trademark or service mark – to identify the Plaintiff as the source.  Further, there is no probability the consuming public concludes Defendant is using "beauty and the brand" as a trademark or service mark – to identify the Defendant as the source. As the consuming public would not believe the generic descriptive terms "beauties and the brands" are serving as a trademark or service mark for the Plaintiffs, there is no deception in Defendant's lawful use of "beauty and the brand" to offer beauty brands coaching and marketing tips. It is also apparent that the use of the name, image, and likeness of each party's principal, with a generic descriptive phrase, dispels any probability the consuming public could be confused. Further, Plaintiffs do not establish

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

consumer injury by the actions of any of the Defendants. Further, Plaintiffs do not establish how injury is likely based on a reasonably relying consumer. Even further, Plaintiff does not establish the third element under a FDUTPA clam: actual damages. Specifically, consequential damages and special damages are not recoverable under a FDUTPA claim. Finally, as the Plaintiff fails to state a claim for federal trademark infringement and unfair competition against the Defendants, FDUTPA, as a related state law claim, likewise fails.

### Second Affirmative Defense
(Inequitable Conduct)

4.     Plaintiff's Count I is barred and U.S. Registration No. 6,618,721 (the, "**'721 Mark**") is invalid and unenforceable under the doctrine of inequitable conduct.

5.     For example, the '721 Mark is invalid and unenforceable due to inequitable conduct committed by the trademark applicant during prosecution of the trademark application that became the '721 Mark. Upon information and belief, Plaintiff is attempting to maintain and enforce the '721 Mark against Defendants in this suit when Plaintiff knows or reasonably should know from a diligent pre-suit investigation that the '721 Mark is unenforceable due to inequitable conduct committed by the trademark applicant. As detailed below, the trademark applicant made material misrepresentations or omissions of facts and/or omitted or withheld material information with the intent to deceive the United States Patent and Trademark Office ("USPTO") in order to obtain issuance

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

of the '721 Mark. Specifically, the trademark applicant failed to disclose that the trademark applicant was not using in commerce each service described in the Section 1(a) trademark application (serial number 90,492,572) at the time the application matured to the '721 Mark.

6.     As another example, the trademark applicant failed to disclose that the trademark applicant was not using in commerce each service described in the Section 1(a) trademark application (serial number 90,492,572) at least by January 1, 2019.

7.     As another example, the trademark applicant failed to disclose that the applied-for trademark, in connection with the services stated in trademark application serial number 90,492,572 was used by others in near resemblance as to be likely, when used on or in connection with the services such other person, to cause confusion or mistake, or to deceive.

### Third Affirmative Defense
(Unclean Hands)

8.     Plaintiff's Counts 1 through V are barred, in whole or in part, by the doctrine of unclean hands. For example, upon information and belief, Plaintiff knew of Defendant's predating use of "BEAUTY AND THE BRAND" (and variations thereof) in connection with mentoring services, yet Plaintiff attempted to appropriate the rights accorded to Defendants.

**Intentionally Left Blank**

## **Fourth Affirmative Defense**
(No Personal Liability)

9.      Plaintiff fails to sufficiently establish facts to impose personal liability under Counts I through V against Yoder. For example, Yoder never commercially used "beauty and the brand" in 2023 in her personal capacity.

## **Fifth Affirmative Defense**
(Trademark Invalidity)

10.      To the extent that Plaintiff contends that its trademark is directed to the descriptive phrase "Beauty and the Brand," Plaintiff's marks are invalid as a descriptive mark that has not acquired secondary meaning, or as a generic mark, or due to third party usages of the same or similar phrases.

11.      For example, Plaintiff and its predecessor-in-interest knew or should have known that the phrase "beauties and the brands" is a generic or descriptive phrase. For example, Plaintiff or its predecessor-in-interest describes its target customer for its services as *inter alia* "beauties that are creators of their own brand."

12.      Plaintiff has not established secondary meaning with respect to its trademark.

13.      Consequently, the Subject Mark should be entitled to little to no protection because it is a descriptive mark that has not attained secondary meaning.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## Sixth Affirmative Defense
(Scope of Plaintiff's Trademark Rights)

14.     The scope of Plaintiff's trademark rights (if any) is not broad enough to preclude Defendants' use of the descriptive phrase "Beauty & the Brand."

15.     On information and belief, the phrase beauty and the brands describes services of providing mentoring to individuals in the beauty industry.

16.     On information and belief, Plaintiff and its predecessor-in-interest knew or should have known that "beauty and the brand" is a descriptive phrase. For example, on information and belief, Plaintiff or its predecessor-in-interest describes its services as helping "beauties that are creators of their own brand."

17.     Plaintiff's trademark rights (if any) should be entitled to little to no protection because of Plaintiff's failure to show secondary meaning.

18.     Further, Plaintiff's trademark rights (if any) should be entitled to little to no protection due to the extent of use by third parties of similar marks.

## Seventh Affirmative Defense
(No Trademark Infringement)

19.     Neither Blush Bar nor Yoder have infringed any valid and enforceable trademark rights of Plaintiff and neither have willfully infringed any such trademark rights. There is additionally no likelihood of confusion in this case.


## Intentionally Left Blank

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## Eighth Affirmative Defense
(No Injunctive Relief)

20.   Plaintiff is not entitled to injunctive relief because Plaintiff has an adequate remedy at law.

## Ninth Affirmative Defense
(Not an Exceptional Case)

21.   Plaintiff cannot prove that this is an exceptional case justifying an award of attorneys' fees against Blush Bar and/or Yoder pursuant to 15 USC § 1117.

## Tenth Affirmative Defense
(Limitation on Trademark Damages)

22.   To the extent Plaintiff has any trademark and/or service mark damages, any trademark and/or service mark claim by Plaintiff is limited under 15 USC § 1111. In the event that Plaintiff has failed to properly mark each good and service in connection with the '721 Mark, Plaintiff is barred under 15 USC § 1111 from recovering damages and profits for any allegedly infringing action performed before receipt of actual notice by Plaintiff of U.S. Registration No. 6,618,721.

## Eleventh Affirmative Defense
(Failure to Mitigate)

23.   Plaintiff's claims are barred, in whole or in part, based on Plaintiff's failure to mitigate damages, to the extent any damages can be proven against Blush Bar and/or Yoder. For example, on information and belief, Plaintiff knew Defendant used "BEAUTY & THE BRNAD" in 2021 for mentoring services after Plaintiff's so-called 2019 first use date for the "THE BEAUTIES AND THE

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

BRANDS" yet Plaintiff waited until 2023 to file an action. As another example, Plaintiff failed to mark its claimed trademark and/or service mark with a "™" and/or "®" notice.

## Twelfth Affirmative Defense
(First Amendment)

24.     Plaintiff's claims are barred, in whole or in part, because Blush Bar and Yoder's conduct on which they are based is protected by the First Amendment to the United States Constitution.

## Thirteenth Affirmative Defense
(Good Faith)

25.     Defendants had no intent to infringe on Plaintiff's rights (if any) in connection with Plaintiff's claimed trademark.  For example, Defendants did not use Beauty and the Brand with the intention of deriving a benefit from Plaintiff's reputation (if any) because Defendants used Beauty & the Brand and variations thereof before Plaintiff used its claimed trademark in commerce and/or even adopted its claimed trademark. In fact, Plaintiff adopted its claimed trademark with the intention of deriving a benefit from Defendants. Consequently, Plaintiff intentionally ignored the potential for infringement, and thus, Plaintiff had the intent to infringe upon Defendants' common law rights regarding its use of variations of the Subject Mark.

### Intentionally Left Blank

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## **Fourteenth Affirmative Defense**
### (Fair Use)

26.     Plaintiff's claims are barred by the doctrine of descriptive fair use.

27.     For example, Defendants' use of variations of "beauty & the brand" was necessary to accurately describe the characteristics of the services being offered by Blush Bar in connection therewith. The "beauty & the brand" is used in a descriptive sense other than as a trademark, and Defendants did not intend to trade on the goodwill of Plaintiff by creating confusion as to the source of Blush Bar's services.

## **Fifteenth Affirmative Defense**
### (Priority)

28.     Plaintiff's claims are barred by priority.

29.     For example, Blush Bar is the senior user in Tampa Florida of "Beauty & the Brand" and variations thereof for mentoring services. Prior use of a trademark in a particular geographic area is a defense to a claim of infringement. Upon information and belief, Defendants' use of variations of "beauty & the brand" in that geographic area was more continuous than Plaintiff's use of "The Beauties and the Brands" since Defendants' use began.

30.     Further, Plaintiff's claims are barred because Plaintiff failed to obtain priority rights to enforce a descriptive mark before Defendants' alleged infringing use.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## Sixteenth Affirmative Defense
(Estoppel)

31.     Plaintiff's claims are barred by the doctrine of estoppel. For example, on information and belief, Plaintiff knew or had reason to know of Defendants' use of variations of "Beauty & the Brand" in 2019 as Haynes was in communications with Yoder about being a speaker at one of Yoder's mentoring services where a variation of "Beauty & the Brand" was used in connection therewith. Communications by Haynes caused Yoder to believe that Plaintiff would not pursue a claim against Defendants. Plaintiff intended for Defendants to act on Plaintiff's statements and conduct, which Defendants did by using variations of "Beauty & the Brand" with mentoring services, and Defendants had a right to believe that Plaintiff so intended. Additionally, Defendants did not reasonably believe that Plaintiff would pursue a claim against Defendants, and thus, Defendants was injured as a result of its reliance on Plaintiff's statements and conduct.

## Seventeenth Affirmative Defense
(Latches)

32.     Plaintiff's claims are barred by the doctrine of laches. Plaintiff delayed in asserting a claim and asserting its alleged rights, the delay was not excusable, and the delay caused undue prejudice to Defendants. For example, Plaintiff has been on notice of Defendant's use of variations of the Subject Mark since at least October 1, 2019 and waited until 2023 to assert a claim of its alleged trademark

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

rights. This delay was not excusable, but rather, this delay allowed Plaintiff ample time to file a U.S. trademark application on January 27, 2021. As a result, this unreasonable delay has caused undue prejudice to Defendants.

### Eighteenth Affirmative Defense
(Generic)

33.     Plaintiffs' claims are barred in whole or in part because "THE BEAUTIES AND THE BRANDS" is a generic mark with respect to Plaintiff's services offered of assisting people to build a brand. For example, the trademark is generic because the relevant purchasing public understands primarily as the common or class name for the goods or services. Further, the mark is generic because the primary significance to the relevant public is the class or category of goods or services on or in connection with which it is used. Plaintiff uses the Subject Mark for services of helping people build a brand. According to the Merriam-Webster Dictionary, the term "brand" is defined as follows: "a public image, reputation, or identity conceived of as something to be marketed or promoted." *See* https://www.merriam-webster.com/dictionary/brand.   The relevant public understands the term "brands" from "The Beauties and The Brands" to be generic for the claimed service of the mark: helping individuals build a brand. Thus, Plaintiff's trademark and/or service mark "The Beauties and The Brands" mark is unprotectable because it is invalid, unenforceable, and/or unprotectable.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

### THE BLUSH BAR TAMPA, LLC'S AMENDED COUNTERCLAIM
### AND DEMAND FOR JURY TRIAL

Counter-Plaintiff, The Blush Bar Tampa, LLC ("**Blush Bar**" or "**Counter-Plaintiff**"), hereby files its Amended Counterclaim against The Beauties and the Brands, LLC ("**Counter-Defendant**") and Demand for Jury Trial, and in support thereof, Blush Bar states the following:

### NATURE OF THE ACTION

1.      This is an action for a declaratory judgment arising from Defendant's allegations that Blush Bar infringed a service mark.

2.      In reality, the Counter-Defendant's use of the "The Beauties and The Brand" mark (the "**Subject Mark**") is generic and/or merely descriptive of services provided by Counter-Defendant – i.e., assisting so-called 'beauties' to build a brand (the so-called offered "**Services**"). Nothing about the Subject Mark warrants trademark protection under the law, as Counter-Defendant fails to show that the Subject Mark is inherently distinctive. Further, Counter-Defendant's use of the Subject Mark amounts to mere token use. Finally, upon information and belief, despite filing a Trademark Act Section 1(a) application for the Subject Mark, Counter-Defendant does not use the Subject Mark in *interstate commerce* for all services claimed in the Subject Mark's U.S. trademark application.

3.      Accordingly, the Blush Bar seeks declarations that: **(1)** Counter-Defendant lacks any protectable trademark rights in the Subject Mark under

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

federal law due to trademark invalidity; **(2)** Counter-Defendant lacks any protectable trademark rights under Florida law due to trademark invalidity; **(3)** Counter-Plaintiff's use of "Beauties and The Brand" or variations or components thereof does not amount to trademark infringement or unfair competition under federal law, and does not otherwise violate any provisions of 15 U.S.C. §§ 1114, and 1125 of the Lanham Act; **(4)** Counter-Plaintiff's use of "Beauties and the Brand" or variations or components thereof does not amount to trademark infringement or unfair competition under Florida law; and **(5)** Counter-Defendant's U.S. trademark registration should be cancelled on the principal registrar because the Subject Mark is generic, merely descriptive and not inherently distinct, and/or procured through fraud on the United States Patent and Trademark Office (USPTO).

## **THE PARTIES**

4.     Blush Bar is a Florida Limited Liability Company with its principal place of business located at 9250 Bay Plaza Blvd., Suite 311, Tampa, Florida 33619.

5.     Upon information and belief, Counter-Defendant is a Florida Limited Liability Company with its principal place of business located at 13546 Wild Ginger Street, Riverview, Florida, 33579.

6.     Upon information and belief, Counter-Defendant was formed in January 2021, with Terika Haynes listed as the owner, manager, and authorized member of the company, as filed in January 2021.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2202 to declare the rights of any party seeking a declaration, and subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, because this action arises from Counter-Defendant's claim that Blush Bar's use of BEAUTY & THE BRAND or variations or components thereof infringe Counter-Defendant's purported federal and common law trademark rights. The Court also has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

8.     The Court has personal jurisdiction over Counter-Defendant because upon information and belief it resides in the Middle District of Florida and in Hillsborough County.

9.     The Court has general personal jurisdiction over Counter-Defendant because Counter-Defendant is incorporated in the State of Florida. The Court also has personal jurisdiction over Counter-Defendant under Fla. Stat. §48.193(1)(a) because Counter-Defendant resides in this State and/or is operating, conducting, engaging in, or carrying on a business or business venture in this state. Upon information and belief, Counter-Defendant primarily does business and has sufficient contacts within the Middle District of Florida.

10.    Counter-Defendant has availed itself to this Court in that, *inter alia*, it has filed the lawsuit *The Beauties and the Brands, LLC v. The Blush Bar Tampa,*

*LLC*, *et. al.*, Case No. 8:23-cv-821, in the Middle District of Florida seeking the protections of this Court (the "**Lawsuit**").

11.     Venue is proper in this District under 28 U.S.C. §1391(b)(1) because Counter-Defendant resides within the Middle District of Florida.

12.     Venue is proper in this Division under Local Rule 1.04(a) and (b) because the county with which this action is most directly connected is Hillsborough County.

## FACTUAL BACKGROUND

## I.     Counter-Plaintiff: Blush Bar

13.     Blush Bar operates a spa and beauty care business in Tampa, Florida that provides facial treatment, body care, and beauty care services.

14.     Blush Bar began offering one-on-one mentoring sessions to aspiring estheticians and other individuals in the spa and skin care industry to help coach them in the business and marketing side of the industry.

15.     In 2023, Blush Bar used the phrase BEAUTY & THE BRAND with advertising its one-on-one mentoring sessions. It is this use of BEAUTY & THE BRAND which gave rise to Counter-Defendant filing the Lawsuit against Blush Bar.

16.     Blush Bar used the phrase BEAUTY & THE BRAND in good faith because it was previously used on several occasions by Blush Bar's owner, Ms.

Aicha Yoder, in connection with similar mentoring and group events for which Ms. Yoder offered to aspiring individuals.

17.     For example, in or around April of 2017, Yoder began using the phrase BEAUTY & THE BRAND BOOTCAMP when advertising a bootcamp for mentoring sessions in Tampa, Florida.

18.     Thereafter, and with the intent to continue using BEAUTY & THE BRAND, in or around March of 2018, Yoder used the phrase BYOB BEAUTY AND BRAND BRUNCH with advertising a brunch for coaching services to persons in the spa and skin care industries.

19.     Again, in or around May of 2019, Yoder used BEAUTY AND BRAND with advertising a bootcamp for mentoring services.

20.     In 2020, Yoder formed Blush Bar, but due to the COVID-19 pandemic, Blush Bar did not offer mentoring services with BEAUTY AND BRAND. However, Blush Bar had the intent to continuing using BEAUTY AND BRAND.

21.     In or around January of 2021, Blush Bar resumed use of BEAUTY & THE BRAND with advertising a similar masterclass.

22.     Yoder and Blush Bar's use of the phrases, BEAUTY & THE BRAND BOOTCAMP, BYOB BEAUTY AND BRAND BRUNCH, BEAUTY AND BRAND, and BEAUTY & THE BRAND are the legal equivalents of the phrase, BEAUTY & THE BRAND.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

23.     Indeed, the phrases, BEAUTY & THE BRAND BOOTCAMP, BYOB BEAUTY AND BRAND BRUNCH, BEAUTY AND BRAND, and BEAUTY & THE BRAND create the same and continuing commercial impression of the phrase BEAUTY & THE BRAND such that relevant consumers consider them to all be the same mark.

24.     Each version of the phrase, BEAUTY & THE BRAND BOOTCAMP, BYOB BEAUTY AND BRAND BRUNCH, BEAUTY AND BRAND, and BEAUTY & THE BRAND are not materially different, nor do they alter the character or commercial impression of the phrase, BEAUTY & THE BRAND.

25.     By advertising BEAUTY & THE BRAND with mentoring-related services, Yoder and Blush Bar began developing Florida common law rights to use "BEAUTY & THE BRAND" in good faith with such services.

## II.     Counter-Defendant: The Beauties and The Brands, LLC

26.     Upon information and belief, formed in January 2021, Counter-Defendant is engaged in providing opportunities for start-ups to grow their brand.

27.     Upon information and belief, Counter-Defendant has alleged to put on "vision board" parties to help start-ups build their brand.

28.     Upon information and belief, Counter-Defendant has little-to-no sales to show for these vision board parties it claims to host.

29.     Counter-Defendant has alleged that it markets and promotes the Subject Mark through social media and magazines.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

30.    Counter-Defendant, however, only has around 949 followers on Instagram, has little social media reach, and the last post on this Instagram account is from February 17, 2021. A true and correct copy of Counter-Defendant's Instagram account is shown below.



COLE, SCOTT & KISSANE, P.A.
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

31.     Accordingly, upon information and belief, Counter-Defendant has de minimis exposure and reach on social media channels.

**III.     The Subject Mark's Lack of Distinctiveness**

32.     Counter-Defendant's Subject Mark is generic of the services provided: helping individuals to build a brand.

33.     Indeed, Counter-Defendant targets individuals looking to learn on how to build their brand, and Counter-Defendant refers to these individuals as "beauties." A true and correct copy of one of Counter-Defendant's Instagram posts referring to her potential customers as "beauties" is shown below:

**Intentionally Left Blank**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX



34.    Upon information and belief, Counter-Defendant's relevant public and target audience identify themselves as "beauties."

35. As a result, Counter-Defendant is using the Subject Mark to attract these so-called "beauties" to attend Counter-Defendant's vision board parties in order to help these "beauties" build their "brands."

36. Alternatively, Counter-Defendant uses the Subject Mark descriptively because Counter-Defendant targets "beauties with a brand." Indeed, Counter-Defendant's use of the Subject Mark is merely descriptive of the function, features, purposes, uses, qualities, and/or characteristics of the services provided by Counter-Defendant.

37. The primary significance of the Subject Mark to the relevant public is the category of services provided under the Subject Mark: helping individuals build their brands.

38. Thus, Counter-Defendant's use of the Subject Mark is a generic and/or merely descriptive (without secondary meaning) designation for the brand building services offered by Counter-Defendant.

39. Upon information and belief, third-party usage of similar variations of "beauties" and "brands" and similar terms exist in abundance.

40. Upon information and belief, term(s) comprising the word "beauties" and/or "brands" are commonly used in the beauty-related services and in the brand-building services to describe products and services in generic or merely descriptive contexts, and such terms including "beauties" and "brand" have been

widely and extensively used by third parties across the entire spectrum of beauty and brand services.

41.     Upon information and belief, this third-party usage extends to other individuals and/or businesses describing their services by using the same or similar words of "beauties" and "brand."

42.     Upon information and belief, third parties offer and sell competing or related products or services that use "beauties" and "brand," or variations thereof, without any restrictions, enforcement efforts, or quality control by the Counter-Defendant.

43.     Upon information and belief, Counter-Defendant engages in minimal promotion of the Subject Mark.

44.     Upon information and belief, Counter-Defendant's Subject Mark has received de minimis media coverage.

45.     Upon information and belief, Counter-Defendant has merely offered its services on very few and sporadic occasions.

46.     Upon information and belief, Counter-Defendant's sale of services in connection with Subject Mark are low.

47.     Moreover, Counter-Defendant has not garnered substantial sales from its services provided under the Subject Mark due to its inconsistent promotion and sporadic use of the Subject Mark.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

48.     Upon information and belief, Counter-Defendant does not sell any product that is labeled "BEAUTIES AND THE BRAND."

49.     As a result, Counter-Defendant use of the Subject Mark is not inherently distinct in that it does not have secondary meaning.

50.     As a result, Counter-Defendant has not created any substantial goodwill in connection with the Subject Mark, nor has Counter-Defendant developed any significant brand recognition of the Subject Mark.

## IV.   Counter-Defendant's U.S. Trademark Application for the Subject Mark

51.     On January 27, 2021, Counter-Defendant filed a federal trademark application through the United States Patent and Trademark Office for the phrase, "THE BEAUTIES AND THE BRANDS" (the "**January 27, 2021 Application**").

52.     A true and accurate copy of the January 27, 2021 Application is attached hereto and incorporated herein as **Exhibit "1"**.

53.     In this trademark application, Counter-Defendant claimed that January 1, 2019, was the first date that Counter-Defendant started using "THE BEAUTIES AND THE BRANDS" mark ("Counter-Defendant's Mark") in commerce. A true and correct copy of the federal trademark registration for THE BEAUTIES AND THE BRANDS with the listed first use in commerce date is shown below.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX



54.     However, prior to filing the January 27, 2021 Application, Counter-Defendant was aware that the Blush Bar had advertised specific services using BEAUTY & THE BRAND or variations thereof.

55.     For example, on October 1, 2019, Aicha Yoder, under the Facebook name Aicha Ayana, created a Facebook post to invite women to speak at a "Beauty and Brand type event for Blush." A true and correct copy of the Facebook post is shown below:



56.     On that same day, October 1, 2019, Terika Haynes, the listed owner and manager of Counter-Defendant, Facebook messaged Yoder looking to take part in the event held by the Blush Bar under the Subject Mark. A true and correct copy of the Facebook message is listed below:



57.    Accordingly, as of this date, October 1, 2019, Terika Haynes knew or should have known of Aicha Yoder's use of BEAUTY & THE BRAND (or variations thereof) with mentoring-related services.

58.     Counter-Defendant believed that if it filed a federal trademark application for Counter-Defendant's Subject Mark, Counter-Defendant could override the Blush Bar's rights to BEAUTY & THE BRAND, even though the Blush Bar began using BEAUTY & THE BRAND (or variations thereof) before Counter-Defendant.

59.     As part of the January 27, 2021 Application, Counter-Defendant swore, under penalty of perjury, that "[t]o the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemble as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

60.     When Counter-Defendant swore to this statement on January 27, 2021, Counter-Defendant knew the Blush Bar was advertising using BEAUTY & THE BRAND or variations thereof.

61.     When Counter-Defendant swore to this statement on January 27, 2021, Counter-Defendant knew the Blush Bar had previously advertised using BEAUTY & THE BRAND or variations thereof.

62.     When Counter-Defendant swore to this statement on January 27, 2021, Counter-Defendant believed BEAUTY & THE BRAND and Counter-Defendant's Subject Mark were substantially similar.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

63.     When Counter-Defendant swore to this statement on January 27, 2021, Counter-Defendant knew the Blush Bar believed BEAUTY & THE BRAND and Counter-Defendant's Subject Mark were substantially similar.

64.     When Counter-Defendant swore to this statement on January 27, 2021, Counter-Defendant believed the Blush Bar could obtain a federal trademark registration for the Subject Mark.

65.     Counter-Defendant submitted the January 27, 2021 Application in an attempt to trump the Blush Bar's common law rights to use BEAUTY & THE BRAND in Florida.

66.     However, upon information and belief, Counter-Defendant failed to use all services stated in the January 27, 2021 Application at the time it filed its Section 1(a) trademark application.

67.     Specifically, in Counter-Defendant's January 27, 2021 Application, Counter-Defendant listed the following services as services that were presently being offered under the Subject Mark by Counter-Defendant as early as January 1, 2019:

1. Arranging and conducting of educational conferences in the field of building a brand;

2. Conducting workshops and seminars in personal awareness;

3. Conducting workshops and seminars in self awareness;

4. Conducting educational exhibitions in the nature of workshops, webinars, and seminars in the field of building a brand;

5. Educational services, namely, conducting seminars, lectures, teleseminars, teleclasses, and workshops in personal awareness; and

6. Special event planning for social entertainment purpose.

68.  Upon information and belief, as of the date Counter-Defendant filed its Section 1(a) trademark application, Counter-Defendant had not used all the services listed in its January 27, 2021 Application.

69.  Upon information and belief, Counter-Defendant does not currently offer or provide all of the services listed under its Section 1(a) trademark application.

70.  Upon information and belief, Counter-Defendant's use of the Subject Mark only rises to the level of mere token use because of Counter-Defendant's insufficient use of the Subject Mark in connection with all stated services and does not suffice to establish actual consistent use in commerce.

**Intentionally Left Blank**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## V.     The Controversy Between the Parties

71.     On April 14, 2023, Counter-Defendant filed a lawsuit[1] demanding Blush Bar be enjoined from using BEAUTY & THE BRAND and claiming Blush Bar's use of BEAUTY & THE BRAND infringed Counter-Defendant's alleged federal and Florida service mark rights in THE BEAUTIES AND THE BRANDS.

72.     Blush Bar denies that its use of BEAUTY & THE BRAND (or variations or components thereof) infringe, unfair competes with, dilutes, or violates Counter-Defendant's alleged rights in THE BEAUTIES AND THE BRANDS, or any other variations that are used by the Counter-Defendant.

73.     Blush Bar denies that it has engaged in any wrongful conduct.

74.     As stated further herein, the beauty-service industry uses "beauty" and/or "beauties" as a standard reference to describe services offered or to use in generic context.

75.     Similarly, it is common for business and/or brand mentoring services to use "brands" to describe services offered or to use in generic contexts.

76.     Counter-Defendant's allegations of trademark infringement, false designation of origin, unfair competition, and violation of FDUPTA adversely affect Blush Bar and will continue to adversely affect it because it will be in doubt

---

[1] Counter-Defendant filed the lawsuit (the "Lawsuit") *The Beauties and the Brands, LLC v. The Blush Bar Tampa, LLC, et. al.*, Case No. 8:23-cv-821, alleging federal and Florida common law trademark infringement, false designation of origin, and unfair competition, and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). A copy of Counter-Defendant's Amended Complaint [DE 32] is attached hereto as **Exhibit 2**.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

as to its rights to continue using BEAUTY & THE BRAND or variations or components thereof on and in connection with its services in Florida and elsewhere, until this Court makes a determination as to Blush Bar's rights, and as to the alleged rights that have been asserted by the Counter-Defendant in its communications with Blush Bar and its Lawsuit.

77.    Counter-Defendant's allegations of trademark infringement and threat of litigation in the Lawsuit have created a real, reasonable, and immediate apprehension on the part of Blush Bar that Counter-Defendant will pursue its Lawsuit asserting claims against Blush Bar for trademark infringement, false designation of origin, and unfair competition.

78.    The parties are uncertain as to the legal effect of Counter-Plaintiff's pre-existing use of BEAUTY & THE BRAND, and what legal implications that has on Counter-Defendant's Subject Mark.  Moreover, Blush Bar is uncertain as to the legal effect of Counter-Defendant's generic mark and/or merely descriptive mark without secondary meaning, and whether the Subject Mark is protectable and enforceable against Blush Bar under law.

79.    Counter-Defendant's allegations of trademark infringement, false designation of origin and unfair competition create an actual and justiciable controversy regarding Blush Bar's rights to use BEAUTY & THE BRAND or variations or components thereof. In order to resolve the issues raised by Counter-Defendant and to afford relief from the uncertainty and controversy that Counter-

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Defendant's allegations have created, Blush Bar is entitled to a declaratory judgment under 28 U.S.C. §§ 2201 *et. seq.*

80.    Declaratory relief here would clarify and settle the legal issues in dispute and would afford relief from the uncertainty, insecurity and controversy giving rise to this action.

**COUNT ONE**
**DECLARATORY JUDGMENT OF**
**NON-VIOLATION OF 15 U.S.C. § 1114**
**(DUE TO COUNTER-DEFENDANT'S LACK OF PROTECTABLE**
**TRADEMARK RIGHTS – FAILURE TO FUNCTION AS A MARK OR**
**INVALID BECAUSE DESCRIPTIVE)**

81.    The allegations described in paragraphs 1 through 80, above, are hereby reincorporated and realleged herein.

82.    Counter-Plaintiff seeks a declaration of non-violation of 15 U.S.C. § 1114(1), because Counter-Defendant's THE BEAUTIES AND THE BRANDS mark fails to function as a service mark or is merely descriptive with respect to the services offered of assisting people to build a brand.

83.    The Subject mark is merely descriptive because it describes the Counter-Defendant's goods or services.

84.    Counter-Defendant did not and cannot establish protectable rights in THE BEAUTIES AND THE BRANDS or variations thereof because THE BEAUTIES AND THE BRANDS fails to function as a mark or merely describes the characteristics of the services and/or individuals who speak on their respective brands in connection with the mark's alleged use.

85.    The Subject Mark is considered descriptive because it describes a quality, characteristic, function, feature, purpose, or use of the specified services.

86.   THE BEAUTIES AND THE BRANDS mark is used by Counter-Defendant for services identified as: "Arranging and conducting of educational conferences in the field of building a brand;" and "conducting educational exhibitions in the nature of workshops, webinars, and seminars in the field of building a brand."

87.   Counter-Defendant's THE BEAUTIES AND THE BRANDS mark merely describes the individuals who speak at the conferences and/or workshops "in the field of building a brand," as alleged in Counter-Defendant's services provided in connection with its Mark in its trademark registration.

88.   Therefore, as applied to Counter-Defendant's services, THE BEAUTIES AND THE BRANDS mark, taken as a whole, is merely descriptive of a characteristic of Counter-Defendant's services and the Counter-Defendant itself.

89.   Moreover, many other similar third parties exist containing the terms "beauties" and "brand" used together, and/or variations thereof, which is a consideration that is relevant to the determination of descriptiveness or genericness.

90.   Another consideration that is relevant to the determination of descriptiveness or genericness is the dictionary listing of a term. According to the Merriam-Webster Dictionary, the term "brand" is defined as follows: "a public

image, reputation, or identity conceived of as something to be marketed or promoted." *See* https://www.merriam-webster.com/dictionary/brand

91. Furthermore, the "THE BEAUTIES AND THE BRANDS" mark combines two or more descriptive terms — "beauties" and "brand." Significantly, this combination of descriptive terms does not evoke a new and unique commercial impression, and does not create a unitary mark with a nondescriptive meaning that has an incongruous meaning as applied to the services of the Subject Mark — "building a brand."

92. Also, the term "beauties" is merely descriptive because it identifies a group to whom the Counter-Defendant directs its goods or services.

93. As applied to THE BEAUTIES AND THE BRANDS, Counter-Defendant uses the term "Beauties" to identify the group of individuals to whom Counter-Defendant directs its services to. Consequently, these individuals, who the Counter-Defendant labels as "beauties" are the individuals who attend these "brand building" events.

94. Moreover, the mark, THE BEAUTIES AND THE BRANDS, merely identifies and describes the function or purpose of the claimed service of the Mark: "Arranging and conducting of educational conferences in the field of building a brand."

95. Additionally, Counter-Defendant's THE BEAUTIES AND THE BRANDS mark lacks any secondary meaning, and/or has not acquired

distinctiveness at any time, much less prior to when Counter-Defendant alleges Blush Bar used BEAUTY & THE BRAND.

96.   Upon information and belief, THE BEAUTIES AND THE BRANDS mark has received de minimis media coverage and Counter-Defendant has done little to promote it and/or use THE BEAUTIES AND THE BRANDS mark in commerce.

97.   Upon information and belief, Counter-Defendant has relatively little-to-no-sales regarding any services provided in connection with its THE BEAUTIES AND THE BRANDS mark.

98.   Counter-Defendant cannot establish that THE BEAUTIES AND THE BRANDS mark has achieved the requisite secondary meaning among consumers who purchase tickets and/or sign up for the alleged services Counter-Defendant offers under THE BEAUTIES AND THE BRANDS mark.

99.   Counter-Defendant's use of THE BEAUTIES AND THE BRANDS mark also does not identify the source of the product. Instead, it identifies the primary characteristics of the alleged services offered under the mark.

100. Therefore, Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is unprotectable and unenforceable under federal law because it is invalid, unenforceable, and/or unprotectable, and was invalid, unenforceable, and/or unprotectable at the time Counter-Defendant alleges that Counter-Plaintiff first used BEAUTY & THE BRAND.

101.    Accordingly, Counter-Plaintiff's use of the Subject Mark does not violate any provision of 15 U.S.C. § 1114(1).

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, requests that it be granted the relief sought in its Prayer for Relief below.

**COUNT TWO**
**DECLARATORY JUDGMENT OF**
**NON-VIOLATION OF 15 U.S.C. § 1114**
**(DUE TO COUNTER-DEFENDANT'S LACK OF PROTECTABLE**
**TRADEMARK RIGHTS – FAILURE TO FUNCTION AS A MARK OR**
**INVALID BECAUSE GENERIC)**

102.    The allegations described in paragraphs 1 through 80, above, are hereby reincorporated and realleged herein.

103.    Counter-Plaintiff seeks a declaration of non-violation of 15 U.S.C. § 1114(1) because Counter-Defendant's THE BEAUTIES AND THE BRANDS registered trademark fails to function as a mark or is generic with respect to the services offered of assisting people to build a brand.

104.    Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is a generic designation for the services offered by Counter-Defendant.

105.    The terms "beauties" and "brands" are generic terms because the relevant purchasing public understands these terms as the common or class name for the goods or services.

106.    The Subject Mark is generic because its primary significance to the relevant public is the class or category of goods or services on or in connection with which it is used.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

107.    THE BEAUTIES AND THE BRANDS mark is used for services of helping people build a brand.

108.    According to the Merriam-Webster Dictionary, the term "brand" is defined as follows: "a public image, reputation, or identity conceived of as something to be marketed or promoted." *See* https://www.merriam-webster.com/dictionary/brand.

109.    The relevant public understands the term "brands" from the Subject Mark "THE BEAUTIES AND THE BRANDS" to be generic for the claimed service of the mark: helping people build a brand. Further, the relevant public understands the term "brands" from the Subject Mark "THE BEAUTIES AND THE BRANDS" to be generic for the claimed service of the mark: "Arranging and conducting of educational conferences in the field of building a brand."

110.    Moreover, many other similar third parties exist containing the terms "beauties" and "brands" used together, and/or variations thereof, which is a consideration that is relevant to the determination of descriptiveness or genericness.

111. Therefore, as applied to Counter-Defendant's services, THE BEAUTIES AND THE BRANDS mark is generic because the relevant public understands the terms contained in the Subject Mark to refer to the genus of services offered with the Subject Mark.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

112. Consequently, Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is unprotectable under federal law because it is invalid, unenforceable, and/or unprotectable.

113. Accordingly, Counter-Plaintiff does not violate any provision of 15 U.S.C. § 1114(1).

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, requests that it be granted the relief sought in its Prayer for Relief below.

**COUNT THREE**
**DECLARATORY JUDGMENT OF**
**NON-VIOLATION OF 15 U.S.C. § 1125**
**(DUE TO COUNTER-DEFENDANT'S LACK OF PROTECTABLE**
**TRADEMARK RIGHTS-FAILURE TO FUNCTION AS A MARK OR**
**INVALID BECAUSE DESCRIPTIVE)**

114. The allegations described in paragraphs 1 through 80, above, are hereby reincorporated and realleged herein.

115. Counter-Plaintiff seeks a declaration of non-violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125, because Counter-Defendant's THE BEAUTIES AND THE BRANDS mark fails to function as a service mark or is merely descriptive with respect to the services offered of assisting people to build a brand.

116. The Subject mark is merely descriptive because it describes the Counter-Defendant's goods or services.

117. Counter-Defendant did not and cannot establish protectable rights in THE BEAUTIES AND THE BRANDS mark or variations thereof because THE BEAUTIES AND THE BRANDS mark fails to function as a mark or merely

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

describes the characteristics of the individuals who speak on their respective brands in connection with the mark's alleged use.

118.   The Subject Mark is considered descriptive because it describes a quality, characteristic, function, feature, purpose, or use of the specified services.

119.   THE BEAUTIES AND THE BRANDS mark is used for services identified as: "Arranging and conducting of educational conferences in the field of building a brand;" and "conducting educational exhibitions in the nature of workshops, webinars, and seminars in the field of building a brand."

120.   Counter-Defendant's THE BEAUTIES AND THE BRANDS mark merely describes the individuals who speak at the conferences and/or workshops "in the field of building a brand," as alleged in Counter-Defendant's services provided in connection with the Subject Mark.

121.   Therefore, as applied to Counter-Defendant's services, THE BEAUTIES AND THE BRANDS mark, taken as a whole, is merely descriptive of a characteristic of Counter-Defendant's services and the Counter-Defendant itself.

122.   Moreover, many other similar third parties exist containing the terms "beauties" and "brand" used together, and/or variations thereof, which is a consideration that is relevant to the determination of descriptiveness or genericness.

123.   Another consideration that is relevant to the determination of descriptiveness or genericness is the dictionary listing of a term. According to the

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Merriam-Webster Dictionary, the term "brand" is defined as follows: "a public image, reputation, or identity conceived of as something to be marketed or promoted." *See* https://www.merriam-webster.com/dictionary/brand

124. Furthermore, the "THE BEAUTIES AND THE BRANDS" mark combines two or more descriptive terms — "beauties" and "brand." Significantly, this combination of descriptive terms does not evoke a new and unique commercial impression, and does not create a unitary mark with a nondescriptive meaning that has an incongruous meaning as applied to the services of the Subject Mark — "building a brand."

125. Also, the term "beauties" is merely descriptive because it identifies a group to whom the Counter-Defendant directs its goods or services.

126. As applied to THE BEAUTIES AND THE BRANDS, Counter-Defendant uses the term "beauties" to identify the group of individuals to whom Counter-Defendant directs its services to. Consequently, these individuals, who the Counter-Defendant labels as "beauties" are the individuals who attend these "brand building" events.

127. The mark, THE BEAUTIES AND THE BRANDS, merely identifies and describes the function or purpose of the claimed service of the Subject Mark: helping people build a brand. Moreover, the Subject Mark merely identifies and describes the function or purpose of the claimed service: "Arranging and conducting of educational conferences in the field of building a brand."

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

128. Additionally, Counter-Defendant's THE BEAUTIES AND THE BRANDS mark lacks any secondary meaning, and/or has not acquired distinctiveness at any time, much less prior to when Counter-Defendant alleges Counter-Plaintiff used BEAUTY & THE BRAND.

129. Upon information and belief, THE BEAUTIES AND THE BRANDS mark has received de minimis media coverage and Counter-Defendant has done little to promote it and/or use THE BEAUTIES AND THE BRANDS mark in commerce.

130. Upon information and belief, Counter-Defendant has relatively little-to-no-sales regarding any services provided in connection with its THE BEAUTIES AND THE BRANDS mark.

131. Counter-Defendant cannot establish that THE BEAUTIES AND THE BRANDS mark has achieved the requisite secondary meaning among consumers who purchase tickets and/or sign up for the alleged services Counter-Defendant offers under THE BEAUTIES AND THE BRANDS mark.

132. Counter-Defendant's use of THE BEAUTIES AND THE BRANDS mark also does not identify the source of the product or services. Instead, it identifies the primary characteristics of the alleged services offered under the mark.

133. Therefore, Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is unprotectable and unenforceable under federal law because it is invalid,

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

unenforceable, and/or unprotectable, and was invalid, unenforceable, and/or unprotectable at the time Counter-Defendant alleges that Counter-Plaintiff first used BEAUTY & THE BRAND.

134. Accordingly, Counter-Plaintiff's use of the Subject Mark does not violate any provision of 15 U.S.C. § 1125.

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, requests that it be granted the relief sought in its Prayer for Relief below.

**COUNT FOUR**
**DECLARATORY JUDGMENT OF**
**NON-VIOLATION OF 15 U.S.C. § 1125**
**(DUE TO COUNTER-DEFENDANT'S LACK OF PROTECTABLE**
**TRADEMARK RIGHTS – FAILURE TO FUNCTION AS A MARK OR**
**INVALID BECAUSE GENERIC)**

135.     The allegations described in paragraphs 1 through 80, above, are hereby reincorporated and realleged herein.

136.     Counter-Plaintiff seeks a declaration of non-violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125 because Counter-Defendant's THE BEAUTIES AND THE BRANDS service mark fails to function as a mark or is generic with respect to the services offered of assisting people to build a brand.

137.     Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is a generic designation for the services offered by Counter-Defendant.

138.     The terms "beauties" and "brands" are generic terms because the relevant purchasing public understands these terms as the common or class name for the goods or services.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

139.     The Subject Mark is generic because its primary significance to the relevant public is the class or category of goods or services on or in connection with which it is used.

140.     THE BEAUTIES AND THE BRANDS mark is used for services of helping people build a brand.

141.According to the Merriam-Webster Dictionary, the term "brand" is defined as follows: "a public image, reputation, or identity conceived of as something to be marketed or promoted." *See* https://www.merriam-webster.com/dictionary/brand.

142.     The relevant public understands the term "brands" from the Subject Mark "THE BEAUTIES AND THE BRANDS" to be generic for the service offered in connection with the mark: helping people build a brand. Further, the relevant public understands the term "brands" from the Subject Mark "THE BEAUTIES AND THE BRANDS" to be generic for the claimed service of the mark: "Arranging and conducting of educational conferences in the field of building a brand."

143.     Moreover, many other similar third parties exist containing the terms "beauty" and "brand" used together, and/or variations thereof, which is a consideration that is relevant to the determination of descriptiveness or genericness.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

144.     Therefore, as applied to Counter-Defendant's services, THE BEAUTIES AND THE BRANDS mark is generic because the relevant public understands the terms contained in the Subject Mark to refer to the genus of services offered by the Subject Mark.

145.     Consequently, Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is unprotectable under federal law because it is invalid, unenforceable, and/or unprotectable.

146.     Accordingly, Counter-Plaintiff does not violate any provision of 15 U.S.C. § 1125.

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, requests that it be granted the relief sought in its Prayer for Relief below.

## COUNT FIVE
## DECLARATORY JUDGMENT OF
## NON-VIOLATION OF FLORIDA LAW
## (DUE TO COUNTER-DEFENDANT'S LACK OF PROTECTABLE TRADEMARK RIGHTS — FAILURE TO FUNCTION AS A MARK OR INVALID BECAUSE DECRIPTIVE)

147.     The allegations described in paragraphs 1 through 80, above, are hereby reincorporated and realleged herein.

148. Counter-Plaintiff seeks a declaration of non-violation of Florida law because Counter-Defendant's THE BEAUTIES AND THE BRANDS service mark fails to function as a mark or is merely descriptive with respect to the services offered of helping people build a brand.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

149. The Subject mark is merely descriptive because it describes the Counter-Defendant's goods or services.

150. Counter-Defendant did not and cannot establish protectable rights in THE BEAUTIES AND THE BRANDS mark or variations thereof because THE BEAUTIES AND THE BRANDS mark fails to function as a mark or merely describes the characteristics of the individuals who speak on their respective brands in connection with the mark's alleged use.

151. The Subject Mark is considered descriptive because it describes a quality, characteristic, function, feature, purpose, or use of the specified services.

152. THE BEAUTIES AND THE BRANDS mark is used for services identified as: "Arranging and conducting of educational conferences in the field of building a brand;" and "conducting educational exhibitions in the nature of workshops, webinars, and seminars in the field of building a brand."

153. Counter-Defendant's THE BEAUTIES AND THE BRANDS mark merely describes the individuals who speak at the educational conferences and/or workshops "in the field of building a brand," as alleged in Counter-Defendant's services provided in connection with its Subject Mark.

154. Therefore, as applied to Counter-Defendant's services, THE BEAUTIES AND THE BRANDS mark, taken as a whole, is merely descriptive of a characteristic of Counter-Defendant's services and the Counter-Defendant itself.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

155.     Moreover, many other similar third parties exist containing the terms "beauties" and "brand" used together, and/or variations thereof, which is a consideration that is relevant to the determination of descriptiveness or genericness.

156.     Another consideration that is relevant to the determination of descriptiveness or genericness is the dictionary listing of a term. According to the Merriam-Webster Dictionary, the term "brand" is defined as follows: "a public image, reputation, or identity conceived of as something to be marketed or promoted." *See* https://www.merriam-webster.com/dictionary/brand

157. Furthermore, the Subject mark combines two or more descriptive terms — "beauties" and "brand." Significantly, this combination of descriptive terms does not evoke a new and unique commercial impression, and does not create a unitary mark with a nondescriptive meaning that has an incongruous meaning as applied to the services of the Subject mark — building a brand.

158.     Also, the term "beauties" is merely descriptive because it identifies a group to whom the Counter-Defendant directs its goods or services.

159.     As applied to THE BEAUTIES AND THE BRANDS mark, Counter-Defendant uses the term "beauties" to identify the group of individuals to whom Counter-Defendant directs its services to. Consequently, these individuals, who the Counter-Defendant labels as "beauties" are the individuals who attend these "brand building" events.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

160.    Moreover, the Subject Mark merely identifies and describes the function or purpose of the claimed service of the Mark: helping people build a brand.

161.Moreover, Counter-Defendant's THE BEAUTIES AND THE BRANDS mark lacks any secondary meaning, and/or has not acquired distinctiveness at any time much less prior to Counter-Defendant's allegations of Counter-Plaintiff's first use of BEAUTY & THE BRAND or variations thereof.

162.    Upon information and belief, THE BEAUTIES AND THE BRANDS has received de minimis media coverage and Counter-Defendant has done little to promote it and/or use THE BEAUTIES AND THE BRANDS mark.

163.    Upon information and belief, Counter-Defendant has relatively little-to-no-sales regarding any services provided in connection with its THE BEAUTIES AND THE BRANDS mark.

164.    Counter-Defendant cannot establish that THE BEAUTIES AND THE BRANDS mark has achieved the requisite secondary meaning among consumers who purchase tickets and/or sign up for the alleged services Counter-Defendant offers under THE BEAUTIES AND THE BRANDS mark.

165.    Counter-Defendant's use of THE BEAUTIES AND THE BRANDS mark also does not identify the source of the product or services. Instead, it identifies the primary characteristics of the alleged services offered under the mark.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

166.     Therefore, Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is unprotectable under Florida law because it is invalid, unenforceable, and/or unprotectable, and was invalid, unenforceable, and/or unprotectable at the time Counter-Plaintiff first used the Subject Mark.

167.     Accordingly, Counter-Plaintiff's use of the Subject Mark does not violate any Florida statutory or common law.

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, requests that it be granted the relief sought in its Prayer for Relief below.

## COUNT SIX
### DECLARATORY JUDGMENT OF
### NON-VIOLATION OF FLORIDA LAW
### (DUE TO COUNTER-DEFENDANT'S LACK OF PROTECTABLE COMMON LAW TRADEMARK RIGHTS — FAILURE TO FUNCTION AS A MARK OR INVALID BECAUSE GENERIC)

168.     The allegations described in paragraphs 1 through 80, above, are hereby reincorporated and realleged herein.

169.     Counter-Plaintiff seeks a declaration of non-violation of Florida law because Counter-Defendant's THE BEAUTIES AND THE BRANDS service mark fails to function as a mark or is generic with respect to the services offered of helping people build a brand.

170.     Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is a generic designation for the services offered by Counter-Defendant.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING · 9150 SOUTH DADELAND BOULEVARD · SUITE 1400 · P.O. BOX 569015 · MIAMI, FLORIDA 33256 · (305) 350-5300 · (305) 373-2294 FAX

171. The terms "beauties" and "brands" are generic terms because the relevant purchasing public understands these terms as the common or class name for the goods or services.

172. The Subject Mark is generic because its primary significance to the relevant public is the class or category of goods or services on or in connection with which it is used.

173. THE BEAUTIES AND THE BRANDS mark is used for services of helping people build a brand.

174. According to the Merriam-Webster Dictionary, the term "brand" is defined as follows: "a public image, reputation, or identity conceived of as something to be marketed or promoted." *See* https://www.merriam-webster.com/dictionary/brand.

175. The relevant public understands the term "brands" from the Subject Mark "THE BEAUTIES AND THE BRANDS" to be generic for the claimed service of the mark: helping people build a brand. Further, the relevant public understand the term "brands" from the Subject Mark to be generic of the claimed service: "Arranging and conducting of educational conferences in the field of building a brand."

176. Moreover, many other similar third parties exist containing the terms "beauties" and "brand" used together, and/or variations thereof, which is a

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

consideration that is relevant to the determination of descriptiveness or genericness.

177. Therefore, as applied to Counter-Defendant's services, THE BEAUTIES AND THE BRANDS mark is generic because the relevant public understands the terms contained in the Subject Mark to refer to the genus of services claimed in the Subject Mark's application.

178. Consequently, Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is unprotectable under Florida law because it is invalid, unenforceable, and/or unprotectable, and was invalid, unenforceable, and/or unprotectable at the time Counter-Plaintiff first used the Subject Mark.

179. Accordingly, Counter-Plaintiff's use of the Subject Mark does not violate any Florida statutory or common law.

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, requests that it be granted the relief sought in its Prayer for Relief below.

## COUNT SEVEN
## 15 U.S.C. §§ 1052(e)(1), 1064 and 1119 – CANCELLATION OF U.S. REGISTRATION NO. 6,618,721
## (Merely Descriptive and not Inherently Distinctive)

180. The allegations described in paragraphs 1 through 80, above, are hereby reincorporated and realleged herein.

181. Counter-Plaintiff seeks the cancellation of U.S. Registration 6,618,721 for all of the claimed services pursuant to 15 U.S.C. Sections 1052(e)(1), 1064 and 1119 for the reasons stated herein.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

182. Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is merely descriptive of the services covered by U.S. Registration 6,618,721 and lacked acquired distinctiveness as of the registration date.

183. The Subject mark is merely descriptive because it describes the Counter-Defendant's goods or services.

184. The Subject Mark is considered descriptive because it describes a quality, characteristic, function, feature, purpose, or use of the specified services.

185. THE BEAUTIES AND THE BRANDS mark is used for services identified as: "Arranging and conducting of educational conferences in the field of building a brand.

186. Counter-Defendant's THE BEAUTIES AND THE BRANDS mark merely describes the individuals who speak at the educational conferences and/or workshops "in the field of building a brand," as alleged in Counter-Defendant's services provided in connection with its Mark in its trademark registration.

187. Therefore, as applied to Counter-Defendant's services, THE BEAUTIES AND THE BRANDS mark, taken as a whole, is merely descriptive of a characteristic of Counter-Defendant's services and the Counter-Defendant itself.

188. Moreover, many other similar third-party registrations exist containing the terms "beauties" and "brand" used together, and/or variations thereof, which is a consideration that is relevant to the determination of descriptiveness or genericness.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

189. Another consideration that is relevant to the determination of descriptiveness or genericness is the dictionary listing of a term. According to the Merriam-Webster Dictionary, the term "brand" is defined as follows: "a public image, reputation, or identity conceived of as something to be marketed or promoted." *See* https://www.merriam-webster.com/dictionary/brand

190. Furthermore, the Subject Mark combines two or more descriptive terms — "beauties" and "brand." Significantly, this combination of descriptive terms does not evoke a new and unique commercial impression, and does not create a unitary mark with a nondescriptive meaning that has an incongruous meaning as applied to the services of the Subject Mark — building a brand.

191. Also, the term "beauties" is merely descriptive because it identifies a group to whom the Counter-Defendant directs its goods or services.

192. As applied to the Subject Mark, Counter-Defendant uses the term "beauties" to identify the group of individuals to whom Counter-Defendant directs its services to. Consequently, these individuals, who the Counter-Defendant labels as "beauties" are the individuals who attend these "brand building" events.

193. The Subject Mark, THE BEAUTIES AND THE BRANDS, merely identifies and describes the function or purpose of the claimed service of the mark: helping people build a brand. Moreover, the Subject Mark merely identifies and describes the function or purpose of the claimed service of the mark: "Arranging and conducting of educational conferences in the field of building a brand."

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

194. Additionally, upon information and belief, Counter-Defendant has provided little-to-no services in connection with THE BEAUTIES AND THE BRANDS mark.

195. Consequently, the consuming public associates the Subject Mark with the services covered by U.S. Registration 6,618,721, and the consuming public does not associate the Subject Mark with Counter-Defendant.

196. Moreover, upon information and belief, Counter-Defendant has not used the mark for an extended period of time, nor has Counter-Defendant used the Subject Mark in a consistent manner that is beyond mere token use because Counter-Defendant's use of the Subject Mark is sporadic.

197. Upon information and belief, Counter-Defendant has not extensively promoted its services provided under the Subject Mark, nor has Counter-Defendant exerted any effort to promote a conscious connection between the Subject Mark and its business.

198. Upon information and belief, the public does not recognize Counter-Defendant's services by the name of the Subject Mark.

199. Therefore, Counter-Defendant's U.S. Registration 6,618,721 has not acquired any secondary meaning and is merely descriptive of the services covered by the registration—seminars with individuals labeled as "beauties" speaking about their respective "brands."

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

200. Consequently, as the Subject Mark has not acquired any secondary meaning and is merely descriptive, the trademark registration should be canceled.

201. Pursuant to the Lanham Act, the Court has jurisdiction to order the USPTO to make appropriate entries on the Federal Register with respect to the cancellation of U.S. Registration 6,618,721 and Counter-Defendant's inability to establish use in commerce in connection with the Mark.

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, requests that it be granted the relief sought in its Prayer for Relief below.

## COUNT EIGHT
### 15 U.S.C. §§ 1064(3) and 1119 – CANCELLATION OF U.S. REGISTRATION NO. 6,618,721
### (Generic Mark)

202. The allegations described in paragraphs 1 through 80, above, are hereby reincorporated and realleged herein.

203. Counter-Plaintiff seeks the cancellation of U.S. Registration 6,618,721 for all of the claimed services pursuant to 15 U.S.C. Sections 1064(3) and 1119 for the reasons stated herein.

204. Counter-Defendant's THE BEAUTIES AND THE BRANDS mark is a generic designation for the services covered by the registration.

205. The terms "beauties" and "brands" are generic terms because the relevant purchasing public understands these terms as the common or class name for the goods or services.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

206. The Subject Mark is generic because its primary significance to the relevant public is the class or category of goods or services on or in connection with which it is used.

207. THE BEAUTIES AND THE BRANDS mark is used for services of helping people build a brand. Further, the Subject Mark is used for services identified as: "Arranging and conducting of educational conferences in the field of building a brand."

208. According to the Merriam-Webster Dictionary, the term "brand" is defined as follows: "a public image, reputation, or identity conceived of as something to be marketed or promoted." *See* https://www.merriam-webster.com/dictionary/brand.

209. The relevant public understands the term "brands" from the Subject Mark "THE BEAUTIES AND THE BRANDS" to be generic for the claimed service of the mark: helping people build a brand.

210. Therefore, as applied to Counter-Defendant's services, THE BEAUTIES AND THE BRANDS mark is generic because the relevant public understands the terms contained in the Subject Mark to refer to the genus of services claimed in the Subject Mark's application.

211. Consequently, as the Subject Mark is generic, the trademark registration should be canceled.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

212. Pursuant to the Lanham Act, the Court has jurisdiction to order the USPTO to make appropriate entries on the Federal Register with respect to the cancellation of U.S. Registration 6,618,721.

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, requests that it be granted the relief sought in its Prayer for Relief below.

## COUNT NINE
### 15 U.S.C. §§ 1051, 1064 and 1119 – CANCELLATION OF U.S. REGISTRATION NO. 6,618,721
### (Not in Use in Commerce- Mere Token Use)

213. The allegations described in paragraphs 1 through 80, above, are hereby reincorporated and realleged herein.

214. Counter-Plaintiff seeks the cancellation of U.S. Registration 6,618,721 for all of the claimed services pursuant to 15 U.S.C. Sections 1051, 1064 and 1119 for the reasons stated herein.

215. Upon information and belief, on January 27, 2021, the date of the filing of the federal trademark application for U.S. Registration 6,618,721, Counter-Defendant was not actually using the mark in commerce in connection with all the services listed in its federal trademark application.

216. Upon information and belief, Counter-Defendant did not actually use the mark in commerce for all the listed services on the date listed as the first use in commerce date on the federal trademark application for U.S. Registration 6,618,721—January 1, 2019.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

217. Upon information and belief, Counter-Defendant does not commercially use the U.S. Registration 6,618,721 mark in connection with all the services listed under U.S. Registration 6,618,721.

218. Therefore, Counter-Defendant has not established valid rights in the Subject Mark, as the Mark has not been used in genuine commercial transactions and the use has not been consistent nor continuous.

219. Mere "token use" of the trademark – use made solely to reserve rights in the trademark – is not enough to establish valid rights.

220. As part of the process of registering a trademark with the Patent and Trademark Office, Counter-Defendant swore under oath that it is using its trademark in commerce in connection with the services covered by Counter-Defendant's trademark application.

221. Consequently, as Counter-Defendant has not used the Subject Mark in commerce in connection with all of the services covered by Counter-Defendant's trademark application, the trademark registration should be canceled.

222. Pursuant to the Lanham Act, the Court has jurisdiction to order the USPTO to make appropriate entries on the Federal Register with respect to the cancellation of U.S. Registration 6,618,721 and Counter-Defendant's inability to establish use in commerce in connection with the Mark.

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, requests that it be granted the relief sought in its Prayer for Relief below.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

**COUNT TEN**
**15 U.S.C. §§ 1064 and 1119 – CANCELLATION OF U.S. REGISTRATION**
**NO. 6,618,721**
**(Fraud on USPTO - no actual commercial use)**

223. The allegations described in paragraphs 1 through 80, above, are hereby reincorporated and realleged herein.

224. Counter-Plaintiff seeks the cancellation of U.S. Registration 6,618,721 for all of the claimed services pursuant to 15 U.S.C. Sections 1064 and 1119 for the reasons stated herein.

225. More specifically, Counter-Plaintiff seeks the cancellation of U.S. Registration 6,618,721 under 15 U.S.C. § 1064(3) on the ground that the registration was procured and/or maintained through a fraudulent filing in the U.S. Patent and Trademark Office.

226. Counter-Defendant has committed fraud on the U.S. Patent and Trademark Office regarding the actual use in commerce of the mark, the first use in commerce date, and the lack of services that Counter-defendant actually offers in connection with the Mark from the list contained in U.S. Registration 6,618,721.

227. Upon information and belief, on January 27, 2021, the date of the filing of the federal trademark application for U.S. Registration 6,618,721, Counter-Defendant was not actually using the mark in commerce in connection with the services listed in its federal trademark application.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

228. Upon information and belief, Counter-Defendant did not actually use the mark in commerce on the date listed as the first use in commerce date on the federal trademark application for U.S. Registration 6,618,721—January 1, 2019.

229. Upon information and belief, Counter-Defendant does not commercially use the U.S. Registration 6,618,721 mark in connection with all the services listed under U.S. Registration 6,618,721.

230. Additionally, Counter-Defendant committed fraud on the U.S. Patent and Trademark Office through Counter-Defendant's intentional failure to identify the Blush Bar's pre-existing use of a variation of the Subject Mark.

231. As part of the process of registering a trademark with the Patent and Trademark Office, Counter-Defendant swore under oath that it was not aware of any pre-existing use of the Subject Mark. When Counter-Defendant submitted the January 27, 2021, Application, Counter-Defendant did not identify the Blush Bar's use of a variation of the Subject Mark.

232. Terika Haynes, a principal of Counter-Defendant, knew or should have known of Aicha Yoder's use of a variation of the Subject Mark.

233. Therefore, the January 27, 2021 Application contained a false or fraudulent declaration or representation, in writing, because Counter-Defendant intentionally failed to identify the Blush Bar's pre-existing use of a variation of the Subject Mark.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

234. Consequently, Counter-Defendant made a false representation of fact to the U.S. Patent and Trademark Office, the false representation was made with an intent to deceive, and the false representation was material in the sense that the U.S. Patent and Trademark Office would not have issued or maintained Counter-Defendant's registration in the absence of the false representation.

235. Counter-Defendant's registration was obtained from and/or has been maintained in, the U.S. Patent and Trademark Office through a false or fraudulent filing, and thus, U.S. Registration 6,618,721 should be cancelled.

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, requests that it be granted the relief sought in its Prayer for Relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Counter-Plaintiff, THE BLUSH BAR TAMPA, LLC, respectfully requests that this Court grant the following relief:

A. That this Court adjudicate and declare that Blush Bar's use of BEAUTY & THE BRAND or variations or components thereof does not violate federal law, including 15 U.S.C. §§ 1114 and 1125 of the Lanham Act because Defendant's THE BEAUTIES AND THE BRANDS fails to function as a mark, is generic, is merely descriptive, and/or because it did not acquire secondary meaning prior to Blush Bar's use of BEAUTY & THE BRAND or variations or components thereof;

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

B.  That this Court adjudicate and declare that Blush Bar's use of BEAUTY & THE BRAND or variations or components thereof does not violate Florida law because Counter-Defendant's THE BEAUTIES AND THE BRANDS fails to function as a mark, is generic, is merely descriptive, and/or because it did not acquire secondary meaning prior to Blush Bar's use of BEAUTY & THE BRAND or variations or components thereof;

C.  That this Court adjudicate and declare that Blush Bar's use of BEAUTY & THE BRAND or variations or components thereof does not constitute infringement, false designation of origin, or unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125 of the Lanham Act, because there is no likelihood of confusion, mistake, or deception with THE BEAUTIES AND THE BRANDS, and because Blush Bar has not committed any other acts proscribed by the statute;

D.  That this Court adjudicate and declare that Blush Bar's use of BEAUTY & THE BRAND or variations or components thereof does not constitute infringement, false designation of origin, or unfair competition in violation of Florida law, because there is no likelihood of confusion, mistake, or deception with THE BEAUTIES AND THE BRANDS;

E.  Declare that (i) the Subject mark and Registration Number 6,618,721 is generic, is merely descriptive, and/or holds no secondary meaning nor identifies the source of the product or service, and (ii) Counter-

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Defendant does not have exclusive rights to the term "THE BEAUTIES AND THE BRANDS" for conducting seminars, workshops, and/or conferences in the field of building a brand;

F. Declare that Counter-Defendant procured a trademark registration by fraud on the USPTO because it had not used the Registration Number 6,618,721 in commerce for all services listed therein at the time it filed its January 27, 2021 trademark application;

G. Declare that Counter-Defendant procured a trademark registration by fraud on the USPTO because it had knowledge of Blush Bar's use of a variation of the Subject Mark at the time it filed its January 27, 2021 trademark application;

H. That this Court enter Final Judgment cancelling Counter-Defendant's federal trademark, Registration Number 6,618,721, and directing the Director of the United States Patent and Trademark Office to remove such registration from the Principal Register; and

I. That the Counter-Defendant be awarded any other and further relief that this Court deems just and proper

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 4th day of January, 2024.

Ligon Law Group, LLC dba PrettySMART Law
PrettySMARTLaw@gmail.com
100 Biscayne Blvd. #1114
Miami, FL 33132
Tel. (888)-779-7426
PrettySMARTLaw@gmail.com
shannon@PrettySMARTLaw.com

s/ Shannon A. Ligon
Florida Bar No. 59191

COLE, SCOTT & KISSANE, P.A.
9150 South Dadeland Boulevard
Suite 1400
Miami, Florida 33256
Telephone: (786) 268-6752
Fax (305) 373-2294
Primary Email: justin.maya@csklegal.com
Secondary Email: nicholas.nashii@csklegal.com
Secondary Email: horacio.ruiz-lugo@csklegal.com
Alternate E-mail: ieshia.owens@csklegal.com

s/ Justin S. Maya
JUSTIN S. MAYA, ESQ.
Florida Bar No.: 126087
NICHOLAS M. NASH II, ESQ
Florida Bar No.: 1017063
HORACIO RUIZ-LUGO, ESQ.
Florida Bar No.:  1048967

*Counsel for Counter-Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January ___, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all parties of record:

**COLE, SCOTT & KISSANE, P.A.**
*Counsel for Counter-Plaintiff*
9150 South Dadeland Boulevard
Suite 1400
Miami, Florida 33256
Telephone: (786) 268-6752
Fax (305) 373-2294
Email: justin.maya@csklegal.com


s/Justin S. Maya
JUSTIN S. MAYA, ESQ.
Florida Bar No.: 126087


## <u>Service List</u>

STOKES LAW GROUP, PLLC
Shaunette Stokes, Esquire
shaunette@stokeslegalcounsel.com
**_Attorney for Counter-Defendant_**

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX